CLAUDIA G. SILVA, County Counsel (State Bar No. 167868)
By STEVEN P. INMAN, II, Senior Deputy (State Bar No. 227748)
    JENNIFER M. MARTIN, Senior Deputy (State Bar No. 322048)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619)884-2931; Fax: (619) 531-6005
E-mail: Steven.Inman@sdcounty.ca.gov

Attorneys for Defendant Luis Pena (erroneously sued as Luis Vena)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Robert Emert,<br><br>            Plaintiff,<br><br>v.<br><br>Luis Vena; Andrea Schuck; Matthew W. Cord; Patti C. Ratekin; David S. Schulman; Lorna A. Alksne; David J. Danielsen; Moore, Schulman and Moore; Robert Olague and Does 1-20 inclusive,<br><br>            Defendants. | NO. 23-CV-0230-RSH-AHG<br><br>**DEFENDANT LUIS PENA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>**[Fed.R.Civ.P., 12(b)(6)]**<br><br>Date: April 4, 2023<br>Courtroom: 3B<br>Judge: Hon. Robert S. Huie<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

## I.    INTRODUCTION

Defendant Luis Pena brings this Motion to Dismiss on multiple grounds.  Plaintiff Robert Emert's Complaint seeks the Court's intervention into his ongoing state court criminal prosecution.  Plaintiff's First Claim amounts to an appeal to this Court of a state court's bail order.  The Younger abstention doctrine applies in this scenario and precludes the relief Plaintiff seeks.

Plaintiff's Complaint also fails to meet federal pleading standards (*e.g.*, Rule 8 of the Federal Rules of Civil Procedure), and fails to state claims upon which relief can granted.  While Plaintiff's First Claim is for "declaratory relief on unreasonable bail," the

claim is asserted against all defendants, including Defendant Pena.  Complaint, Relief and Prayer at p. 29.  However, Defendant Pena can do nothing about Plaintiff's Bail amount even if Plaintiff prevailed on this claim.  Defendant Pena is an investigator, and bail is set by a judge.  No relief this Court grants against Defendant Pena could affect Plaintiff's bail, and no actual controversy exists between Plaintiff and Defendant Pena with respect to Plaintiff's bail (for purposes of the Declaratory Relief Act); therefore, Plaintiff has failed to state a claim upon which relief can be granted.

The only other claim against Defendant Pena, Plaintiff's Third Claim, likewise fails.  Both Plaintiff's First and Third claims are precluded by absolute prosecutorial immunity, and Plaintiff has not alleged sufficient facts to state a claim for conspiracy. He has not pleaded facts to show Defendant Pena conspired with others to deprive him of a constitutional right, or even to show that his constitutional rights were violated.  For these reasons, as more fully discussed below, the Court should grant this Motion to Dismiss.

## II.   SUMMARY OF FACTS

Plaintiff alleges the existence of judicial misconduct, conflicts of interest, and court hearings improperly held in his absence from September 30, 2021 to November 29, 2021, that resulted in a loss of his custodial rights as to his minor son, B.E.  Complaint at ¶ 21-32.  He asserts that between September 30, 2021 and the time of his arrest on January 3, 2023, for violation of California Penal Code section 287.5 ("maliciously depriv[ing] a lawful custodian of a right to custody, or a person of a right to visitation"), his son (B.E.) refused to return to his mother for fear that she would place him in foster care.  *Id*. at ¶ 33.

Plaintiff claims that during 2022 he worked with Steven McIntosh, an investigator at the District Attorney's Office, to resolve issues related to the accusations against him, but that Defendant Pena took over the investigator of the matter upon Mr. McIntosh's retirement.  *Id*. at ¶¶ 36-37.  Plaintiff alleges that Defendant Pena then coordinated with other defendants to have Plaintiff arrested.  *Id*.  Specifically, he alleges that Defendant Pena (1) fabricated evidence about Plaintiff withholding B.E. from Andrea Schuck; (2)

deliberately made false statements from an FBI source; and (3) falsified evidence that Plaintiff did not attempt to attend court hearings. *Id*. at ¶53.

Plaintiff alleges that "[a]lthough San Diego's bail schedule sets the bail amount around $50,000 based on the criminal complaint, Mr. Pena and Ms. Diaz [the Chief of the Family Protection Unit] recommended $1,000,000 bail." *Id*. at ¶ 41. Plaintiff asserts that this amount lacked objective reasonableness. At an unspecified later date, a judge then changed the $1,000,000 bail to no bail. *Id*. at ¶ 42. Plaintiff remains in custody awaiting trial in the ongoing criminal proceedings. See Defendant Luis Pena's Request for Judicial Notice.

## III.   PROCEDURAL POSTURE AND STANDARD FOR MOTION TO DISMISS

Plaintiff is a pretrial detainee that is currently housed in the Vista Detention Facility. He filed his Complaint on February 7, 2023. Defendant Luis Pena has not been properly served, but has nevertheless brought this Motion to Dismiss. Plaintiff is a pro per and was not reachable by phone to discuss the substance of this motion, though counsel for Defendant Pena did reach out to him via email and requested a call.

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion challenges the legal sufficiency of a complaint. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint may be dismissed if it lacks a cognizable legal theory, or lacks sufficient facts under a cognizable theory. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a motion to dismiss, a court must assume the truth of all factual allegations in the complaint and must construe them in the light most favorable to the non-moving party. *Gompper v. Visx, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). However, a complaint's allegations must show that the plaintiff is entitled to more than merely speculative relief. In fact, "some threshold of plausibility must be crossed at the outset" before a case can go forward. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). To meet this "facial plausibility" standard, a complaint must contain "factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires facts that are more than "merely consistent with" a defendant's liability.  *Id.*

In addition, vague and conclusory allegations concerning government involvement in civil rights violations are not sufficient to withstand a motion to dismiss.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  The complaint will not survive a rule 12(b)(6) motion "if it tenders naked assertions devoid of further factual enhancement" or if it contains a merely "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.

Additionally, "Rule 12(b)(6) must be read in conjunction with Rule 8(a) which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief."  *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1462, (C.D. Cal 1996). Under Rule 8(a)(2), a pleading "must" contain a "short and plain statement of the claim showing the pleader is entitled to relief…" Rule 8(d)(1)states that "[e]ach allegation must be simple, concise and direct."  A complaint that fails to comply with these requirements must be dismissed.

## IV.   ARGUMENT

## A.   The Younger Abstention Doctrine Precludes Plaintiff's First Claim.

Plaintiff's First Claim for "declaratory relief in regard to unreasonable bail" amounts to an appeal of state court orders regarding Plaintiff's bail amount in ongoing criminal proceedings.  Plaintiff's attempt to seek federal court intervention in ongoing state court proceedings is a textbook example of when federal courts apply the *Younger* abstention doctrine.  Indeed, other federal courts have applied the *Younger* doctrine in this same context.  *See e.g.*, *Robinson v. Sniff,* 2009 WL 1037716, at * 1 (C.D.Cal. Apr.17, 2009) (dismissing on *Younger* grounds pretrial detainee's petition for writ of habeas corpus alleging setting of excessive bail); *Sojourner v. Reed,* 2009 WL 762517, at *1 (N.D.Ga., Mar.20, 2009) (invoking abstention doctrine where state habeas petitioner

making an excessive bail claim); *Merrick v. Ornell,* 1997 WL 12128, at *1 (N.D.Cal., Jan.8, 1997) (invoking abstention doctrine where state habeas petitioner claiming that he was being held on excessive bail).

In *Younger v. Harris,* 401 U.S. 37, 91 (1971), the Supreme Court established that a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with ongoing state proceedings.  Abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that *Younger* disapproves. *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose,* 546 F.3d 1087, 1092 (9th Cir.2008); *AmerisourceBergen Corp. v. Roden,* 495 F.3d 1143, 1148–49 (9th Cir.2007).

Each of these elements are present here:  First, the prosecution for which Plaintiff's bail was set at $1,000,000 and later changed to "no bail" is ongoing.  The state court has scheduled trial in that matter to occur beginning on March 30, 2023.  Second, the state law criminal prosecution for violation of Penal Code section 287.5 ("maliciously depriv[ing] a lawful custodian of a right to custody, or a person of a right to visitation") implicates an important state interest.  *See Gilbertson v. Albright*, 381 F.3d 965, 977 (9th Cir. 2004) (holding that "judicial proceedings ... are the type of proceeding that does implicate an important state interest").  Third, "Plaintiff was permitted the opportunity to raise [his] federal constitutional claims before the California Superior Court, the California Court of Appeal, and the California Supreme Court. There is no suggestion that the state proceedings did not afford [Plaintiff] an adequate opportunity to assert the legal claims presented in [his Complaint]." *Lazarus v. Baca*, , 2010 WL 1006572, at *2 (C.D. Cal. Mar. 17, 2010), *aff'd*, 389 F. App'x 700 (9th Cir. 2010) (applying *Younger* to a petition for habeas corpus based on alleged excessive bail).  And fourth, Plaintiff's lawsuit "threatens to interfere with the state criminal proceedings in a manner that *Younger* disapproves by inserting federal courts into the ordinary course of state criminal

1  proceedings, with the attendant risk that [Plaintiff], if released on lower bail, may not

2  appear at trial"—or may flee elsewhere with his minor son.  *Id.*

3        As the district court observed in *Lazarus,* "It would violate the principles of comity

4  and federalism for the Court to intervene in [Plaintiff's] criminal proceedings and make

5  its own determination of the amount necessary to secure [his] appearance at trial."  *Id*. at

6  *3.  Plaintiff seeks equitable relief in regard to his bail, but the U.S. Supreme Court "has

7  recognized that the States' interest in administering their criminal justice systems free

8  from federal interference is one of the most powerful of the considerations that should

9  influence a court considering equitable types of relief."  *Kelly v. Robinson*, 479 U.S. 36,

10  49 (1986).  This Court's intervention into the state court's bail determinations in a

11  pending criminal prosecution would effectively amount to "an ongoing federal audit of

12  state criminal proceedings which would indirectly accomplish the kind of interference

13  that *Younger*  sought to prevent."  *O'Shea v. Littleton,* 414 U.S. 488, 500, (1974).

14  Accordingly, the Court should grant Defendant Pena's motion and apply the *Younger*

15  doctrine as a ground for dismissal of Plaintiff's first claim for relief.

16  **B.    Prosecutorial Immunity Precludes Plaintiff's Claims Against Defendant Pena.**

17        Plaintiff's First Claim only references Defendant Pena's alleged actions in the

18  context of setting bail—a prosecutorial function.  The only other claim that appears to

19  possibly be against Defendant Pena is Plaintiff's Third Claim: "Conspiracy of

20  Defendants."  Plaintiff's Third Claim does not specify which defendants it is brought

21  against, and no allegations within the claim specifically mention Defendant Pena.

22  Therefore, the sole allegations against Defendant Pena upon which this claim could be

23  based are the earlier allegations regarding Defendant Pena's conduct in the context of the

24  court setting bail.

25        Even taking Plaintiff's allegations as true that Defendant was somehow involved in

26  bail recommendations for Plaintiff—an allegation which Defendant Pena denies—

27  Defendant Pena would be entitled to prosecutorial immunity.  Advocating for increased

28  bail or no bail is inherently a prosecutorial function.  As multiple federal courts have

held, absolute prosecutorial immunity protects a prosecutor for advocacy in connection with a bail application." *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) ("we cannot disagree with the holding of other circuits that actions in connection with a bail application are best understood as components of the initiation and presentation of a prosecution, and therefore are protected by absolute immunity."); *Myers v. Morris,* 810 F.2d 1437, 1446 (8th Cir.) (explaining that "advocating a particular level of bail" is covered by absolute immunity).  Therefore, if, as alleged, Defendant Pena was acting as part of the prosecution team and as an employee and agent of the prosecutor, Defendant Pena is entitled to absolute immunity for claims related to the use of his alleged statements during bail proceedings.  The sole allegations upon which Plaintiff's claims against Defendant Pena are based (Plaintiff's First and Third Claims) pertain to the use of his statements in bail proceedings.  These claims should be dismissed on grounds of absolute prosecutorial immunity.

**C.   Plaintiff's Complaint Fails To Comply With Rule 8.**

The ambiguity as to whether the third claim applies to Defendant Pena (who is not listed within the text of that claim) is a consequence of Plaintiff's failure to comply with Rule 8 of the Federal Rules of Civil Procedure.  The Court should also dismiss Plaintiff's Complaint on that basis.  Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1462, (C.D. Cal 1996).  Further, "[e]ach allegation must be simple, concise and direct." Plaintiff's complaint fails to comply with these rules.

Rather than provide a short and plain statement regarding his claim, Plaintiff begins his Complaint with pages of accusations regarding state officials violating their oath of offices, violations of Plaintiff's first amendment rights (though the Complaint fails to make a claim for these violations), damage to his reputation (though the Complaint contains no claim for defamation) alleged conflicts of interest within the judiciary, and alleged violations of parental rights.

///

As discussed above, the Complaint is unclear as to the claims against Defendant Pena and as to the relief sought from him.  Plaintiff's prayer for relief states that as to Plaintiff's First Claim, Plaintiff seeks "declaratory relief on unreasonable bail."  No explanation is provided as to what that means, what Plaintiff is asking the Court to do about his bail, or how Defendant Pena could be involved in relief pertaining to Plaintiff's bail.  Plaintiff's Third Claim likewise violates Rule 8 because it is unclear what conduct by Defendant Pena, if any, was part of the conspiracy he alleges against all defendants.  The Complaint cannot stand because as written it is too ambiguous as to what is being claimed and the relief Plaintiff seeks, inhibiting the ability to mount a defense.

**D.** **No Relief Can Be Granted On Plaintiff's First Claim With Respect To Defendant Pena.**

Even if the Younger doctrine prosecutorial immunity, and Rule 8 did not apply, Plaintiff's First Claim is not a claim upon which relief can be granted as to Defendant Pena.  The claim seeks declaratory relief regarding Plaintiff's bail.  Yet, even if Plaintiff prevailed, no relief awarded against Defendant Penda could affect Plaintiff's bail.  Bail is set by the courts.  Thus, no "actual controversy" exists between Plaintiff and Defendant Pena regarding Plaintiff's bail and Plaintiff cannot maintain this claim under the Declaratory Relief Act as to Defendant Pena.  28 U.S.C. § 2801; *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941) (holding that the "actual controversy" requirement of the Declaratory Relief Act requires a Plaintiff "to show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

Even if Plaintiff's declaratory relief claim was a petition for writ of mandate— which it is not—nothing exists that the Court could order Defendant Pena to do that would alter Plaintiff's bail.  As alleged, Defendant Pena is an investigator and not a judge.  Even if this Court ordered Defendant Pena to change Plaintiff's bail, Defendant Pena would be powerless to do so.  Consequently, Plaintiff's First Claim is not a claim upon which relief can be granted as to Defendant Pena and must be dismissed.

**E.**  **Plaintiff Fails to Plead Sufficient Facts to State a Claim for Conspiracy.**

1.  Plaintiff Fails to Plead Facts Sufficient to Show that Defendant Pena Conspired to Deprive Plaintiff of a Constitutional Right.

Plaintiff's Third Claim also fails because it does not allege sufficient facts against Defendant Pena to sustain a claim for conspiracy.  The claim is titled as if it is alleged against all defendants, but not a single mention of Defendant Pena exists within the paragraphs of the claim.  Even incorporating allegations that appear earlier in the Complaint, Plaintiff fails to meet federal pleading standards for this claim.  His allegations are vague and conclusory.  "Vague and conclusory allegations . . . are not sufficient to withstand a motion to dismiss," even when a Plaintiff has filed the Complaint pro se.  *Ivey*, 673 F.2d at 268.

To the extent Plaintiff is alleging a conspiracy claim against Defendant Pena, Plaintiff has not made it clear what conduct he bases the claim upon.  Plaintiff makes broad allegations upon Defendant Pena having made false statements and fabricated evidence, but he fails to plead these allegations with sufficient specificity to enable Defendant Pena to defend himself against the conspiracy claim.  Complaint at p. 4.  For example, the Complaint fails to specify with whom and how Defendant Pena was conspiring with others when engaging these acts.  From merely the allegations pleaded, he could have even been acting alone.

An allegation does exist regarding alleged collusion with Defendant Cord to "introduce false testimony," but the Complaint does not allege how the "collusion" occurred, or why Plaintiff believes that Defendants Pena and Cord were colluding.  Thus, this allegation, along with the others, is insufficient to sustain a claim for conspiracy.  *Simmons v. Sacramento Cty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (finding no action under "color of state law" by prevailing party's private attorney and noting that "conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient").

///

A complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In his Third Claim, Plaintiff alleges that defendants are liable for conspiracy. To prove a conspiracy between private parties and the government under § 1983, an agreement or "meeting of the minds" to violate constitutional rights must be shown. *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983). Plaintiff has not pleaded factual content to show the existence of an agreement between Defendant Pena and anyone to violate Plaintiff's constitutional rights or that Defendant Pena shared "general conspiratorial objective" with anyone and was acting in furtherance of that objective when committing the conduct alleged. The allegations of conspiracy are conclusory and the claim is deficient.

2. <u>Plaintiff Fails to Plead Facts Sufficient to Show that Plaintiff was Deprived of a Constitutional Right.</u>

Plaintiff's conspiracy claim likewise fails because Plaintiff has failed to plead facts sufficient to show that he was deprived of a constitutional right. *Thore v. Howe*, 466 F.3d 173, 179 (1st Cir. 2006) ("[W]hile conspiracies may be actionable under section 1983, it is necessary that there have been . . . an actual deprivation of a right secured by the Constitution and laws" (quoting *Landrigan v. City of Warwick*, 628 F.2d 736, 742 (1st Cir. 1980)). While the state court set bail high and then switched him to "no bail," Plaintiff has not pleaded facts to show that Defendant Pena violated Plaintiff's constitutional rights in making bail recommendations. While Defendant Pena denies involvement in Plaintiff's bail proceedings, even accepting Plaintiff's allegations as true, it would not be a violation of a constitutional right for a prosecutorial team to recommend no bail. For example, in the context the charge against Plaintiff a prosecutor could be concerned that if released the detainee might not return the minor child. Further, Plaintiff has not pleaded facts to show that he was deprived of a constitutional right with respect to how the court set bail. He has not alleged that he received improper notice of the bail hearing, that he did not receive representation, that he did not have an opportunity to be

heard, or facts to show any other constitutional defect with the warrant for his arrest or the manner in which the Court set bail.  Accordingly, Plaintiff's Third claim is also deficient on the separate ground that Plaintiff has failed to plead facts sufficient to sustain a claim for conspiracy to violate his constitutional rights because he has not pleaded facts to show an actual violation of his constitutional rights.

**F.     The Dismissal of Plaintiff's Claims Should Be With Prejudice.**

The Court should dismiss Plaintiff's Complaint with prejudice as to Defendant Pena because Plaintiff could not amend to plead around the *Younger* doctrine or prosecutorial immunity.  Even if he could do so, no relief could be awarded against Defendant Pena with respect to Plaintiff's bail (Plaintiff's First Claim); and Plaintiff cannot plead facts to show an underlying constitutional violation with respect to Plaintiff's Third Claim.  Thus, Dismissal with prejudice is proper in this instance because any amendment would be futile.  *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) ("A district court does not err in denying leave to amend where the amendment would be futile.").

## V.     CONCLUSION

Based on the foregoing, Defendant Luis Pena respectfully requests that the Court grant his Motion to Dismiss with prejudice.

DATED:  February 28, 2023                    CLAUDIA G. SILVA, County Counsel

By: s/STEVEN P. INMAN, II, Senior Deputy
Attorneys for Defendant Luis Pena (erroneously
sued as Luis Vena)
E-mail: Steven.Inman@sdcounty.ca.gov