PETER Q. SCHLUEDERBERG (SBN 137995)
**PQS LAW**
5330 Carroll Canyon Road, Suite 230
San Diego, California 92121
Telephone: (760) 505-2205
Facsimile: (858) 792-7768

Attorneys for Defendant Andrea Schuck

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

ROBERT EMERT,

Plaintiff,

vs.

LUIS VENA; ANDREA SCHUCK; MATTHEW W. CORD; PATTI C. RATEKIN; DAVID S. SCHULMAN; LORNA A. ALKSNE; DAVID J. DANIELSEN; MOORE, SCHULMAN & MOORE; ROBERT OLAGUE; AND DOES 1 – 20 inclusive,

Defendants.

Case No. 23-cv-0230-RSH-AHG

**DEFENDANT ANDREA SCHUCK'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT AGAINST HER PURSUANT TO FRCP 12(b)(1) and 12(b)(6)**

Judge:      Hon. Robert S. Huie
Courtroom:  3B
Date:       April 4, 2023

PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT.

## INTRODUCTION

Plaintiff Robert Emert's Complaint opens with the statement that "[t]his is an action brought by Plaintiff against State Officials and Defendants acting under the color of Law for civil rights violations involving his wrongful arrest and wrongful detention." [Doc. 1 p. 1:22-23.] The Complaint alleges six total causes of action, five of which are brought under 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights by four state actors (three judges and one district attorney investigator), who purportedly conspired with four private individuals, including Plaintiff's ex-wife defendant Andrea Schuck, and the law firm she hired to represent her in the California state divorce

proceeding. Defendant Schuck is only named as a defendant in three of the Complaint's causes of action (the First, Third and Fifth) each brought under section 1983.

Defendant Schuck brings this motion to dismiss the section 1983 causes of action alleged against her under Rules 12(b)(1) and 12(b)(6). Dismissal is warranted under Rule 12(b)(1) because the *Younger* doctrine requires this Court to abstain from exercising jurisdiction over the action as the Complaint seeks the Court's interference with ongoing state criminal proceedings against Plaintiff Emert. *Younger* abstention is further warranted because this case effectively seeks the Court's ruling as to the validity of state court custody orders, including the custody order in the final divorce proceeding judgment, the violation of which was the grounds for Plaintiff's arrest and detention. Those orders are currently subject to Plaintiff's appeal in the California appellate court.

Defendant Schuck further brings this motion to dismiss under Rule 12(b)(6) for failure to state a claim because the section 1983 causes of action against her, as a private individual ex-wife who acted as the opposing party in a divorce proceeding, fail to allege facts establishing that she was acting under color of state law, as required for section 1983 liability.

## FACTUAL BACKGROUND

Plaintiff Robert Emert and defendant Andrea Schuck filed for divorce in September 2019. [Doc. 1 ¶ 1.] The divorce proceeding included a custody dispute over the former couple's two children ages 15 (B.E.) and 13 (S.E.). [Doc. 1 ¶¶ 2, 21-34.] The Complaint alleges that Schuck's attorneys, the minor B.E.'s attorney defendant Matthew Cord, and then Commissioner defendant Patti C. Ratekin were all engaged in a conspiracy through which Ratekin acted partially and with intentional bias to issue awards in Ms. Schuck's favor, including a temporary custody order for Plaintiff's supervised visitation of B.E. and S.E. pending trial. [Doc. 1 ¶¶ 3-27.]

Plaintiff alleges that as a result of him suffering a disabling heart attack on September 29, 2021, he was unable to attend further court proceedings and was barred by Judge Alksne from remotely attending hearings in October, as well as the trial on

November 29, 2021, resulting in an improper and fraudulently obtained judgment, without due process, awarding sole custody of the children to their mother, defendant Schuck. [Doc. 1 ¶¶ 28-32.]

While Plaintiff admits that from September 30, 2021, through January 3, 2023, he did not return the divorce parties' minor son, B.E., to his mother as required by the final judgment custody order, he alleges this was not his fault and was only because B.E. refused to return to his mother. [Doc. 1 ¶¶ 33-39.] In any event, Plaintiff was arrested on January 3, 2023, and held without bail for withholding B.E. in violation of the custody order. [Doc. 1 ¶¶ 40-46.] Plaintiff alleges the order for him to be withheld without bail was obtained by defendant District Attorney Investigator Luis Pena submitting fraudulent information to the Criminal Court alleging Plaintiff was maliciously withholding minor B.E. from his mother Andrea Schuck. [Doc. 1 ¶¶ 53-60.]

## LEGAL ARGUMENT

**I.      The Court Should Decline To Exercise Jurisdiction Over the Complaint**

**A.      There is an Ongoing State Criminal Proceeding**

Based on the United States Supreme Court's seminal decision in *Younger v. Harris,* 401 U.S. 37 (1971), the *Younger* doctrine has developed as grounds for requiring a federal court to abstain from exercising jurisdiction in "certain instances in which the prospect of undue interference with state proceedings counsels against federal relief." *Sprint Communications, Inc. v. Jacobs,* 571 U.S. 69, 72 (2013). Citing its decision in *New Orleans Public Service, Inc. v. Council of City of New Orleans,* 491 U.S. 350, 368 (1989) (hereinafter "*NOPSI*"), the Supreme Court in *Sprint* stated that three types of proceedings constitute "exceptional circumstances" to "justify a federal court's refusal to decide a case in deference to the States." *Sprint, supra,* at 70.

As the Court noted in *Sprint*, "[f]irst, *Younger* precludes federal intrusion into ongoing state criminal prosecutions." *Id.* (citing *NOPSI, supra,* 491 U.S. at 368). There is no dispute that there is an ongoing criminal action against Plaintiff in San Diego County

Superior Court Case No. SCD297230[1] and that Plaintiff is seeking relief from this Court with respect to what he alleges to be "unreasonable bail." [Doc. 1 [Complaint] p. 21:5.] In this case, though Plaintiff contends his complaint "will not interfere with the state court criminal proceeding" [Doc. 1 at p. 20:24], his First Cause of Action expressly states that "Plaintiff is asking for declaratory relief to instruct the state court to refrain from violating federal law." [Doc.1 at p. 18:3-4.]

Plaintiff states he "does not seek to enjoin the criminal proceeding" [Doc. 1 at p. 20:25], yet he expressly alleges "[i]njunctive relief is appropriate because the NO BAIL condition set by the court is expected to continue into the future and Plaintiff will be subjected to it repeatedly." [Doc. 1 at p. 18-1-2.] In short, *Younger* abstention is appropriate here because Plaintiff is seeking federal intrusion into the ongoing criminal prosecution against him in state court.

### B.    The Underlying Family Court Orders Are Under Appeal

The second and third categories of proceedings warranting abstention are "civil enforcement proceedings" (such as state-initiated proceedings to gain custody of children) and "pending 'civil proceedings involving certain orders…uniquely in furtherance of the state courts' ability to perform their judicial functions'" (such as contempt orders). *Sprint* at 78, 79 (citing *Moore v. Sims,* 442 U.S. 415, 419-420 (1979) (custody enforcement proceeding) and *Juidice v. Vail,* 430 U.S. 327, 336, n. 12 (1977) (civil contempt order). This case effectively involves both of these categories of proceedings warranting abstention, in addition to the first category.

As Plaintiff admits in his Complaint, "[s]everal matters listed above [various orders of the divorce action] are still on appeal and ongoing."[2] [Doc. 1 ¶ 36, p. 14:4.] Abstention is appropriate because Plaintiff is here seeking declaratory relief and rulings

---

[1] Defendant Schuck requests judicial notice of Case No. SCD297230.
[2] Defendant requests judicial notice of Cal. Ct. of Appeals, 4th App. Dist. Div. 1 Case No. D07995, *Emert v. Emert.*

1    as to the underlying court orders granting custody of the divorced couple's children, in

2    which the state Family Court Judge Alksne granted sole custody to the children's mother,

3    defendant Schuck.

4        Critically, contrary to the conspiracy story alleged by Plaintiff, three underlying

5    orders tell the simple story of this case. On October 7, 2021, Plaintiff and defendant

6    Schuck, with her counsel, attended a hearing before Judge Alksne. [RJN[3] Ex. 1.] The

7    hearing had been scheduled for 10:00 a.m., but when Plaintiff tried to attend remotely, as

8    he alleged in paragraph 29 of his Complaint, he was denied remote access. The October 7

9    order, however, reveals what Plaintiff left out of his Complaint, specifically that the

10   hearing "trailed" to 1:30 p.m. to allow him to attend the hearing. The October 7 order,

11   issued from the hearing Plaintiff attended, included an order that that the minor child,

12   B.E., "be returned to Petitioner's [Schuck's] care forthwith and for the minor child to

13   resume in-person learning by October 8, 2021]."

14       On October 12, 2021, a further hearing was held, which Plaintiff did not attend.

15   [RJN Ex. 2.] The hearing resulted with Judge Alksne ordering that due to Plaintiff

16   Emert's "failure to follow the orders made on October 7, 2021," including the order to

17   return minor B.E. to Ms. Schuck's care, and B.E. remaining out of school, Plaintiff Emert

18   was to have no contact with either minor child and Ms. Schuck was to retain sole right to

19   custody of the children pending the November 29, 2021 trial. [*Id.*]

20       That October 12, 2021 order was followed by the underlying judgment awarding

21   "sole legal and physical custody of the minor children to Petitioner Schuck" based, in

22   pertinent part, on its finding that "Respondent [Emert] is not following the court orders

23   and is in current violation of the court orders as it relates to child custody and visitation"

24   and that Mr. Emert "is not following the court orders and is violating the court orders as it

25   relates to school and specifically attendance of the minor child, [B.E.]." [RJN Ex. 3.]

26

27   _____

28   [3] RJN refers to the concurrently filed Request for Judicial Notice.

These orders were, in part, similar in effect to contempt orders for Plaintiff Emert's violation of prior custody orders.

Moreover, the arrest and criminal proceedings are, in effect, enforcement proceedings required due to Mr. Emert's failure to abide by the custody orders. Thus, abstention is appropriate as Plaintiff's request that this Court rule upon the merits of the underlying child custody orders and judgment not only interferes with the ongoing civil appellate proceeding, but also undermines the criminal court's ongoing prosecution for withholding B.E. from the custody of his mother.

## II. Plaintiff's Complaint Should Be Dismissed As To Defendant Andrea Schuck For Failure To State a Section 1983 Claim

### A. Schuck is a Private Individual Not a State Actor

Plaintiff has named defendant Schuck as a defendant in three of the six counts alleged in his Complaint. Each of the three counts (First Cause of Action for "42 U.S.C. §1983 Constitutional Violations of Federally Protected rights Declaratory Relief," Third Cause of Action for "42 U.S.C. §1983 Constitutional Violations 14th Amendment: Conspiracy of Defendants and state actors to deprive Plaintiff his Federally Protected Rights," [underline in original] and Fifth Cause of Action for "42 U.S.C. §1983 Willful Misconduct") purports to be brought under 42 U.S.C. § 1983. Yet, the counts against defendant Schuck fail to state a claim because she is a private individual, not a state actor.

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiff fails to allege facts sufficient to establish that defendant Schuck committed any violations of Plaintiff's rights under the Constitution, let alone that she committed any such acts while "acting under the color of State law."

Defendant Schuck's Points and Authorities in Support of Motion to Dismiss

Andrea Schuck, like Plaintiff, was merely a private party to the divorce proceedings that gave rise to Plaintiff's claims. "[P]rivate parties are not generally acting under color of state law" for purposes of Section 1983. *Price v. Hawaii,* 939 F.2d 702, 707-708 (9th Cir. 1991). "'Careful adherence to the "state action" requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power.'" *Price v. Hawaii, supra,* at 708 (quoting *Lugar v. Edmondson Oil Co., Inc.,* 457 U.S. 922, 936 (1982)); *see also West v. Atkins,* 487 U.S. 42, 49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a §1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" [quoting *United States v. Classic,* 313 U.S. 299, 326 (1941)]).

Here, Plaintiff does not allege that defendant Shuck was "clothed with the authority of state law." Rather, he essentially alleges that his ex-wife was a "willing participant, conspirator, and procuring cause" of alleged violations of his constitutionally protected rights because she hired a law firm and participated as a party in the Family Law custody dispute in the California Superior Court, which resulted in a judgment requiring Plaintiff to turn over custody of the couple's minor son, as well as Plaintiff's arrest and detention without bail for failure to abide by the order. [*See, e.g.,* Doc. 1 [Complaint], p. 5:21-22, ¶¶ 35, 39, 47, 51, 75.] However, "[i]nvoking state legal procedures does not constitute 'joint participation' or 'conspiracy' with state officials sufficient to satisfy section 1983's state action requirement." *Schucker v. Rockwood,* 846 F.2d 1202, 1205 (9th Cir. 1988).

## B. Plaintiff's Allegations of Conspiracy Are Conclusory

"The Supreme Court has articulated four tests for determining whether a non-governmental person's actions amount to state action: (1) the public function test; (2) the joint action test; (3) the state compulsion test; and (4) the governmental nexus test." *Ohno v. Yasuma,* 723 F.3d 984, 995 (9th Cir. 2013). The only test relevant here is the joint action test.

Defendant Schuck's Points and Authorities in Support of Motion to Dismiss

Plaintiff apparently seeks to hold Ms. Schuck subject to section 1983 liability based on conclusory allegations that the state and individual defendants acted "in concert" with additional state actors [Doc. 1, ¶ 51, p. 16:19] or that she conspired with defendant judges [Doc. 1, ¶¶ 71, 74, 75], and/or the defendant District Attorney Investigator Luis Pena [Doc. 1 ¶ 50], to violate Plaintiff's constitutional rights. Indeed, Plaintiff's Third Cause of Action for Conspiracy is alleged against all defendants. [Doc. 1 p. 22:16-17.]

Plaintiff specifically alleges that a section 1983 claim is "properly brought against private persons who participate in joint action with state officials" [Doc. 1 p. 23:3-4] and that "[c]onspiracy with state actors is another way private persons can be held liable under 42 USC §1983." [Doc. 1 p. 23:14-15.] This statement of law is correct, as a general proposition. *See, e.g., Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980).

The factual allegations in Plaintiff's Complaint, however, are insufficient to establish defendant Schuck's participation in any such conspiracies. Rather, the conspiracy allegations against Schuck are merely conclusory, without factual support. [See Doc. 1 ¶¶ 35, 50, 51, 57, 71, 74, 75, 90.] Plaintiff's conclusory allegations of conspiracy fail to satisfy the joint action test or satisfy the "state actor" element of his section 1983 claims against defendant Schuck. *Bruns v. NCUA,* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss."); see also *Price v. Hawaii, supra,* 939 F.2d at 707-708 ("Conclusory allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act."); *Simmons v. Sacramento County Superior Court,* 318 F.3d 1156, 1161 (9th Cir. 2003) (finding no action under "color of state law" by prevailing party's private attorney and noting that "conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient").

### C.    Plaintiff's Ratekin Conspiracy Claim is a Mistaken Red Herring

Plaintiff claims that Commissioner Ratekin joined Signature Resolution in January

Defendant Schuck's Points and Authorities in Support of Motion to Dismiss

2021 as an ADR neutral, just weeks before she became Commissioner on the Emert-Schuck divorce case. [Doc. 1, ¶ 4.] He further alleges defendant Ratekin entered into a conspiracy with attorney Schulman, and intentionally and unethically then failed to disclose this business relationship, (which Plaintiff speculates would have included lucrative retentions for her to preside over cases involving the Moore Schulman Moore firm at the same time that she was presiding over the divorce case), thus resulting in Ratekin issuing orders against Plaintiff's interest and in favor of Schuck. [Doc. 1 at ¶¶ 4-28, 72-81, 88-91.]

This conspiracy theory, however, appears to be based on a typo. Plaintiff starts with the allegation in paragraph 4 that on January 18, 2021, Commissioner Ratekin issued a press release stating that she had joined Signature Resolution as an ADR private judge. However, the Signature Resolution website reveals a different story. The Signature website link, https://signaturefamilylaw.com/news/, shows an announcement dated "JANUARY 17, 2022 - Comm. Patti C. Ratekin (Ret.) joins Signature Resolution San Diego After Serving As The Commissioner Of The Superior Court of San Diego."[4] However, by clicking on the LEARN MORE button, the viewer is taken to a different website, https://signaturefamilylaw.com/wp-content/uploads/2022/02/Comm.-Patti-C.-Ratekin-Ret.-joins-Signature-Resolution-San-Diego.pdf , which is a press release dated "January 18th, 2021" headlined **Comm. Patti Ratekin (Ret.) joins Signature Resolution San Diego.**  Defendant Shuck asks the Court to take judicial notice of the website links with these conflicting dates indicating Ratekin joined Signature Resolution as a retired commissioner either in January 2022 (months after she was no longer working as a commissioner on the Emert-Schuck divorce case) or in January 2021, while still working as a commissioner and without disclosing this ADR retention to the parties in the divorce case. Common sense leads to the reasonable conclusion that the "press

---

[4] Defendant requests the Court take judicial notice of the two referenced website link contents under F.R.E. Rule 201(b)(2).

release" with the stated date of January 18, 2021 announcing that <u>retired commissioner</u> Ratekin was joining Signature Resolution (and which the website link shows as having been uploaded in February 2022) probably had a typo with the year "2021", instead of the actual year 2022 (as often happens when documents are prepared in January with the prior year written by accident and habit). Thus, all of the speculation about her receiving lucrative engagements as a private ADR neutral, while still acting as a commissioner, is likely without any factual basis or support.

## CONCLUSION

Defendant Schuck respectfully requests this Court to grant her motion to dismiss the complaint, with prejudice, under FRCP Rule 12(b)(1) by declining jurisdiction under the *Younger* abstention doctrine. Defendant Schuck further requests, in the alternative, that her motion to dismiss the First, Third and Fifth Causes of Action alleged against her (constituting all causes of action alleged against her in the Complaint) be dismissed for failure to state a claim as the allegations fail to establish that she was at any time alleged acting under color of state authority, as required for a 42 U.S.C. section 1983 claim.

**PQS LAW**

Dated:      February 28, 2023              By:  /S/ Peter Q. Schluederberg
                                          Peter Q. Schluederberg, Esq.
                                          Attorneys for Defendant Andrea Schuck