SUSANNE C. KOSKI, State Bar No. 176555
CARMELA E. DUKE, State Bar No. 270348
Superior Court of California, County of San Diego
1100 Union Street
San Diego, California 92101
Telephone: (619) 844-2382

Attorneys for Defendants The Honorable
Patti C. Ratekin, Retired Commissioner of the Superior Court
of California, County of San Diego, The Honorable
Lorna A. Alksne, Retired Judge of the Superior Court of
California, County of San Diego, and The Honorable David
J. Danielsen, Retired Judge of the Superior Court of California,
County of San Diego

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>      Plaintiff,<br><br>    v.<br><br>LUIS VENA; ANDREA SCHUCK;<br>MATTHEW W. CORD; PATTI C.<br>RATEKIN; DAVID S. SCHULMAN;<br>LORNA A. ALKSNE; DAVID J.<br>DANIELSEN; MOORE, SCHULMAN<br>& MOORE; ROBERT OLAGUE,<br>AND DOES 1-20 inclusive,<br><br>      Defendants. | Case No. 23cv0230-RSH-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT WITH PREJUDICE BY COMMISSIONER PATTI C. RATEKIN, JUDGE LORNA A. ALKSNE, AND JUDGE DAVID J. DANIELSEN**<br><br>Date:    April 7, 2023<br>Crtrm:  3B (Schwartz)<br>Judge:  The Honorable Robert S. Huie<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

TABLE OF AUTHORITIES.................................................................... -ii-

I.      INTRODUCTION.................................................................... 1

II.     SUMMARY OF ALLEGATIONS OF THE COMPLAINT......................... 2

        A.      Underlying State Court Cases............................................ 2

                i.      *Family Law Case 19FL010852N*.............................. 2

                ii.     *Criminal Case SCD297230*................................... 3

        B.      Allegations Against The Judicial Defendants........................ 3

                i.      *Allegations as to Commissioner Ratekin*.................... 3

                ii.     *Allegations as to Judge Alksne*............................. 4

                iii.    *Allegations as to Judge Danielsen*........................ 5

                iv.     *Causes of Action*.......................................... 5

III.    LEGAL STANDARD.................................................................. 6

IV.     ARGUMENT.......................................................................... 7

        A.      Judicial Defendants Are Absolutely Immune From Liability............. 7

        B.      Eleventh Amendment Immunity Bars Plaintiff's Action.................. 10

        C.      The *Younger* Abstention Doctrine Bars This Action................... 11

        D.      This Action Is Barred By The *Rooker-Feldman* Doctrine.............. 13

        E.      The Action is Barred By Res Judicata As To Commissioner Ratekin.. 15

V.      CONCLUSION........................................................................ 16

# TABLE OF AUTHORITIES

Page(s)

## Cases

*31 Foster Children v. Bush*, 329 F.3d 1255 (11th Cir. 2003) ................................. 13

*Alabama v. Pugh*, 438 U.S. 781 (1978) ................................................. 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................. 6

*Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) .............................. 7, 10

*Barkus v. Shamoon,* No. 3:22-cv-470-RSH-NLS, 2022 WL 16701118 (S.D. Cal., Nov. 3, 2022) ................................................. 7

*Bernstein v. United States Dep't of Hous. & Urb. Dev.*, No. 20-CV-02983-WHO, 2021 WL 4501795 (N.D. Cal. Oct. 1, 2021) ................................ 9

*Bianchi v. Rylaarsdam*, 334 F.3d 895 (9th Cir. 2003) .......................... 13, 14

*Bradley v. Fisher*, 80 U.S. 335 (1871) .............................................. 8

*Caltex Plastics, Inc. v. Lockheed Martin Corporation*, 824 F.3d 1156 (9th Cir. 2016) ................................................. 6

*Carmona v. Carmona*, 603 F.3d 1041 (9th Cir. 2010) ............................ 13

*In re Castillo*, 297 F.3d 940 (9th Cir. 2002) ...................................... 7

*Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011 (9th Cir. 1999) ................................................. 12

*Cooper v. Ramos*, 704 F.3d 772 (9th Cir. 2012) .................................. 14

*District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ............. 1

*Duvall v. Cnty. of Kitsap*, 260 F.3d 1124 (9th Cir. 2001) ......................... 9

*E.T. v. George*, 681 F. Supp. 2d 1151 (E.D. Cal. 2010) .......................... 13

*Farm Credit Servs. v. Am. State Bank*, 339 F.3d 764 (8th Cir. 2003) .............. 6

## Cont'd Cases

*Franceschi v. Schwartz*, 57 F.3d 828 (9th Cir. 1995)............................................. 10

*Gibson v. Berryhill*, 411 U.S. 564 (1973) .............................................................. 12

*Greater Los Angeles Council of Deafness, Inc. v. Zolin*, 812 F.2d 1103 (9th Cir. 1987)............................................................................................ 11

*Hill v. Ponner,* No. 1:18-cv-01471-DAD-SKO, 2019 WL 142280 (E.D. Cal. Jan. 9, 2019) ................................................................................... 9

*Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit*, 453 F.3d 1160 (9th Cir. 2006) ........................................................................... 14

*Ison v. Superior Ct. of California*, No. 2:21-cv-01546-MCE-KJN, 2022 WL 4484019 (E.D. Cal. Sept. 27, 2022) ............................................................. 7

*Johnson v. Altamirano*, 418 F. Supp. 3d 530 (S.D. Cal. 2019)............................. 15

*Los Angeles County Ass'n of Envtl. Health Specialists v. Lewin*, 215 F. Supp. 2d 1071 (C.D. Cal. 2002)............................................................... 11

*Lund v. Cowan,* 5 F.4th 964 (9th Cir. 2021) ............................................................. 9

*Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).............................................................. 6

*Mahaley v. Mapes*, No. EDCV 12-01896-PSG OP, 2013 WL 1914237 (C.D. Cal. Apr. 16, 2013)............................................................................ 11

*Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022 (9th Cir. 2005)................................................................................................... 15

*Marshall v. Marshall*, 547 U.S. 293 (2006) .......................................................... 12

*Merritt v. McKenney*, No. C 13-01391 JSW, 2013 WL 4552672 (N.D. Cal. Aug. 27, 2013)...................................................................................... 9

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982) ...................................................................................................... 12

## Cont'd Cases

*Mireles v. Waco*, 502 U.S. 9 (1991) ........................................................................ 8

*Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996) .................................................. 7

*Munoz v. Superior Ct. of Los Angeles Cnty.*, No. CV 22-3436-MWF, 2022 WL 7150155 (C.D. Cal. Oct. 7, 2022) ................................................................... 9

*Nemcik v. Fannin*, No. 18-CV-05120-JST, 2019 WL 720993 (N.D. Cal. Feb. 20, 2019) ............................................................................................................... 9

*Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003) ........................................................ 13

*Oliver v. Placer Superior Court*, No. 2:12-CV-2665 GEB GGH, 2013 WL 2488557 (E.D. Cal. Jun. 10, 2013) ...................................................................... 11

*Parent v. New York*, 786 F. Supp. 2d 516 (N.D.N.Y. 2011) ................................... 9

*Pattillo v. White*, 890 F.2d 420 (9th Cir. 1989) (unpub.) ........................................ 9

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) .................................................. 12

*Pierson v. Ray*, 386 U.S. 547 (1967) ............................................................... 8, 10

*Prostitis v. Riverside Superior Fam. L. Ct.*, No. 5:20-cv-00026-SVW-KES, 2020 WL 3843727 (C.D. Cal. Apr. 15, 2020) .................................................... 12

*Riggle v. California*, 577 F.2d 579 (9th Cir. 1978) .............................................. 10

*Riser v. Schnieder,* 37 F. App'x 763 (6th Cir.2002) ............................................... 9

*Robertson v. City of Grand Rapids*, No. 1:06-CV-451, 2008 WL 2224173 (W.D. Mich. May 27, 2008) ................................................................................ 9

*Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) ................................................. 1

*Samuel v. Michaud*, 980 F. Supp. 1381 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997) .................................................................................................. 14

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087 (9th Cir. 2008) ......................................... 11, 12

23cv0230

Page(s)

## Cont'd Cases

*Schucker v. Rockwood*, 846 F.2d 1202 (9th Cir. 1988)............................................... 8

*Simmons v. Sacramento County Superior Court*, 318 F.3d 1156 (9th Cir. 2003).................................................................................................... 11

*Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005 (9th Cir. 2012) ................... 6

*Steffens v. Steffens*, 955 F. Supp. 101 (D. Colo. 1997) ........................................ 12

*Stewart v. U.S. Bancorp.*, 297 F.3d 953 (9th Cir. 2002) ...................................... 16

*Stump v. Sparkman*, 435 U.S. 349 (1978) ................................................. 7, 8, 10

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064 (9th Cir. 2003) ............................................................................. 15, 16

*In re Thomas*, 508 F.3d 1225 (9th Cir. 2007) ....................................................... 8

*Wagner v. Copart*, No. CV 14–05569–GHK (DTB), 2015 WL 6549109 (C.D. Cal. Sep. 11, 2015) .......................................................................... 14

*Weisbuch v. County of Los Angeles*, 119 F.3d 778 (9th Cir. 1997) ......................... 6

*White v. Cox*, No. C 07-3815 PJH, 2008 WL 686760 (N.D. Cal. Mar. 10, 2008)................................................................................................... 11

*Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989) ................................. 11

*Wolfe v. Strankman*, 392 F.3d 358 (9th Cir. 2004) ............................................... 6

*Younger v. Harris*, 401 U.S. 37 (1971) ........................................................... 1,12

## Statutes - Federal

42 U.S.C. § 1983 .............................................................................. 1, 2, 5

## Statutes - State

California Penal Code §1490 .......................................................... 10, 13

Page(s)

Cont'd Statutes - State

California Penal Code § 278.5 ................................................................. 3

Rules - Federal

Federal Rule of Civil Procedure 12(b)(1) ................................................. 6

Federal Rules of Civil Procedure Rule 12(b)(6) ....................................... 6

Rules - State

California Rules of Court, Rule 8.406 ...................................................... 10

# I.

# INTRODUCTION

Plaintiff Robert Emert's Complaint brought against, and amongst others,[1] Defendants the Honorable Patti C. Ratekin, Retired Commissioner of the Superior Court of California, County of San Diego ("Commissioner Ratekin"), the Honorable Lorna A. Alksne, Retired Judge of the Superior Court of California, County of San Diego ("Judge Alksne"), and the Honorable David J. Danielsen, Retired Judge of the Superior Court of California, County of San Diego ("Judge Danielsen") (hereinafter collectively "Judicial Defendants") seeks to review and undo the rulings made by these judicial officers in his ongoing state family dissolution and criminal cases. In an attempt to circumvent the rulings in these state actions, Plaintiff presents an outlandish tale alleging that in retaliation for criticizing government officials, the Judicial Defendants conspired with each other to violate his constitutional rights by engaging in an "illicit pattern of behavior" to ultimately have him arrested and held on no bail in his criminal case. Consumed by conspiratorial fantasies, Plaintiff alleges a 42 U.S.C. § 1983 declaratory relief claim and conspiracy cause of action under § 1983 against the Judicial Defendants, a § 1983 claim for violation of his 5th and 14th Amendment rights against Commissioner Ratekin and Judge Alksne, and a violation of American Disabilities Act ("ADA") against Judge Alksne.

However, the Complaint is fatally defective and subject to dismissal on several grounds. Specifically, the Judicial Defendants enjoy absolute judicial immunity and immunity under the Eleventh Amendment. Further, Plaintiff's claims are barred pursuant to the *Younger*[2] abstention and the *Rooker-Feldman*[3] doctrines. Additionally, res judicata

---

[1] Plaintiff has named Luis Pena (erroneously named "Vena" in the caption of the Complaint), an Investigator with the San Diego County District Attorney's Office; Andrea Schuck, his ex-wife and mother of his children; Matthew W. Cord, minor's counsel in the family law case; David S. Schulman, counsel for Andrea Schuck in the family law case; the law office of Moore, Schulman & Moore; and psychologist Olague as defendants in this matter.

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

[3] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of*

bars this action against Commissioner Ratekin. Because these defects cannot be cured, the Judicial Defendants respectfully request the Court grant their motion to dismiss without leave to amend and dismiss this action with prejudice.

## II. SUMMARY OF ALLEGATIONS OF THE COMPLAINT

### A. <u>Underlying State Court Cases.</u>

#### i. *Family Law Case 19FL010852N*

As set forth in the Complaint, Plaintiff is a party in San Diego Superior Court family dissolution case no. 19FL010852N. (Complaint at p. 6, ¶ 1, ECF No. 1.) Custody of Plaintiff's two minor children is an issue in the case. (*Id.*) Commissioner Ratekin presided over Plaintiff's family law case from February 25, 2021 to October 4, 2021, when she recused herself. (Judicial Defendants' Request for Judicial Notice ("RJN"), Exs. A-B.) During that time, Plaintiff sued Commissioner Ratekin in federal case 21-cv-01570-BTM-AHG, *Emert v. Ratekin*. (RJN, Ex. C.) Specifically, he brought a § 1983 claim against her alleging she "enter[ed] void orders in violation of Rules of Court, State, State law, public policy" and sought the orders to "be set aside." (RJN, Ex. D.) On September 22, 2021, District Judge Moskowitz dismissed Plaintiff's complaint in case 21cv1570-BTM-AHG with prejudice. (RJN, Ex. E.) Judgment was entered that same day. (RJN, Ex. C.)

On October 5, 2021, the family law case was reassigned to Judge Alksne. (RJN, Ex. F.) Judge Alksne presided over the trial on November 29, 2021. (RJN, Ex. G.) At the conclusion of trial, Judge Alksne awarded sole legal and physical custody of Plaintiff's minor children to mother, defendant Andrea Schuck ("Schuck"). (*Id.*) Plaintiff appealed Judge Alksne's order granting sole legal and physical custody of Plaintiff's minor children to Schuck. (RJN, Ex. H.) The appeal is currently pending. (*Id.*)

On February 22, 2022, the case was reassigned from Judge Alksne to another Superior Court judge. (RJN, Ex. I.) The family dissolution case is ongoing. (RJN, Ex. J.) Plaintiff has two motions for reconsideration set to be heard on April 20, 2023, and May 18, 2023, in the family matter. (*Id.*)

---

*Appeals v. Feldman*, 460 U.S. 462, 483 (1983).

### ii. Criminal Case SCD297230

Plaintiff was arrested on January 3, 2023, and charged with one felony count of violation of California Penal Code section 278.5(a), child abduction—violation of custody/visitation rights. (Complaint at p. 14, ¶ 40; RJN, Ex. K.) At arraignment on January 6, 2023, he pleaded not guilty and Judge Halgren denied his motion for release. (RJN, Ex. L.) Thereafter, Judge Danielsen denied Plaintiff cash bail at the bail review hearings on January 11 and 13, 2023, and remanded him to custody. (Complaint at p. 15, ¶¶ 45-46; RJN, Ex. M.) He was bound over on the felony count at the conclusion of his preliminary hearing on February 10, 2023. (RJN, Ex. N.) He is currently being held in custody on no bail. (*Id.*)

### B. Allegations Against The Judicial Defendants.

Plaintiff alleges the Judicial Defendants conspired and committed "judicial deception" in both the family law and criminal cases to "punish him for criticizing government officials" by ultimately having him arrested and held on no bail. (Complaint at p.1, lns. 24-27; p. 2, lns. 10-12; p. 25, ¶¶ 80-81.)

### i. Allegations as to Commissioner Ratekin

With regard to Commissioner Ratekin, he alleges she:

- "without testimony, and without reviewing the case, made an unsubstantiated claim," regarding Plaintiff minor son's future placement. (Complaint at pp. 10-11, ¶ 16.);
- "threatened to put B.E. in foster care and later removed parental rights from Emert as a result of a witness signing a declaration in support of Emert." (*Id.* at p. 16, ¶ 49.);
- "made the first court order through judicial deception by using the witness's (Fidelman) declaration as a pretext for a reckless disregard for the truth." (*Id.* at p. 22, ¶ 68.);

/ / /

/ / /

---

- "made a retroactive order for supervised visits of Plaintiff's children because a Kids Matter Charity member witnessed Dr. Olague lie in his report" and "back-dated" the September 30, 2021, Order after she recused herself. (*Id.* at p. 12, ¶¶ 26-27.);
- "issued a press release stating that she joined Signature Resolution of San Diego as an ADR private judge" three weeks before she was assigned Plaintiff's family case.[4] (*Id.* at p. 7, ¶ 4.);
- "did not disclose that she was being hired by opposing counsel David Schulman for legal services" or his firm while presiding over Plaintiff's family case. (*Id.* at pp. 8-9, ¶¶ 7, 12; p. 24, ¶ 77.);
- "was being paid by Schulman and Moore in the form of increased matters at Signature Resolution . . . while presiding over Plaintiffs [sic] divorce matter." (*Id.* at p. 9, ¶ 10; p. 24, ¶ 78);
- "exhibit[ed] actual bias towards Schuck and against Plaintiff" (*Id.* at p. 24, ¶ 77.);
- acted in concert with Judge Alksne "in perpetrating the illicit pattern of behavior. . . ." (*Id.* at p. 21, ¶ 67.);
- acted in concert with defendants Olague, Cord, and Schulman "[i]n carrying out the illicit pattern of behavior." (*Id.* at p. 23, ¶ 72.)

### ii. *Allegations as to Judge Alksne*

As to Judge Alksne, he alleges she:
- improperly "denied [his ADA] request for remote appearance and denied his request to continue the trial." (Complaint at p. 2, lns. 18-19, 23-24.);
- held an ex-parte hearing where Plaintiff was not served and then denied him access to said hearing. (*Id.* at pp. 12-13, ¶ 29; p. 28, ¶ 96.);
- held another ex-parte hearing denying him and his witnesses access to the hearing. (*Id.* at p. 13, ¶ 30; p. 28, ¶ 96.);

---

[4] Although not material to this Motion, for clarification purposes Commissioner Ratekin did not preside over any cases at Signature Resolution until after she had already retired from the court.

- denied him remote access to trial on November 29, 2021. (*Id.* at p. 13, ¶ 32; p. 28, ¶ 97.);

- acted in concert with Commissioner Ratekin "in perpetrating the illicit pattern of behavior. . . ." (*Id.* at p. 21, ¶ 67.);

- "created new hearing dates to obtain the same custody removal court order as Ratekin." (*Id.*)

- "did not allow 'reasonable' modifications that do not impose an undue burden and do not fundamentally alter the nature or character of the government program for an ADA-disabled Emert into the November 2021 hearing to present his side of the case." (*Id.*)

### iii.    *Allegations as to Judge Danielsen*

As to Judge Danielsen, Plaintiff alleges he unlawfully ordered Plaintiff be held on no bail. (Complaint at p. 15, ¶¶ 47-48, p. 20, ¶ 63.) Specifically, according to Plaintiff, Judge Danielsen failed to "inquire as to Plaintiffs [sic] financial situation to afford bail, nor did he inquire as to whether Plaintiff had weapons." (*Id.* at p. 15, ¶ 46; p. 20, ¶ 63.)

### iv.    *Causes of Action*

Based on the allegations above, Plaintiff asserts a § 1983 declaratory relief claim (Complaint at pp. 17-21, ¶¶ 52-65) and conspiracy cause of action under § 1983 against all the Judicial Defendants (*Id.* at p. 20-25, ¶¶ 70-83). He also asserts a § 1983 claim for violation of his 5th and 14th Amendment rights against Commissioner Ratekin and Judge Alksne (*Id.* at pp. 21-22, ¶¶ 66-69) and a violation of the ADA against Judge Alksne. (*Id.* at pp. 28-29, ¶¶ 94-105.) Plaintiff is seeking "declaratory relief in regard to the unreasonable bail" (*Id.* p. 21, ¶ 65) and compensatory and punitive damages because he "is now incarcerated without bail based on the order of Commissioner Ratekin and Judge Alksne who endorsed it." (*Id.* at p. 25, ¶¶ 81-82.) Additionally, he is seeking attorney's fees. (*Id.* at p. 29, lns. 15-27.)

/ / /

/ / /

# III.

# LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows for a motion to dismiss based on lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Such a motion may be facial, where the inquiry is confined to the allegations in the complaint, or factual, where the court looks beyond the complaint to extrinsic evidence. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a challenge to the sufficiency of the pleadings set forth in the complaint. A dismissal is proper under Rule 12(b)(6) when the complaint "fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corporation*, 824 F.3d 1156, 1159 (9th Cir. 2016). A Rule 12(b)(6) motion for failure to state a claim may also challenge defenses disclosed on the face of the complaint or which are apparent from matters subject to judicial notice. *Weisbuch v. County of Los Angeles*, 119 F.3d 778, 783 n.1 (9th Cir. 1997); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n. 9 (9th Cir. 2012); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Servs. v. Am. State Bank*, 339 F.3d 764, 767 (8th Cir. 2003) (citation omitted).

/ / /

/ / /

/ / /

## IV.

## ARGUMENT

### A.    Judicial Defendants Are Absolutely Immune From Liability.

"Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, [citation], or when the exercise of judicial authority is 'flawed by the commission of grave procedural errors.'" *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). "Judicial immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman*, 793 F.2d at 1075 (internal quotation marks omitted). "Disagreement with the action taken by [a] judge," even one resulting in "tragic consequences," also "does not justify depriving that judge of his immunity." *Stump*, 435 U.S. at 363 (applying judicial immunity to judge who approved petition for sterilization even if approval was in error). ""[J]udicial immunity applies regardless of whether Plaintiffs seek monetary damages, injunctive, or declaratory relief." *Ison v. Superior Ct. of California*, No. 2:21-cv-01546-MCE-KJN, 2022 WL 4484019, at *7 (E.D. Cal. Sept. 27, 2022); *see also Barkus v. Shamoon,* No. 3:22-cv-470-RSH-NLS, 2022 WL 16701118, at *1 (S.D. Cal., Nov. 3, 2022).

A judicial officer's purported participation in a conspiracy is also insufficient to circumvent judicial immunity. *Ashelman*, 793 F.2d at 1078 (holding "a conspiracy between a judge and prosecutor to predetermine the outcome of a judicial proceeding … does not pierce the immunity extended to judges and prosecutors"); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds) (recognizing judicial immunity is not "lost by allegations that a judge conspired with one party to rule against another party[]").

/ / /

---

Judicial immunity is only overcome if the actions were "nonjudicial actions, i.e., actions not taken in the judge's judicial capacity" or were "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). A judge is not deprived of immunity for "[g]rave procedural errors or acts in excess of judicial authority" or if the judge "misinterpret[s] a statute and erroneously exercise[s] jurisdiction and thereby act[s] in excess of his jurisdiction." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Thus, in *Schucker*, the Ninth Circuit held that even assuming the judge had acted in excess of his jurisdiction, judicial immunity applied because the alleged conduct by the judge "was not done 'in the clear absence of jurisdiction.'" *Id.* (quoting *Stump*, 435 U.S. at 357 n.7).

"Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 11 (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). Moreover, a judge's errors should be corrected on appeal, not by subsequent civil litigation because civil liability "would contribute not to principled and fearless decisionmaking but to intimidation." *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *In re Thomas*, 508 F.3d 1225, 1227 (9th Cir. 2007) (per curiam).

As set forth above in section II, Plaintiff's allegations against the Judicial Defendants are based on their rulings and decisions made in their official capacities as state court judges and judicial officers in his family and criminal matters. As to Commissioner Ratekin, he alleges her "court order [was made] through judicial deception" (Complaint at p. 22, ¶ 68) and she improperly "made a retroactive order for supervised visits...." (*Id.* at p. 12, ¶ 27.) He also takes issue with statements she made during the family court proceedings. (*Id.* at pp. 10-11, ¶ 16; p. 16, ¶ 49.)

As to Judge Alksne, Plaintiff alleges she erroneously denied his ADA request and unjustly denied him access to various court hearings. (Complaint at p. 2, lns. 18-19, 23-24;

pp. 12-13, ¶¶ 29-30, 32 ; p. 21, ¶ 67; p. 28, ¶ 96.) With regard to Judge Danielsen, Plaintiff alleges he is liable because of his rulings on bail. (*Id.* at p. 15, ¶¶ 46-48; p. 20, ¶ 63.)

Issuing rulings and expressing views on legal or factual issues presented in proceedings before the court are normal judicial functions. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001)(state court judge was entitled to absolute judicial immunity on claim that judge violated the ADA); *see also Lund v. Cowan,* 5 F.4th 964, 970-972(9th Cir. 2021); *Bernstein v. United States Dep't of Hous. & Urb. Dev.*, No. 20-CV-02983-WHO, 2021 WL 4501795, at *2 (N.D. Cal. Oct. 1, 2021); *Nemcik v. Fannin*, No. 18-CV-05120-JST, 2019 WL 720993, at *3 (N.D. Cal. Feb. 20, 2019)(judicial immunity bars ADA claims to the extent the ADA claims are not already barred by the *Rooker-Feldman* doctrine); *Merritt v. McKenney*, No. C 13-01391 JSW, 2013 WL 4552672, at *7-*8 (N.D. Cal. Aug. 27, 2013).

Additionally, "[s]etting bail is an act taken in a judicial capacity." *Munoz v. Superior Ct. of Los Angeles Cnty.*, No. CV 22-3436-MWF (JEMx), 2022 WL 7150155, at *4 (C.D. Cal. Oct. 7, 2022); *see also Hill v. Ponner,* No. 1:18-cv-01471-DAD-SKO, 2019 WL 142280, at *3 (E.D. Cal. Jan. 9, 2019). Indeed, denying bail is a judicial act entitling judges to absolutely immunity. *Pattillo v. White*, 890 F.2d 420 at *1 (9th Cir. 1989) (unpub.).

Even orders and rulings allegedly made in bad faith, maliciously, corruptly, or erroneously, are unquestionably a normal judicial function. *Duvall,* 260 F.3d at 1133. Indeed, "allegation[s] that [a] judge committed . . . ethical violation[s] will not strip the judge of the shield of absolute judicial immunity." *Robertson v. City of Grand Rapids*, No. 1:06-CV-451, 2008 WL 2224173, at *5 (W.D. Mich. May 27, 2008); *see also Riser v. Schnieder,* 37 F. App'x 763, 764 (6th Cir.2002) (Absolute judicial immunity applies to allegations that a judge's "actions violated various judicial codes and constituted torts."); *Parent v. New York*, 786 F. Supp. 2d 516, 533 (N.D.N.Y. 2011). Thus, Plaintiff's outlandish and speculative allegations asserting ethical violations by Commissioner Ratekin (Complaint at pp. 8-9, ¶¶ 7, 10, 12; p. 24, ¶¶ 77-78) do not evade the absolute protection she is afforded under judicial immunity.

Overall, accepting Plaintiff's allegations as true for purposes of this Motion, the Judicial Defendants were simply acting in their judicial capacities and cannot be held liable for rulings and decisions made in this capacity. *Stump,* 435 U.S. at 362.

Additionally, there are no facts alleged which would support a finding that the Judicial Defendants acted "in the clear absence of jurisdiction." *Ashelman*, 793 F.2d at 1075. To the contrary, the Complaint makes clear that the Judicial Defendants were acting well within their jurisdiction. (*See* Section II of this Memorandum above.)

Finally, the proper mechanism to challenge a judge's errors is on appeal, not by filing subsequent civil litigation against the judge. *Pierson,* 386 U.S. at 554; Cal. Rules of Court, Rule 8.406. "It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Pierson,* 386 U.S. at 554. "Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation." *Id.* Indeed, Plaintiff filed an appeal in his family law matter, which is still pending. (RJN, Ex. H.) Additionally, the proper procedure to challenge Plaintiff's bail determination is by petition for writ of habeas corpus, not by filing this lawsuit. (Cal. Pen. Code § 1490.)

For these reasons, absolute judicial immunity precludes this action. Because this fatal defect cannot be cured by an amendment to the pleadings, the Judicial Defendants respectfully request that this Court dismiss this action with prejudice.

## B.     Eleventh Amendment Immunity Bars Plaintiff's Action.

The Eleventh Amendment generally bars suits against a state or an arm of the state under principles of sovereign immunity. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). The Eleventh Amendment has been construed as a grant of sovereign immunity to states against suits in federal court and is in the nature of a jurisdictional bar. *See Alabama v. Pugh*, 438 U.S. 781, 782 n.1 (1978); *see also Riggle v. California*, 577 F.2d 579, 581-82 (9th Cir. 1978).

California superior courts are considered arms of the state and therefore enjoy Eleventh Amendment immunity. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (holding Eleventh Amendment barred § 1983 claim against superior court and its employees); *Greater Los Angeles Council of Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("conclud[ing] that a suit against the superior court is a suit against the State, barred by the eleventh amendment"); *Los Angeles County Ass'n of Envtl. Health Specialists v. Lewin*, 215 F. Supp. 2d 1071, 1078 (C.D. Cal. 2002).

Similarly, because judges and court employees are considered arms of the state, they are also entitled to immunity. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Simmons*, 318 F.3d at 1161; *White v. Cox*, No. C 07-3815 PJH, 2008 WL 686760, at *2 (N.D. Cal. Mar. 10, 2008); *Oliver v. Placer Superior Court*, No. 2:12-CV-2665 GEB GGH, 2013 WL 2488557, at *3 (E.D. Cal. Jun. 10, 2013); *Mahaley v. Mapes*, No. EDCV 12-01896-PSG OP, 2013 WL 1914237, at *6 (C.D. Cal. Apr. 16, 2013). The immunity applies to suits for damages, injunctive relief, and declaratory relief. *Greater Los Angeles Council of Deafness, Inc.*, 812 F.2d at 1110 n.10.

The Complaint alleges conduct performed within the Judicial Defendants' judicial functions. Indeed, as noted above, the Complaint specifically challenges orders and decisions made by the Judicial Defendants in the underlying state family and criminal cases. (See Section II above.) The claims brought against the Judicial Defendants are therefore subject to dismissal under the Eleventh Amendment. As this defect cannot be remedied by amendment, the action should be dismissed with prejudice.

## C.  The *Younger* Abstention Doctrine Bars This Action.

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). "The notion of 'comity' includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their

institutions are left free to perform their separate functions in their separate ways.'" *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

A federal court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves." *San Jose Silicon Valley Chamber of Commerce Political Action Comm.*, 546 F.3d at 1092.

All of the *Younger* elements are satisfied in this case. First, Plaintiff remains the subject in two ongoing state actions. (RJN, Exs. J, N.) Both his criminal and family dissolution matter have future hearing dates. (*Id.*) The second prong of *Younger* is also easily met. A criminal prosecution unequivocally implicates important state interests. *See Younger*, 401 U.S. at 44 (recognizing that federal courts should not interfere with criminal prosecutions as they are quintessential state functions). Additionally, it is well recognized that "divorce, alimony, and child custody decrees" are an area of important state interests. *Marshall v. Marshall*, 547 U.S. 293, 307 (2006); *Prostitis v. Riverside Superior Fam. L. Ct.*, No. 5:20-cv-00026-SVW-KES, 2020 WL 3843727, at *9 (C.D. Cal. Apr. 15, 2020); *Steffens v. Steffens*, 955 F. Supp. 101, 104 (D. Colo. 1997).

As to the third element, "[t]he 'adequate opportunity' prong of *Younger* . . . requires only the absence of 'procedural bars' to raising a federal claim in the state proceedings." *Commc'ns Telesys. Int'l v. Cal. Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (citing *Middlesex Cty. Ethics Comm.*, 457 U.S. at 432). "[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). *Younger* thus "presupposes the opportunity to raise and have timely decided by a competent state tribunal the federal issues involved." *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). Consequently, "a plaintiff opposing abstention bears the burden of establishing that the

pending state proceedings do not provide an adequate remedy for their federal claims." *E.T. v. George*, 681 F. Supp. 2d 1151, 1176 (E.D. Cal. 2010) (citing *31 Foster Children v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003)).

Plaintiff has an adequate opportunity in his ongoing state proceedings to raise constitutional claims. There is nothing prohibiting Plaintiff from raising these claims in state court. Indeed, he is raising many of the same arguments in his two pending motions for reconsideration in the state family court matter. (See RJN, Ex. O.) Additionally, Plaintiff is appealing the orders in his family matter. (See RJN, Ex. H.) Further, California Penal Code section 1490 provides Plaintiff with a mechanism to challenge the bail determination in state court. Clearly, Plaintiff is afforded an adequate opportunity to raise his constitutional claims in state court proceeding and he fails to allege facts to the contrary.

Finally, *Younger* abstention is favored because the instant action would have the practical effect of enjoining the proceedings in the state court. In addition to monetary compensation, Plaintiff is asking this Court to declare his no bail status in his state criminal matter as unreasonable and a violation of law. Additionally, this lawsuit interferes with Plaintiff's appeal currently pending in his family action.

Based on the foregoing, the *Younger* doctrine bars Plaintiff's action against the Judicial Defendants and the action should be dismissed with prejudice

## D. This Action Is Barred By The *Rooker-Feldman* Doctrine.

"*Rooker-Feldman* is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments[.]" *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). "A suit brought in federal district court is a 'de facto appeal' forbidden by *Rooker–Feldman* when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Carmona v. Carmona,* 603 F.3d 1041, 1050 (9th Cir. 2010), citing *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

*Rooker-Feldman* bars federal adjudication of any claim whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Bianchi,* 334 F.3d at 900 n.4. The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud,* 980 F. Supp. 1381, 1411-1412 (D. Idaho 1996), *aff'd,* 129 F.3d 127 (9th Cir. 1997). A claim is "inextricably intertwined" with a state court decision where "the adjudication of the federal claims would undercut the state ruling ...," *Bianchi,* 334 F.3d at 898, or "where the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Cooper v. Ramos,* 704 F.3d 772, 779 (9th Cir. 2012). A claim is also "'inextricably intertwined' with the decision of a state court, even where the party does not directly challenge the merits of the state court's decision but rather brings an indirect challenge based on constitutional principles." *Bianchi,* 334 F.3d at 900 n.4; *see also Ignacio v. Judges of U.S. Court of Appeals for Ninth Circuit,* 453 F.3d 1160, 1165 (9th Cir. 2006) (noting *Rooker-Feldman* "precludes constitutional claims that are 'inextricably intertwined' with the forbidden appeal"). "A plaintiff may not avoid the *Rooker–Feldman* bar by styling her attack on the state court's ruling as a civil rights action." *Wagner v. Copart,* No. CV 14–05569–GHK (DTB), 2015 WL 6549109, at *5 (C.D. Cal. Sep. 11, 2015), *adopted by* 2015 WL 6510340 (C.D. Cal. Oct. 27, 2015).

The Complaint makes clear the instant action is "inextricably intertwined" with Plaintiff's underlying family and criminal matters and is a de-facto appeal of the rulings made in those actions. Specifically, he asserts:

> "At the start of the custody trial, Emert and Schuck had joint legal custody of all the children. After Comm Ratekin was brought in as commissioner, Comm Ratekin threatened to put B.E. in foster care and later removed parental rights from Emert as a result of a witness signing a declaration in support of Emert. In an attempt to cover for Ms. Ratekin's unconstitutional set of decisions, Judge Alksne, despite the ADA request from Emert on Nov 10, 2021, then

orders a new hearing but denies Emert and his witnesses remote access into the court (during the height of Covid) which resulted in a default custody decision against Emert (Complaint at p. 16, ¶ 49) . . . Absent the default judgment [in his family case], there was no basis for the warrant." (*Id.* at p. 29, ¶ 101.)

Plaintiff states he is seeking "declaratory relief in regard to the unreasonable bail" (Complaint at p. 21, ¶ 65) and actual and punitive damages because he "is now incarcerated without bail based on the order of Commissioner Ratekin and Judge Alksne who endorsed it." (*Id.* at p. 25, ¶¶ 81-82.) Clearly, Plaintiff is improperly seeking review of state court decisions, which are inextricably intertwined with this federal action. Consequently, *Rooker-Feldman* precludes Plaintiff's action against the Judicial Defendants and the Complaint should be dismissed with prejudice.

## E.   The Action Is Barred By Res Judicata As To Commissioner Ratekin.

"Federal preclusion law applies to determine the preclusive effect of a prior federal court judgment where the rendering federal court sat in federal question jurisdiction." *Johnson v. Altamirano*, 418 F. Supp. 3d 530, 550 (S.D. Cal. 2019). Res judicata, or claim preclusion, prevents parties from relitigating claims that were or could have been asserted in a previous action. *Manufactured Home Cmtys. Inc. v. City of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003) (quotation marks omitted). As to Commissioner Ratekin, each of the foregoing elements is satisfied in this action.

An "identity of claims exists when two suits arise from the same transactional nucleus of facts." *Tahoe-Sierra*, 322 F.3d at 1078 (quotation marks omitted). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id.* Indeed, "[r]es judicata bars relitigation of all grounds of recovery that were asserted, or *could have been*

asserted, in a previous action between the parties …[;] [i]t is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment." *Id*. (emphasis added.)

The "transactional nucleus of operative facts" involved in this action is the same as Plaintiff's prior federal action. Both actions arise out of Plaintiff's family law matter which Commissioner Ratekin presided over. (RJN, Exs. D-E.) In both actions, Plaintiff challenges Commissioner Ratekin's rulings in the family matter. (*Id.*; Complaint at pp. 10-11, ¶ 16; p. 16, ¶ 49; p. 22, ¶ 68.) Further, as the authorities clearly provide, the fact that Plaintiff could have raised his additional claims against Commissioner Ratekin in the prior litigation but did not, does not preclude the application of res judicata.

There is also a final judgment on the merits in the prior action. (RJN, Ex. E.) The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." *Stewart v. U.S. Bancorp.*, 297 F.3d 953, 956 (9th Cir. 2002). Given the prior action was dismissed with prejudice, the second element of res judicata is met.

Lastly, there is privity between the Plaintiff and Commissioner Ratekin in both actions as Plaintiff named her as a defendant in the actions. Thus, as all the elements of res judicata are met, the instant action is precluded as to Commissioner Ratekin.

## V.

## CONCLUSION

As set forth above, in this matter, the grounds for dismissal with prejudice are vast. In summary, the Complaint should be dismissed because this action barred by the doctrine of absolute judicial immunity and Eleventh Amendment immunity. Additionally, the Complaint should be dismissed pursuant to the *Younger* and *Rooker-Feldman* doctrines. Also, the Complaint is barred by res judicata as to Commissioner Ratekin. Because Plaintiff

/ / /

/ / /

/ / /

/ / /

cannot cure these defects by way of amendment, the Judicial Defendants respectfully request that this Court grant this Motion to Dismiss, without leave to amend, and enter a judgment of dismissal with prejudice in their favor.

Respectfully submitted,

SUSANNE C. KOSKI
Superior Court of California, County of San Diego

DATED:

March 3, 2023

By:   s/ Carmela E. Duke

    CARMELA E. DUKE

Attorneys for Defendants The Honorable Patti C. Ratekin, Retired Commissioner of the Superior Court of California, County of San Diego, The Honorable Lorna A. Alksne, Retired Judge of the Superior Court of California, County of San Diego, and The Honorable David J. Danielsen, Retired Judge of the Superior Court of California, County of San Diego