PETER Q. SCHLUEDERBERG (SBN 137995)
**PQS LAW**
5330 Carroll Canyon Road, Suite 230
San Diego, California 92121
Telephone: (760) 505-2205
Facsimile: (858) 792-7768

Attorneys for Defendant Andrea Schuck

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>    Plaintiff,<br><br>vs.<br><br>LUIS VENA; ANDREA SCHUCK; MATTHEW W. CORD; PATTI C. RATEKIN; DAVID S. SCHULMAN; LORNA A. ALKSNE; DAVID J. DANIELSEN; MOORE, SCHULMAN & MOORE; ROBERT OLAGUE; AND DOES 1 – 20 inclusive,<br><br>    Defendants. | Case No. 23-cv-0230-RSH-AHG<br><br>**DEFENDANT ANDREA SCHUCK'S POINTS AND AUTHORITIES IN SUPPORT OF JOINDER IN CO-DEFENDANT LUIS PENA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FED.R.CIV.P., 12(b)(6)]**<br><br>Judge: Hon. Robert S. Huie<br>Courtroom: 3B<br>Date: April 4, 2023<br><br>PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT. |

## **INTRODUCTION**

    Defendant Andrea Schuck files this joinder in Defendant Luis Pena's Motion to Dismiss Plaintiff's Complaint pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that based on the same arguments and legal authority presented in Defendant Pena's moving papers, excluding Pena's prosecutorial immunity arguments, the Complaint similarly fails to state a valid

claim against Defendant Schuck, based upon the Younger Abstention doctrine, Plaintiff's failure to comply with FRCP Rule 8, the fact no relief can be granted on Plaintiff's First Claim with respect to Defendants Pena and Schuck, Plaintiff's failure to plead facts sufficient to show that Defendants Pena or Schuck conspired to deprive Plaintiff of a constitutional right, Plaintiff's failure to plead facts sufficient to show that Plaintiff was deprived of a constitutional right by Defendants Pena or Schuck, and the fact that Plaintiff's claims against Pena and Schuck should be dismissed with prejudice because leave to amend would be futile.

Such arguments by Defendant Pena are different from those presented in Defendant Schuck's separately filed Motion to Dismiss, but are applicable to defendant Schuck. This is particularly true since she is a private individual and has been alleged to have conspired with Defendant Pena as grounds for asserting section 1983 claims against her. This points and authorities is intended to specify the arguments from Defendant Pena's brief that are also applicable to support dismissal with prejudice as to Defendant Schuck, and the basis for such applicability.

**LEGAL ARGUMENT**

Defendant Schuck joins in co-defendant Pena's Motion to Dismiss Plaintiff Emert's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"), for failure to state a claim as argued in section IV.A. of Pena's points and authorities (Document ("Doc.") 4-1 pp. 4:19-6:15), as Pena's arguments for application of the Younger abstention doctrine to preclude Plaintiff's request for this Court to interfere with the ongoing state criminal proceedings equally apply to defendant Schuck. In her separate Motion to Dismiss, Defendant Schuck asserted the Younger doctrine as grounds for dismissal under FRCP Rule 12(b)(1), rather than Rule 12(b)(6). Accordingly, Defendant Schuck requests this Court to apply Defendant Pena's above-referenced arguments for dismissal under Rule 12(b)(6) to her.

Schuck further joins in Pena's request to dismiss the Complaint under Rule 12(b)(6), as argued in section IV.C. of Pena's points and authorities (Doc. 4-1 pp. 7:14-8:9), as the Complaint violates Rule 8(a) of the FRCP as to defendant Schuck, like Pena, because the Complaint is unclear as to the claims against defendant Schuck and as to the relief sought against her. Moreover, as with Pena, the Third Claim is unclear what conduct by Schuck was part of the conspiracy he alleges against all defendants.

Schuck further joins in Pena's request to dismiss the Complaint under Rule 12(b)(6), as argued in section IV.D. of Pena's points and authorities (Doc. 4-1 pp. 8:10-28), as no "actual controversy" exists between Plaintiff and Defendant Schuck regarding Plaintiff's bail and nothing exists that the Court could order Defendant Schuck to do that would alter Plaintiff's bail.

Shuck further joins in Pena's request to dismiss the Complaint under Rule 12(b)(6), as argued in section IV.E.1. of Pena's points and authorities (Doc. 4-1 pp. 9:01-10:11), because the arguments regarding Plaintiff's failure to allege facts sufficient to sustain a claim for conspiracy against Pena equally apply to the extent Plaintiff is alleging that Schuck engaged in a conspiracy with Defendant Pena to deprive Plaintiff of a constitutional right. The Complaint fails to allege facts to support any claim of conspiracy between Defendant Pena and Schuck.

Shuck further joins in Pena's request to dismiss the Complaint under Rule 12(b)(6), as argued in section IV.E.2. of Pena's points and authorities (Doc. 4-1 pp. 10:12-11:5), because Plaintiff fails to allege facts to show that he was deprived of a constitutional right. Moreover, because Plaintiff has failed to allege facts to show that Defendant Pena violated Plaintiff's constitutional rights in making bail recommendations, any claims that Schuck conspired with Pena to violate such rights must also fail. Moreover, as Defendant Pena argued, even assuming the unsupported allegations about Defendant Pena's bail involvement were true, in the context the

charge against Plaintiff could involve a prosecutor's concern that if released the detainee might not return the minor child of defendant Schuck, it would not be a violation of constitutional rights for a prosecutorial team to recommend no bail. Thus, both the First and Third claims in the Complaint fail as to Pena and Schuck because Plaintiff has not pled facts to show an actual violation of his constitutional rights.

Schuck further joins in Pena's arguments to the effect that Plaintiff's Complaint should be dismissed with prejudice, as to both Pena and Schuck, based upon the arguments set forth in section IV.F. of Pena's points and authorities (Doc. 4-1 pp. 11:6-11:15), and further supported by Pena's procedural arguments in section III of Pena's points and authorities (Doc. 4-1 pp. 3:10-4:17), as a complaint's allegations must show that plaintiff is entitled to more than merely speculative relief and contain factual content that is sufficient to meet the "facial plausibility" standard and allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Moreover, based on the speculative and unsupported allegations in the Complaint as to both Pena and Schuck, dismissal with prejudice is proper because it appears any amendment would be equally futile as to both defendants.

Dated: March 7, 2023     By: /S/ Peter Q. Schluederberg
                                                       Peter Q. Schluederberg, Esq.
                                                       Attorneys for Defendant Andrea Schuck