Douglas A. Pettit, Esq., SBN 160371
Sara E. Bloch, Esq., SBN 341923
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
11622 El Camino Real, Suite 300
San Diego, CA 92130
Telephone: (858) 755-8500
Facsimile: (858) 755-8504
E-mail: dpettit@pettitkohn.com
          sbloch@pettitkohn.com

**Attorneys for Defendants**
**DAVID SCHULMAN & MOORE,**
**SCHULMAN & MOORE APC**

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>Plaintiff,<br><br>v.<br><br>LUIS PENA; ANDREA SCHUCK; MATTHEW C. CORD; PATTI C. RATEKIN; DAVID S. SCHULMAN; LORNA A. ALKSNE; DAVID J. DANIELSEN; MOORE, SCHULMAN & MOORE; ROBERT OLAGUE; and DOES 1-20<br><br>Defendants | CASE NO.: 3:23-cv-00230-RSH-AHG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DAVID SCHULMAN & MOORE, SCHULMAN & MOORE APC'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>**PER CHAMBER RULES, NO ORAL ARGUMENT UNLESS SEPERATELY ORDERED BY THE COURT**<br><br>**Date:     May 25, 2023**<br>**Time:     9:00 a.m.**<br><br>Courtroom:          3b<br>District Judge:     Robert Huie<br>Magistrate Judge:  Allison Goddard<br>Complaint Filed:   February 7, 2023<br>Trial Date:         Not Set |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................... 1

II. THE COMPLAINT ALLEGATIONS ............................................ 1

    A. Plaintiff's Marriage to Andrea Schuck and the Beginning of their Divorce. ........................................................................... 1

    B. Plaintiff Accuses Commissioner Ratekin of Providing "Benefits" to Schulman and MS&M During the Divorce Proceedings. ..................... 2

    C. Commissioner Ratekin Orders an Evaluation B.E.'s Mental Health and Orders a Change in Custody. ........................................... 2

    D. Judge Alksne Takes Over Plaintiff's Family Case and Plaintiff Accuses her of Unethical Conduct .......................................... 3

    E. Plaintiff Takes Custody of B.E and the State Arrests Him for Kidnapping ......................................................................... 3

III. Plaintiff's Claims Against Schulman and MS&M Should Be Dismissed Pursuant to 12(b)(6) Because the Complaint is Rampant with Legal Conclusion and Lacks Factual Detail ............................................ 4

    A. Plaintiff's Claims Against Schulman and MS&M Should Be Dismissed Because the Complaint Does Not Meet the Rule 8 Pleading Standard. ....................................................................... 5

    B. The Complaint Fails to State a Valid Claim Under 42 U.S.C. 1983 Because Plaintiff Does Not Adequately Allege that Defendants (A) Violated Plaintiff's Constitutional Rights and (B) Deprived Such Rights Under Color of State Law ............................................... 6

        1. Plaintiff Fails to Adequately Allege that Defendants Violated His Constitutional Rights ................................................. 6

        2. Plaintiff Fails to Set Forth Sufficient Facts to State a Claim Under the First Amendment. ............................................ 7

        3. Plaintiff Does Not Adequately State a Claim for a Fourth Amendment Violation. ................................................... 8

        4. Plaintiff Does Not Adequately Set Fourth Facts to Support His Claim Under the Equal Protection Clause. ........................ 9

        5. Plaintiff's Allegations Are Also Insufficient to State a Claim Under the Due Process Clause of the Fourteenth Amendment ................................................................ 10

            a. Plaintiff Cannot Allege That Schulman and MS&M Deprived Such Rights Under Color of State Law .......... 10

502-1036

C.   Plaintiff's Claims Also Fail Because They Are Defeated by
     California's Anti-SLAPP Statute .......................................................... 12

     1.   The First Prong of the Anti-SLAPP Statute is Met because
          Plaintiff's Claims Against Defendants Arise from Protected
          Petitioning Activity ..................................................................... 13

          a.   Leveraging a Positive Judicial Relationship to Advance a
               Client's Position is Protected Petitioning Activity under
               the anti-SLAPP Statute ...................................................... 13

          b.   Plaintiff's Allegations that Schulman Advanced
               "frivolous" Legal Arguments and "Misstated Testimony
               on the Record Also Constitutes Protected Petitioning
               Activity. .......................................................................... 14

          c.   The Fact that Plaintiff Accuses Schulman's Conduct and
               Statements to Be Unlawful Does Not Remove Them
               from the Anti-SLAPP Statute's Protection. ..................... 14

          d.   Plaintiff's Claims Against Schulman and MS&M
               *Arise from* Protected Activity ......................................... 15

     2.   Plaintiff Cannot Meet His Burden as to the Second Prong
          of the Anti-SLAPP Analysis Because His Claims Are Subject to
          Several Defenses ......................................................................... 16

          a.   The Litigation Privilege Provides a Complete Defense
               Against Plaintiff's Claims ................................................. 17

          b.   Plaintiff Cannot Establish the Elements of
               His Claims. ...................................................................... 17

IV.  CONCLUSION ......................................................................................... 18

## Cases

*Adams v. Superior Court*
(1992) 2 Cal.App.4th 521 ...................................................................17

*Baral* v. *Schnitt*
1 Cal. 5th 376 (2016) .........................................................................16

*Castleman v. Sagaser*
(2013) 216 Cal.App.4th 481 ..............................................................15

*Charpentier v. Von Geldern*
191 Cal.App. 3d 101 (1987) ..............................................................16

*Church of Scientology v. Wollersheim*
42 Cal.App.4th 628 (1996) ................................................................14

*City of Cotati v. Cashman*
(2002) 29 Cal.4th 69 .........................................................................12

*City of Cotati v. Cashman*
29 Cal.4th 69 (2002) .........................................................................15

*Hailstone v. Martinez*
169 Cal.App.4th 728 (2008) ..............................................................13

*Navellier v. Sletten*
29 Cal. 4th 82 (2002) .........................................................................15

*Optimal Capital Inc. v. Akin Gump Strauss Hauer & Feld, LLP*
18 Cal.App.5th 95 (2017) ..................................................................13

*Rusheen v. Cohen*
37 Cal.4th 1048 (2006) ......................................................................14

*Silberg v. Anderson*
(1990) 50 Cal. 3d 205 ........................................................................15

*Wittenberg v. Bornstein*
(2020) 50 Cal.App.5th 303 ................................................................16

## Federal

*Aschroft v. Iqbal*
556 U.S. 662 (2009) .............................................................................4

*Balistreri v. Pacifica Police Dept.*
901 F.2d 696 (9th Cir. 1990.) ..............................................................4

*Barren v. Harrington*
152 F.3d 1193, (9th Cir. 1998) cert. denied 525 U.S. 1154 (1999) .......9

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) ..........................................................................4, 5

*City of Cleburne v. Cleburne Living Ctr.*
473 U.S. 432 (1985) .............................................................................9

*Coleman v. Sterling*
No. 09-CV-1594-W-BGS, 2011 WL 839552, at *6-7 (S.D. Cal. 2011) ...........10

*Dubner v. City & County of San Francisco*
266 F.3d. 959 (9th Cir. 2001)..................................................................8

*Estate of Imrie v. Golden Gate Bridge*
282 F.Supp.2d 1145 (N.D. Cal. 2003)......................................................6

*Franklin v. Fox*
312 F.3d 423 (9th Cir. 2002)..................................................................11

*Gomper v. VISX, Inc.*
298 F.3d 893 (9th Cir. 2002)....................................................................5

*Graham v. Connor*
(1989) 490 U.S. 386..................................................................................6

*Henderson v. Sheanan*
196 F.3d 839 (1999)..................................................................................5

*Herring Networks Inc. v. Maddow*
F.Supp.3d 1042, 1046-47 (S.D. Cal. 2020) ...........................................12

*J.K.G. v. County of San Diego*
No. 11CV305-JLS-RBB, 2011 WL 5218253, at *13 (S.D. Cal. 2011)..................6

*Lovell v. Poway Unified Sch. Dist.*
90 F.3d 367 (9th Cir. 1996)......................................................................8

*Margolis v. Ryan*
140 F.3d 850 (9th Cir. 1998)..................................................................11

*Mendocino Environmental Center v. Mendocino County*
192 F.3d 1238 (9th Cir. 1999)..................................................................7

*Price v. Hawaii*
939 F.2d 702 (9th Cir. 1991)..................................................................11

*Simmons v. Sacramento Cnty. Superior Court*
318 F.3d 1156 (9th Cir. 2003)................................................................11

*Sloman v. Tadlock*
21 F.3d 1462 (9th Cir. 1994)....................................................................7

*Smith v. Brown*
2015 WL 898524, at *3 (C.D. Cal. 2015)................................................7

*Sprewell v. Golden State Warriors*
226 F.3d 979 (9th Cir. 2011)....................................................................4

*Thomas v. Hickman*
2006 WL 2868967, at * 11 (E.D. Cal. 2006)............................................7

*Village of Willbrook, et al. v. Olech*
528 U.S. 562 (2000)................................................................................10

*Wright v. Riveland*
219 F.3d. 905 (9th Cir. 2000)..................................................................10

**Statutes**

42 U.S.C. § 1938......................................................................................8

42 U.S.C. § 1983......................................................................6, 7, 12, 17

Cal. Code Civ. Proc., § 425.15................................................................12

Cal. Code Civ. Proc., § 425.16......................................................12, 13, 14

# I.

# INTRODUCTION

In this lawsuit, Plaintiff contends all Defendants (including well respected judges, lawyers, and state officials) took part in a massive conspiracy to take Plaintiff's son away and wrongfully arrest Plaintiff. Robert Emert ("Plaintiff") is no stranger to the Court system and this case stems from his underlying family and criminal court cases. Plaintiff refuses to take responsibility for the outcomes of those cases, and instead, Plaintiff has fictionalized malicious acts, Constitutional violations, and other wrongs by anyone involved in the proceedings, including his ex-wife's attorney David Schulman ("Schulman") and Moore Schulman & Moore ("MS&M").

Plaintiff's Complaint against Schulman and MS&M should be dismissed for several reasons. First, Plaintiff fails to meet the standards set forth by the Federal Rules of Civil Procedure 8 and 12. Plaintiff does not state a viable claim for relief because he does not and cannot allege critical components of his claims. For instance, Plaintiff asserts all Defendants violated 42 U.S.C § 1983. Despite this wide reach, Plaintiff does not plead facts meeting either prong of a section 1983 analysis. Second, the Court should strike Plaintiff's claims against Schulman and MS&M because they are subject to California's anti-SLAPP Statute. Plaintiff's allegations against Schulman and MS&M arise from protected petitioning activity and Plaintiff cannot show a likelihood of success in the suit because the Litigation Privilege applies.

# II.

# THE COMPLAINT ALLEGATIONS

The following facts are taken from the Complaint.

**A.      Plaintiff's Marriage to Andrea Schuck and the Beginning of their Divorce**.

Plaintiff and Andrea Schuck ("Ms. Schuck") married and had two children, including B.E. (Complaint, at p. 1:24-2:6, 5:21-22.)  Plaintiff and Ms. Schuck filed

/ / /

for divorce in September 2019, and David Schulman of Moore Schulman and Moore represented Ms. Schuck in the proceedings. (*Id*., at 6:3-4, 6:16-24.)

**B.** **Plaintiff Accuses Commissioner Ratekin of Providing "Benefits" to Schulman and MS&M During the Divorce Proceedings**.

In 2021, the Parties hired Commissioner Patti Ratekin to serve as a private judge. (*Id*., at 7:4-11.) Plaintiff contends Commissioner Ratekin also served as a private judge/mediator for other MS&M cases during this time, and that due to this connection, she unethically "provided benefits" to MS&M while presiding over Plaintiff's case. (*Id*., at 9:9-17, 10:14-15.) To support this claim, Plaintiff takes an entirely distinct case from his own and asks the Court to impute the unrelated judge's actions onto Commissioner Ratekin. (*Id*., at p. 10:5-15). Plaintiff claims Schulman and MS&M "leveraged a favorable position [with Commissioner Ratekin] by advancing frivolous arguments, misstating facts on the record, and disregarding procedural requirements." (*Id*., at 10:16-22.)

**C.** **Commissioner Ratekin Orders an Evaluation B.E.'s Mental Health and Orders a Change in Custody**.

Commissioner Ratekin presided over the case for some time, and eventually, she ordered Ms. Schuck, Plaintiff, and B.E. to see a psychologist about B.E.'s mental condition. (*Id*., at 11:3-4.) Plaintiff contends that after the meeting, the psychologist opined that B.E. "was doing fine." (*Id*., at 11:9-12.) Nevertheless, in court the psychologist opined differently, and minor counsel for B.E. requested an emergency ex-parte hearing to reduce Plaintiff's custody over the children. (*Id*., at 11:12-19.) Plaintiff characterizes the psychologist's conduct as "fraud." (*Id*., at 12:14-20.) Plaintiff contends he suffered a heart attack shortly thereafter. (*Id*., at 11:20-26.)

On September 30, 2021, Plaintiff asserts Commissioner Ratekin changed the custody orders to supervised visitations. (*Id*., at 4:11.) On October 4, 2021, the ex parte hearing over custody went forward. (*Id*., at 12:4-8.) During the hearing, Plaintiff contends Commissioner Ratekin claimed B.E. needed to be placed in a facility. (*Id*.,

at 12:4-11.) Commissioner Ratekin based this recommendation on the Psychologist report. (*Id*., at 12:14-20.) Shortly thereafter, Commissioner Ratekin stepped down from Plaintiff's case. (*Id*., at 12:20-21)

**D.      Judge Alksne Takes Over Plaintiff's Family Case and Plaintiff Accuses her of Unethical Conduct**

Sometime after October 2021, Judge Alksne took over Plaintiff's matter. (*Id*., at 12:20-21.) Plaintiff asserts that during this time, Judge Alksne presided over an emergency hearing of which he was not notified. (*Id*., at 12:22-25.) Plaintiff also asserts he tried to log in to the hearing at the last moment, but he was denied access. (*Id*., at 13:1-2.) In October 2021, another ex-parte hearing occurred where Plaintiff claims he was denied access. (*Id*., at 13:3-4.)

In November 2021, Plaintiff lodged paperwork regarding his heart attack with the Court in November 2021, and claims that he requested to appear at all proceedings remotely. (*Id*.) Nevertheless, Plaintiff claims Judge Alksne discriminated against him by denying him access to hearings. (*Id*., at 13:3-16.) Plaintiff does not identify any conduct by Schulman or MS&M during this time.

**E.      Plaintiff Takes Custody of B.E and the State Arrests Him for Kidnapping.**

At some point Plaintiff took complete custody of B.E. (*Id*., at 13:16-24.) This resulted in the San Diego County District Attorney's Office Family Protection Division becoming involved. (*Id.*, at 14:4-5.) Plaintiff learned Ms. Schuck wanted him arrested, and Plaintiff started writing copious emails to the District Attorney's Office, Ms. Schuck, Schulman, and others "outlining the transgressions that were made against [him]." (*Id*., at 14:10:15.)

Plaintiff theorizes that all Defendants colluded with one another to arrest Plaintiff, and that the collusion culminated on January 3, 2023, when Plaintiff was arrested. (*Id*., at 14:19.) Plaintiff contends Defendant Luis Pena, Chief of the Family Protection Division Melissa Diaz, Ms. Shuck, and others coordinated with one another to achieve this goal. (*Id*., at 14:15-18.) The Court held Plaintiff without bail,

and reasoned Plaintiff's behavior was cause for alarm. (*Id*., at 2:15-17.) Despite Plaintiff's sweeping allegation, Plaintiff does not identify how Schulman and MSM schemed against him.

## III.

## PLAINTIFF'S CLAIMS AGAINST SCHULMAN AND MS&M SHOULD BE DISMISSED PURSUANT TO 12(B)(6) BECAUSE THE COMPLAINT IS RAMPANT WITH LEGAL CONCLUSION AND LACKS FACTUAL DETAIL

Preliminarily, Plaintiff's claims against Defendants should be dismissed because the Complaint does not state enough facts to raise Plaintiff's claims from possible to plausible. Under Federal Rule of Civil Procedure 12 (b)(6), this Court is authorized to dismiss a cause of action if it fails to state a claim upon which relief can be granted. Dismissal may be premised on of lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990.) The federal pleading standard requires Plaintiffs to provide more than an "unadorned, the defendant unlawfully harmed-me accusation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter accepted as true, to 'state a claim of relief that is plausible on its face.'" *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Aschroft v. Iqbal*, 556 U.S. 662, 678. (2009). The Court is not required to accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 226 F.3d 979, 988 (9th Cir. 2011). Indeed, while legal conclusions may provide the framework of a complaint, they must be supported by factual allegations. *Ashcroft*, ///

556 U.S. at 678. Further, leave to amend need not be granted where amendment would be futile. *Gomper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

**A.     Plaintiff's Claims Against Schulman and MS&M Should Be Dismissed Because the Complaint Does Not Meet the Rule 8 Pleading Standard**.

Federal Rule of Civil Procedure 8 subdivision (a) provides that a valid complaint must contain: (2) a short and plain statement of the claim showing that the pleader is entitled to relief; (3) a demand for the relief sought, which may include relief in the alternative or different types of relief. The objective of Rule 8 is to provide defendants with "fair notice" of the claims against them, as well as notice of the grounds on which the claim is based. *Twombly*, *supra*, 550 U.S. at 555. (plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") Even contentions made by a pro se litigant must provide defendants with notice about what they did wrong. *Henderson v. Sheanan* 196 F.3d 839, 846 (1999).

Plaintiff's Complaint against Schulman and MS&M does not meet the Rule 8 standard. Plaintiff complaints against Schulman and MS&M can be boiled down to two main contentions: (1) Defendants cultivated and leveraged a positive business relationship with Commissioner Ratekin, and (2) Schulman and MS&M advanced frivolous legal arguments and misstated facts on the record. Taken together, neither allegation provides a viable basis for relief. How did Schulman or anyone else from MS&M violate Plaintiff's constitutional rights? How were Schulman and MS&M negligent? Moreover, what acts by MS&M constitute willful misconduct? Review of the Complaint leaves these questions unanswered.

Schulman and MS&M anticipate Plaintiff will rely on his conspiracy theory to breathe life into his claims. Again, this is not enough. Any conspiracy allegations are no more than a legal conclusion. If Schulman and MS&M participated in a conspiracy against Plaintiff (they did not), then Plaintiff must provide this Court (and

Defendants) with who, what, where, when, and why details. For instance, how did Schulman and MS&M participate in Plaintiff's "unreasonable" arrest? How did Schulman and MS&M aid in the violation of Plaintiff's Due Process rights? The Complaint leaves these questions unanswered. How can Schulman and MS&M prepare a defense when they do not know what they must defend against. They cannot. Accordingly, the Complaint fails to meet the Rule 8 Standard and should be dismissed.

**B.** **The Complaint Fails to State a Valid Claim Under 42 U.S.C. 1983 Because Plaintiff Does Not Adequately Allege that Defendants (A) Violated Plaintiff's Constitutional Rights and (B) Deprived Such Rights Under Color of State Law**

Plaintiff's 42 U.S.C. § 1983 claim fails because Plaintiff cannot substantiate the claim with facts. This part of the Code Section provides a private right of action against any person who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution and the laws of the United States. Section 1983 is not a source of substantive rights, but merely a method for vindicating federal rights established elsewhere. *Graham v. Connor*, (1989) 490 U.S. 386, 393-94. To succeed on a claim under § 1983, a plaintiff must show (a) the deprivation of "a right secured by the Constitution or laws of the United States," and (b) "that the alleged deprivation was committed under color of state law." *J.K.G. v. County of San Diego*, No. 11CV305-JLS-RBB, 2011 WL 5218253, at *13 (S.D. Cal. 2011) Here, neither element is met.

**1.** **Plaintiff Fails to Adequately Allege that Defendants Violated His Constitutional Rights**

The threshold question for evaluating 42 U.S.C. § 1983 claim is "whether the plaintiff has alleged a constitutional deprivation. *Estate of Imrie v. Golden Gate Bridge*, 282 F.Supp.2d 1145, 1148 (N.D. Cal. 2003). To meet this standard, plaintiffs must link each named defendant with some affirmative act or omission that

demonstrates a violation of plaintiffs' federal rights. *Thomas v. Hickman*, 2006 WL 2868967, at * 11 (E.D. Cal. 2006).

Here, the Complaint is devoid of facts demonstrating that Schulman and MSM deprived Plaintiff of a constitutional or federal right. Plaintiff attempts to support this prong by asserting two claims for Negligence (Fourth Cause of Action) and Willful Misconduct (Fifth Cause of Action). Nevertheless, these state law claims cannot form the basis for a § 1983 claim. *Smith v. Brown*, 2015 WL 898524, at *3 (C.D. Cal. 2015). Apart from his state law claims, Plaintiff asserts Schulman and MS&M violated his First, Fourth, and Fourteenth Amendment rights. (Complaint, at p. 3:2-8, and ¶¶ 70-83.) Nevertheless, all three of these allegations fail against Schulman and MS&M.

## 2. Plaintiff Fails to Set Forth Sufficient Facts to State a Claim Under the First Amendment.

Plaintiff fails to state a 42 U.S.C. § 1983 claim for a violation of his First Amendment Rights. To establish a § 1983 claim for violating his right to free speech, a plaintiff must demonstrate that defendants' actions "deterred or chilled [the plaintiff's] speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct." *Sloman v. Tadlock*, 21 F.3d 1462, 1469-70 (9th Cir. 1994) (citations omitted.) Plaintiff also must demonstrate that the defendants' acts would inhibit or chill a person of ordinary firmness from future First Amendment activities. *Mendocino Environmental Center v. Mendocino County*, 192 F.3d 1238, 1300-1301 (9th Cir. 1999).

The Complaint does not sufficiently allege a violation of the First Amendment. Plaintiff supports his First Amendment claim by asserting Plaintiff wrote emails criticizing government officials to Schulman, Ms. Schuck, District Attorney Staff, and Mr. Cord. Plaintiff concludes that Defendants sent him to jail because of these emails. (Complaint, at 18:6-15.) This is a conclusion. What did Plaintiff say? Why did Defendants want to censor Plaintiff? Moreover, the law requires Plaintiff to link

Schulman and MS&M to the alleged violation. Plaintiff does not, and his First Amendment claim necessarily fails.

Plaintiff's First Amendment Claim is also refuted by the Complaint's allegations. Plaintiff claims his rights were deterred because Defendants placed him in jail. Nevertheless, the Complaint recognizes that Plaintiff was jailed for *kidnapping*, not for his letters. (Complaint, at 2:1-2.) Plaintiff may argue he was further deterred from speech because the state held him without bail. This argument is flimsy. The state held Plaintiff without bail because, as the Court acknowledged, Plaintiff's conduct (including his emails) was "cause for alarm." Plaintiff does not have a First Amendment right to threaten others. See *Lovell v. Poway Unified Sch. Dist.*, 90 F.3d 367, 371(9th Cir. 1996) ("In general, threats are not protected by the First Amendment.") Without more, Plaintiff's First Amendment contention cannot form the basis for his 42 U.S.C. §1938 claim.

**3.  Plaintiff Does Not Adequately State a Claim for a Fourth Amendment Violation**.

Plaintiff further contends his Fourth Amendment rights were violated. This claim also fails. The Fourth Amendment protects individuals from unreasonable searches and seizures. U.S. Const. Amend. IV. To state a section 1983 claim for an unconstitutional arrest, Plaintiff must allege facts showing that he was arrested without probable cause or other justification. *Dubner v. City & County of San Francisco*, 266 F.3d. 959, 964 (9th Cir. 2001) ("[a] claim for unlawful arrest is cognizable under section 193 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification.")

Plaintiff's allegation that his constitutional rights were violated is thinly supported. Plaintiff claims he was not arrested with a "valid" warrant. (Complaint, at 14:18-19, 15:24-27.) This argument is also defeated by the Complaint. Specifically, Plaintiff alleges that his son was staying with him full time despite existing custody orders. The state arrested Plaintiff on family kidnapping charges. Plaintiff claims his

arrest was unreasonable yet admits to the crime he was arrested for. There was no Fourth Amendment violation.

Additionally, even if one found Plaintiff's Fourth Amendment rights were violated, Plaintiff does not link Schulman and MS&M to the violation. How did Schulman and MS&M aid in the arrest? How did Schulman or MS&M's conduct lead to Plaintiff's injury? Plaintiff does not allege these facts. This alleged violation fails against Schulman and MS&M and cannot form the basis of Plaintiff's claims against them.

**4.    Plaintiff Does Not Adequately Set Forth Facts to Support His Claim Under the Equal Protection Clause.**

The Equal Protection of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws; which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. Amend. XIV). To state a claim under 42 U.S.C. § 1938 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) cert. denied 525 U.S. 1154 (1999).

Plaintiff fails to set forth sufficient facts to sustain his claim under the Equal Protection Clause of the Fourteenth Amendment. First, Plaintiff does not allege that he is a member of a protected class. Second, the Complaint is devoid of allegations suggesting that any Defendant, including Schulman and MS&M, acted with a discriminatory purpose or intent against Plaintiff based upon Plaintiff's membership in the protected class. Finally, Plaintiff does not allege any facts that sufficiently demonstrate that he was treated differently that others similarly situated to him, or that Defendants intentionally, and without rational basis, treated Plaintiff differently from others similarly situated. *Village of Willbrook, et al. v. Olech*, 528 U.S. 562,

9

564 (2000). Without these necessary allegations, Plaintiff's claim cannot survive.

**5. Plaintiff's Allegations Are Also Insufficient to State a Claim Under the Due Process Clause of the Fourteenth Amendment**

Plaintiff is also fails to adequately allege a violation of his due process rights. The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV § 1. To plead a cause of action for deprivation of procedural due process, a plaintiff must allege: (1) a liberty or property interest protected by the Constitution; (2) deprivation of that interest by the government; and (3) lack of due process of law with regard to that deprivation. *Wright v. Riveland*, 219 F.3d. 905, 913 (9th Cir. 2000).

Once more this claim fails. Plaintiff will allege Defendants deprived him of liberty by placing him in jail. Therefore, the inquiry becomes whether Plaintiff received adequate process. Plaintiff does not include any facts showing the State (or Schulman and MS&M) deprived him of his due process rights before he was jailed. Indeed, Plaintiff recognizes that he received a hearing where the judge set forth the grounds for his arrest and his reasoning via bail. This claim, without more, does not hold up to scrutiny.

**a. Plaintiff Cannot Allege That Schulman and MS&M Deprived Such Rights Under Color of State Law**

All three of Plaintiff's Constitutional violation claims are factually deficient. Nonetheless, even if one gave Plaintiff the benefit of the doubt, these claims still fail against Schulman and MS&M because Plaintiff cannot show they acted "under color of state law." The law is clear. To sustain a 42 U.S.C. §1938 claim, Plaintiff must show that while Plaintiff's deprived him of his Constitutional rights, they acted under color of state law. Private attorneys do not act under color of state law when engaged in the practice of law. *Coleman v. Sterling*, No. 09-CV-1594-W-BGS, 2011 WL 839552, at *6-7 (S.D. Cal. 2011).

Here, Plaintiff concludes, "At all times relevant herein the Defendants and all State Officials act[ed] under the color of law and outside the scope of their jurisdiction and authority." (Complaint, at 3:12-14.) This is not enough to support this prong of the analysis. Additionally, it is not the law. Schulman is a private actor and MS&M is a private firm. (*Id.*, at 6:2-10.) The fact that these two defendants engage in the practice of law is not enough for Plaintiff to claim they acted under color of state law.

To overcome this hurdle, Plaintiff will likely claim Schulman and MS&M conspired with state officials. This legal conclusion is not enough to sustain Plaintiff's claim. Conspiracy allegations are subject to the heightened pleading requirement. Fed. R. Civ. P. 9; *Price v. Hawaii*, 939 F.2d 702, 707-09 (9th Cir. 1991). To prove a conspiracy between the state and private individuals under section 1983, the plaintiff must allege facts with sufficient particularity to show an agreement or meeting of the minds to violate constitutional rights. *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998). Each participant in the alleged conspiracy need not know the exact details of the plan, but each must share the common objective of the conspiracy. *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002). Conclusory allegations are not enough to state a claim for conspiracy. *Simmons v. Sacramento Cnty. Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003).

Plaintiff fails to show Schulman or MS&M conspired with other Defendants to violate Plaintiff's constitutional rights. Plaintiff does not include any facts showing Schulman or anyone from MS&M had a meeting of the minds with other named defendants. Plaintiff further does not provide any allegations showing Defendants shared the same goal or conspiracy. At best, Plaintiff alleges that all Defendants belonged to the alleged email chain where Plaintiff voiced his Complaints about government officials. It is unclear from the Complaint whether Defendants even

/ / /

/ / /

know one another. Plaintiff's conspiracy is rooted in fiction and does not hold up to scrutiny. Accordingly, Plaintiff fails to meet the pleading standard for alleging a conspiracy theory.

As such, Plaintiff's 42 U.S.C. § 1983 claim fails because Plaintiff cannot support either prong of the analysis with key facts.

**C.** **Plaintiff's Claims Also Fail Because They Are Defeated by California's Anti-SLAPP Statute**

Even assuming one found Plaintiff's claims do not fail the Rule 8 and Rule 12 pleading standards, Plaintiff's Claims against Schulman and MS&M are barred by California's anti-SLAPP statute. The conduct underlying Plaintiff's legal claims amounts to protected petitioning activity. California Code of Civil Procedure section 425.16 provides for a special motion to strike meritless claims that arise from protected activity. As relevant here, the statute defines protected activity as "any act of that person in furtherance of the person's right of petition or free speech;" "any written or oral statement made before a legislative, executive, or judicial proceeding, or any other proceeding authorized by law;" and statements made "in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Code Civ. Proc. § 425.16 subd. (e)(1), (e)(2), and (e)(4). The Anti-SLAPP statute is construed broadly. *Id*. at § 425.16 subd. (a).

The anti-SLAPP statute sets forth a two-step process for evaluating a special motion to strike. *Herring Networks Inc. v. Maddow*, F.Supp.3d 1042, 1046-47 (S.D. Cal. 2020). First, the Court must determine if the defendant has made a threshold showing that the challenged claim arises from protected activity. *Jarrow Formulas, Inc. v. Lamarche* (2003) 31 Cal.4th 728, 733. In deciding whether the "arising from" requirement is met, a court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 79, quoting Cal. Code Civ. Proc. § 425.15 subd.

(b). If the defendant shows the claims arise from protected activity, the burden shifts to the plaintiff to demonstrate by "competent, admissible evidence" a probability of success on the merits. *Hailstone v. Martinez,* 169 Cal.App.4th 728, 736 (2008). If Plaintiff cannot meet this burden, the claims must be stricken. Cal. Code Civ. Proc. § 425.16 subd. (b)(1).

**1. The First Prong of the Anti-SLAPP Statute is Met because Plaintiff's Claims Against Defendants Arise from Protected Petitioning Activity.**

Plaintiff supports his claims against Schulman and MS&M with two major allegations: (1) Schulman leveraged his positive relationship with Commissioner Ratekin to advance "frivolous legal arguments, misstate[e] facts on the record, and disregard [] procedural requirements." (Complaint, at 10:16-21.) Nevertheless, these acts cannot support a viable claim because they are protected by the anti-SLAPP statute. That is, Schulman and MS&M's conduct constitutes communicative conduct in furtherance of a client's right to petition. "All communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute. *Optimal Capital Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 18 Cal.App.5th 95, 113 (2017). Accordingly, the first prong of the anti-SLAPP analysis is established.

**a. Leveraging a Positive Judicial Relationship to Advance a Client's Position is Protected Petitioning Activity under the anti-SLAPP Statute**

One of Plaintiff's chief complaints against Schulman and MS&M is that they leveraged a positive business relationship with Commissioner Ratekin to advance Ms. Schuck's case. A cause of action 'arising from' defendant's litigation activity may be appropriately adjudicated via a special motion to strike under California Code of Civil Procedure section 425.16. *Church of Scientology v. Wollersheim,* 42

Cal.App.4th 628, 648 (1996). The anti-SLAPP statute is construed broadly and encompasses an entire range of "procedures" attorney's complete incident to litigation. *Rusheen v. Cohen*, 37 Cal.4th 1048, 1056-57 (2006). Leveraging a positive relationship with a judge is precisely the kind of protected activity covered by the anti-SLAPP statute. First, cultivating this relationship necessarily involves communicative conduct by an attorney. Second, this conduct may be characterized as "procedures incident to litigation" because any relationship Schulman and MS&M cultivated with Commissioner Ratekin was incidental to them litigating cases before her. As such, this is *per se* protected activity under the anti-SLAPP statute.

  **b.**  **Plaintiff's Allegations that Schulman Advanced "frivolous" Legal Arguments and "Misstated Testimony on the Record Also Constitutes Protected Petitioning Activity**.

Plaintiff also complains that Schulman advanced frivolous legal arguments, misstated testimony, and ignored procedural requirements during the family law hearings. All three acts fall squarely within the coverage of the anti-SLAPP statute. Indeed, these acts by Schulman constitute, "oral statement[s] made before a legislative, executive, or judicial proceeding, or any other proceeding authorized by law." Schulman also made these statements when representing Ms. Schuck in the family law proceedings. The statements were made "in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." As such, Schulman's conduct constitutes protected activity. Code Civ. Proc. § 425.16 subd. (e).

  **c.**  **The Fact that Plaintiff Accuses Schulman's Conduct and Statements to Be Unlawful Does Not Remove Them from the Anti-SLAPP Statute's Protection**.

Plaintiff may argue Schulman's acts and statements do not fall within the purview of the anti-SLAPP statute because his conduct was unethical or even unlawful. This argument fails. Whether a statement was unethical or even unlawful

does not remove it from anti-SLAPP protection. Any "claimed illegitimacy of the defendant's acts is an issue which the plaintiff must raise and support in the context of the discharge of plaintiff's [second] burden to provide prima facie showing of the merits of the plaintiff's case." *Navellier v. Sletten*, 29 Cal. 4th 82, 94 (2002). The moving party need only show the conduct that forms the basis of the challenged conduct that forms the basis of the challenged causes of action was an act in furtherance of the right to petition. *City of Cotati v. Cashman*, 29 Cal.4th 69, 78 (2002).

California Law is replete with examples of courts applying the protections of the anti-SLAPP statute to conduct by attorneys, in litigation, which is alleged to be fraudulent or tortious. *See, e.g.*, *Silberg v. Anderson* 50 Cal. 3d 205 (1990) [procurement of a biased and inaccurate psychologist's report through attorney's influence, which resulted in husband's loss of visitation with children, was protected activity because it was done in the context of ongoing litigation]; *Rusheen*, *supra*, 37 Cal. 4th at 1056 [filing allegedly false declarations of service to obtain a default judgment was protected activity]. As such, the fact that Schulman's statements are alleged to be misleading, unethical, or even unlawful, does not remove them from the ambit of protected activity.

> ### d. Plaintiff's Claims Against Schulman and MS&M *Arise from Protected Activity*.

Plaintiff's claims arise out of the protected activity. In determining whether a claim "arises from" protected conduct, the Court looks at the "allegedly wrongful and injury-producing conduct that provides the foundation for the claims." *Castleman v. Sagaser* 216 Cal.App.4th 481, 490-91 (2013). "The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's activity that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." *Navellier v. Sletten*, 29 Cal.4th 82, 92 (2002). Regardless of the style of the claims, "[i]f the supporting

allegations include conduct furthering the defendant's exercise of the constitutional rights of free speech or petition, the pleaded cause of action 'aris[es] from' protected activity, at least in part, and is subject to [a] special motion to strike." *Baral* v. *Schnitt*, 1 Cal. 5th 376, 381-82 (2016).

Here, Plaintiff asserts negligence and willful misconduct claims against Schulman and MS&M. To state a negligence claim, Plaintiff must allege: (a) duty, (2) breach, (3) causation, and (4) damages. Gonzalez v. PGE, 2014 WL 6469117, at *6-7. To state a willful misconduct claim, Plaintiff must allege (1) actual or constructive knowledge of the peril to be apprehended, (2) actual or constructive knowledge injury is probable, as opposed to possible, result of damage, and (3) conscious failure to avoid the peril. *Charpentier v. Von Geldern*, 191 Cal.App. 3d 101, 114 (1987). Validity of these claims aside, the only "misconduct" or "breach" that Plaintiff could point to are alleged frivolous arguments and misstatement during the family law proceedings. This conduct arises from protected petitioning activity. These are statements made during a judicial proceeding in connection with an item under review. Plaintiff's claims therefore arise from protected activity and are subject to being stricken under the anti-SLAPP statute.

**2.     Plaintiff Cannot Meet His Burden as to the Second Prong of the Anti-SLAPP Analysis Because His Claims Are Subject to Several Defenses**

Plaintiff's claims arise from protected petitioning activity. Therefore, the burden shifts to plaintiff to demonstrate with "competent and admissible evidence" that the claims are meritorious. *Wittenberg v. Bornstein,* 50 Cal.App.5th 303, 315 (2020). If a plaintiff fails to state and substantiate a legally sufficient claim, the court must strike the "clai". *Church of Scientology v. Wollersheim*, 42 Cal.App.4th 628 (1996). Plaintiff cannot meet his burden in this case because: (1) the litigation-related activities alleged in the Complaint are absolutely privileged under Civil Code section 47(b); (2) the evidence Defendants need to defend themselves is privileged; and (3)

Plaintiff cannot establish the essential elements of any claim.

### a. The Litigation Privilege Provides a Complete Defense Against Plaintiff's Claims

Plaintiff cannot establish a probability of prevailing because the litigation privilege precludes liability on the claims. *Optional Capital, Inc.*, 18 Cal.App.5th at 115. California Civil Code section 47(b) grants absolute immunity from tort liability for any statements made in relation to judicial proceedings. *Jarrow Formulas*, 31 Cal.4th at 737. The litigation privilege protects statements made during litigation in addition to "communications preparatory to or in anticipation of the bringing of an action or other official proceeding." *Briggs v. Eden Council for Hope & Opportunity,* 19 Cal.4th 1106, 1115 (1999). "Any doubt as to whether the privilege applies is resolved in favor of applying it." *Adams v. Superior Court* 2 Cal.App.4th 521, 529. (1992) Here, the evidence establishes Schulman's and MS&M's statements were solely made for the purpose of representing Ms. Schuck in the ongoing family law proceedings. As the litigation privilege is a complete defense to Plaintiff's claims, Plaintiff cannot establish minimal merit and his claims must be stricken.

### b. Plaintiff Cannot Establish the Elements of His Claims.

Finally, Plaintiff must present competent, admissible evidence substantiating his claims to withstand Schulman and MS&Ms Motion to Strike. Plaintiff cannot do so. First, Plaintiff's 42 U.S.C. § 1983 claim fails against Schulman and MS&M because Plaintiff cannot show Defendants violated Plaintiff's constitutional rights. Plaintiff also cannot show Schulman or MS&M conspired with state officials to deprive him of his rights. Second, Plaintiff's Negligence claim fails because Schulman and MS&M never undertook a duty to Plaintiff. Third, Plaintiff's willful misconduct claim fails because each element of the claim is unsupported by allegations or evidence. As such, Plaintiff cannot show a likelihood of success on the merits and his claims should be stricken.

/ / /

# IV.

## CONCLUSION

Plaintiff fails to state a claim pursuant to Federal Rule of Civil Procedure 8 and 12. Additionally, the basis for Plaintiff's claims describes actions that are *per se* protected activity under the anti-SLAPP statute. Because Plaintiff cannot demonstrate the merit of any claim, Plaintiff's Complaint must be stricken and/or dismissed as to Schulman and MS&M.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: April 20, 2023      By:    s/ *Douglas A. Pettit*
                                      Douglas A. Pettit, Esq.
                                      Sara E. Bloch, Esq.
                                      Attorneys for Defendants
                                      **DAVID SCHULMAN & MOORE, SCHULMAN & MOORE APC**

# CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS DAVID SCHULMAN & MOORE, SCHULMAN & MOORE APC'S MOTION TO DISMISS AND SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT**

was served on this date to counsel of record:

[ ] **BY MAIL:** By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ x ] **BY E-MAIL DELIVERY:** Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below. I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ x ] **BY ELECTRONIC TRANSMISSION:** I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

| | |
|---|---|
| Robert Emert<br>2351 Vista Lago Terrace<br>Escondido, CA 92029<br>cl3@kidsmatter.charity<br>**Plaintiff In Pro Per** | Steven Paul Inman II, Esq.<br>Office of the County Counsel<br>1600 Pacific Highway, Suite 355<br>San Diego, CA 92101<br>T: (619) 884-2931<br>steven.inman@sdcounty.ca.gov<br>**Attorneys for Defendant<br>Luis Vena** |
| Peter Schluederberg, Esq.<br>Peter Q. Schluederberg, APC<br>5330 Carroll Canyon Road, Suite 230<br>San Diego, CA 92121<br>T: (760) 505-2205<br>peter@pqslaw.com<br>**Attorneys for Defendant<br>Andrea Schuck** | Carmela E. Duke<br>Superior Court of California, County of San Diego<br>1100 Union Street<br>San Diego, CA 92101<br>T: (619) 844-2382<br>carmela.duke@sdcourt.ca.gov<br>**Attorneys for Defendants<br>Patti C. Ratekin, Lorna A. Alksne,<br>David J. Danielsen** |

Executed on **April 20, 2023**, at San Diego, California.

Shari O'Byrne

502-1036

MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STRIKE PL'S FAC
CASE NO. 23-cv-0417-JLS-NLS