Robert Emert

2351 Vista Lago Terrace

Escondido, CA 92029

Robemert@msn.com

760-612-9328

Pro Per



FILED

JUN 12 2023

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Robert Emert,**<br><br>**Plaintiff**<br><br>**v.**<br><br><br>**Defendants,**<br><br>LUIS PENA; ANDREA SCHUCK;<br><br>MATTHEW CORD; PATTI RATEKIN;<br><br>DAVID SCHULMAN; LORNA ALKSNE;<br><br>DAVID DANIELSEN; MOORE,<br><br>SCHULMAN & MOORE | **CASE NO: 3:23-cv-00230-RSH-AHG**<br><br>**1. <u>TRO/FEDERAL INJUNCTION</u>**<br><br>**2. <u>ADA ACCOMODATIONS REQUEST</u>**<br><br>**3. <u>PLAINTIFF UPDATED ADDRESS: 2351 Vista Lago Terrace, Escondido, CA 92029</u>**<br><br>4. <u>REQUEST TO FILE ONLINE</u><br><br>**Courtroom: 3b**<br>**District Judge: Robert Huie**<br>**Magistrate Judge: Allison Goddard**<br>**Complaint Filed: February 7, 2023**<br>**Trial Date: Not Set** |

# Contents

MEMORANDUM OF POINTS AND AUTHORITIES ......................................................................... 3

I. INTRODUCTION ...................................................................................................................... 3

II. LEGAL ARGUMENTS ............................................................................................................. 4

III. CONCLUSION ....................................................................................................................... 5

REQUEST FOR RELIEF ................................................................................................................ 7

INJUNCTIVE RELIEF ................................................................................................................... 8

INTRODUCTION ......................................................................................................................... 8

Irreparable Harm: ..................................................................................................................... 9

Likelihood of Success on the Merits: ........................................................................................ 9

Balance of Equities: ................................................................................................................... 9

Public Interest: ......................................................................................................................... 10

I. Likelihood of Success on the Merits........................................................................................ 10

II. Irreparable Harm .................................................................................................................. 11

III. Balance of Hardships .......................................................................................................... 11

IV. Public Interest ..................................................................................................................... 11

V. Adequate Security ................................................................................................................ 12

Statement of the Case: ............................................................................................................. 12

Statement of Appealability: ..................................................................................................... 13

Statement of the Facts:............................................................................................................. 13

I. Argument: .............................................................................................................................. 14

II. Standard of Review: .............................................................................................................. 15

    Abuse of Discretion:.............................................................................................................. 15

    Mistake or Excusable Neglect: ............................................................................................. 15

    Constitutional Review:.......................................................................................................... 15

III. Elements of the Action:........................................................................................................ 15

    I. Denial of Access to Trial and ADA Violation:....................................................................... 15

    II. Abuse of Discretion or Mistake/Excusable Neglect: ........................................................ 16

    III. Constitutional Rights Violation: ....................................................................................... 16

    IV. Irreparable Harm and Potential Illegal Incarceration: ..................................................... 16

    V. Violation of Basic Due Process and ADA Rules: ................................................................. 16

    IV. Application of Law: ........................................................................................................... 17

        a. Denial of Access to Trial and ADA Violation:.................................................................. 17

b. Abuse of Discretion or Mistake/Excusable Neglect: ........................................................17

c. Constitutional Rights Violation: ..................................................................................17

d. Lack of Jurisdiction: .................................................................................................17

e. Irreparable Harm and Potential Illegal Incarceration: ................................................18

f. Violation of Basic Due Process and ADA Rules: .........................................................18

APPENDIX - EXHIBITS FILED UNDER SEPARATE COVER ............................................................18

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

I, Rob Emert, respectfully submit this memorandum to the United States District Court, seeking a temporary restraining order or a Federal Injunction to impose a stay on the trial court's default judgment dated November 29, 2021. The decisions made by the trial court has severely infringed upon the due process, the provisions of the Americans with Disabilities Act (ADA), and constitutional parental rights that have caused and will continue to cause irreparable harm to me and my children. Discussed further in, Rooker and Younger doctrines don't apply for many reasons including the 11/29/21 default judgment has not been ruled on directly due to jurisdictional issues and irregularities in proceedings. I have already requested two stays in the appellate court regarding the main issues in this case which are embodied in two default judgments (10/15/21; 11/18/21) from a recused commissioner who entered the judgments after she recused. The trial court claims no jurisdiction regarding the default judgment in this TRO request entered 11/29/21 which relied on those default judgment orders that were entered after recusal.

The aforementioned decision has led to significant, irreparable harm, manifesting as a major cardiac event (a 'widow-maker' heart attack) and an unlawful incarceration. Without the imposition of this stay or TRO, there is a genuine concern that further irreversible harm will occur, likely intensifying with a second instance of unlawful incarceration.

Given my pre-existing cardiac condition, which has been exacerbated by the stress surrounding the default judgment, another incarceration could prove fatal. This current distressing

circumstance arises in light of the trial court's repeated disavowals of jurisdiction over the case in regard to the default trial judgement stemming from the 11/29/21 trial where, me my evidence, my witnesses and ADA coordinators were denied access to my own trail. Even more concerning is that it appears that the trial court may have reversed its position. It appears a self-represented litigant is simply not being treated in a manner consistent with the principles of our United States Constitution. There is an irrefutable record for all of this. Therefore, it is of paramount importance that this stay or TRO be granted to prevent further irreparable harm.


## II. LEGAL ARGUMENTS

**A. The Trial Court Abused Its Discretion by Denying a Continuance or Remote Hearings**

As established in Denham v. Superior Court, 2 Cal. 3d 557, 566 (1970), courts have broad discretion in granting a continuance. The trial court's disregard for the Petitioner's serious health condition and denial of a continuance suggests an abuse of discretion under California Code of Civil Procedure (CCP) Section 473(b), warranting review.

**B. The Trial Court Violated Due Process and ADA Regulations**

The trial court's refusal to provide reasonable accommodations and grant access to the trial constitutes a violation of due process (Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541 (1985); Dombrowski v. Pfister, 380 U.S. 479 (1965)) and ADA regulations (Turner v. Rogers, 564 U.S. 431, 441-42 (2011)). The Petitioner's ADA rights, and thus, due process rights, were infringed upon when the trial court failed to accommodate the Petitioner's severe health condition.

**C. Parental Rights Violations Necessitate Reconsideration**

Decisions such as Troxel v. Granville, 530 U.S. 57 (2000), Hawk v. Hawk, 855 S.W.2d 573 (1993), and Brooks v. Parkerson, 265 Ga. 189 (1995), highlight the constitutional right of parents to make decisions regarding the care, custody, and control of their children. The trial court's default judgment has infringed upon the Petitioner's constitutional parental rights and caused substantial distress and irreparable harm to the Petitioner's 16-year-old son and all someone needs to do is ask the kind and competent 16 year old. In the appendix there is extensive documentation regarding Bryce's wants and concerns. The trial court and DDA Balerio have

withheld this evidence in an unethical and illegal manner and most alarming, not in the best interests of the child.

**D. Constitutional Rights Infringement Require Intervention**

The trial court's actions infringed upon the Petitioner's rights under the Fourteenth Amendment (ensuring equal protection and due process under the law) and the Sixth Amendment (securing the right to a fair and public trial). Such constitutional violations warrant intervention from the federal court (Mathews v. Eldridge, 424 U.S. 319, 332-33 (1976)).

**E. Irreparable Harm and Risk of Further Damage Justify Immediate Intervention**

The Petitioner has already suffered significant irreparable harm with the widow maker heart attack and illegal incarceration, with the risk of further irreparable harm if the judgment is not stayed (Winter v. Natural Resources Defense Council (NRDC), Inc., 555 U.S. 7 (2008)). Considering the potential for further violation of the Petitioner's rights and the adverse impact on the Petitioner's 16-year-old son, immediate intervention is necessary (Law Offices of Dixon R. Howell v. Valley, 129 Cal.App.4th 1076, 1095 (2005)).

## III. CONCLUSION

The Petitioner, Rob Emert, respectfully urges the United States District Court to consider the grave and significant issues presented in this memorandum. The severe infringement of the Petitioner's due process rights, as delineated in Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541 (1985) and Dombrowski v. Pfister, 380 U.S. 479 (1965), alongside the blatant breaches of ADA rights as highlighted in Turner v. Rogers, 564 U.S. 431, 441-42 (2011), calls for urgent and thorough consideration.

Additionally, the Petitioner's constitutional parental rights, as outlined in Troxel v. Granville, 530 U.S. 57 (2000), Hawk v. Hawk, 855 S.W.2d 573 (1993), and Brooks v. Parkerson, 265 Ga. 189 (1995), have been substantially violated. This, together with the serious violation of the Petitioner's rights under the Fourteenth Amendment and Sixth Amendment of the United States Constitution, underscores an urgent need for judicial intervention.

Considering the significant and irreparable harm that has already been inflicted upon the Petitioner, in addition to the imminent threat of further harm, it is crucial to acknowledge the Petitioner's severe health condition. The recent 'widow-maker' heart attack outlines a critical

situation where another instance of unlawful incarceration could potentially prove fatal. The denial of access to the trial and the ensuing default judgment have already caused substantial harm, including the loss of family assets and parental rights.

In this case, the unique and exceptional circumstances surrounding the ongoing state court proceedings, which include severe constitutional violations, fraud upon the court, retaliation, and malicious intent, raise significant concerns. Given the gravity of these concerns, the application of the Younger Abstention doctrine and the Rooker-Feldman doctrine do not apply. These doctrines should not act as barriers to the granting of a federal injunction in this instance.

The Younger Abstention doctrine generally discourages federal courts from intervening in ongoing state proceedings. However, it allows exceptions for cases involving harassment or prosecution in bad faith. Clear and compelling evidence is present, demonstrating a pattern of harassment and prosecution in bad faith in this case. This includes biased rulings, disregard for court protocols, and denial of due process rights. These actions suggest an abuse of power and a blatant disregard for the principles of fairness and justice, thereby warranting federal court intervention to safeguard the Petitioner's rights.

Similarly, the Rooker-Feldman doctrine, which generally restricts federal court jurisdiction over matters that essentially appeal state court decisions, does not prohibit federal jurisdiction when the case raises independent federal questions or constitutional issues. The claims in this case are not a mere challenge to the state court decision but implicate fundamental constitutional rights, raising independent federal questions such as alleged civil rights violations, fraud upon the court, and bias. These issues establish the exceptional circumstances that justify an exemption from the Rooker-Feldman doctrine and necessitate federal court intervention.

Given the substantial harm already inflicted on the Petitioner and the imminent threat of further irreparable harm, as illustrated in Winter v. Natural Resources Defense Council (NRDC), Inc., 555 U.S. 7 (2008), the need for immediate intervention to stay the trial court's default judgment is undeniable.

Therefore, considering the totality of these circumstances and the urgent need to prevent further harm that cannot be adequately redressed, the Petitioner urgently seeks a stay of the trial court's default judgment and remand of the case for further proceedings that adhere to due process, ADA regulations, and respect for constitutional parental rights. The United States District Court

is implored to grant the necessary relief in the name of fairness, justice, and respect for fundamental rights.

The Petitioner urges the Court to recognize the importance of this matter and to exercise its authority to protect the constitutional rights and well-being of the Petitioner. By doing so, the Court will ensure that justice is served and that the principles of fairness and due process prevail in this case.


## REQUEST FOR RELIEF

Therefore, the Petitioner respectfully requests that the United States District Court grant the following relief:

1. Stay the trial court's default judgment 11/29/21 pending further proceedings.

2. Remand the case for proceedings that comply with due process, ADA regulations, and the protection of constitutional rights.

3. Provide any additional relief deemed necessary and appropriate by the Court.

By granting this relief, the Court will uphold the principles of fairness, justice, and the protection of fundamental rights that are essential to our legal system. The Petitioner implores the Court to act swiftly and decisively in order to rectify the injustices that have been committed and to ensure that the Petitioner's rights are safeguarded.

In conclusion, the Petitioner respectfully urges the United States District Court to carefully consider the compelling arguments and authorities presented in this memorandum. The severe violations of due process, ADA rights, and constitutional parental rights, along with the exceptional circumstances surrounding the ongoing state court proceedings, necessitate immediate intervention. The granting of a federal injunction to stay the trial court's default judgment is crucial to preventing further irreparable harm and to preserving the principles of fairness, justice, and the protection of fundamental rights.

The Petitioner looks to the Court with hope and confidence that it will uphold the values upon which our legal system is built and provide the necessary relief to rectify the injustices that have been suffered.

# INJUNCTIVE RELIEF

# INTRODUCTION

I, Rob Emert, hereby request an injunction relief for a stay with oral arguments regarding a default judgment made against me on November 29, 2021. The trial court has adamantly stated its lack of jurisdiction to hear the matter concerning the default judgment trial on November 29, 2021, and the subsequent judgment entered on January 24, 2022. The urgency and gravity of the issues involved, particularly the imminent threat to my health, well-being, and the potential for re-incarceration, necessitate an expedited hearing of this injunctive stay request. I respectfully urge the Court to promptly address and resolve this matter due to the pressing circumstances and the potential for further irreparable harm.

It is crucial to highlight that the opposing party seeks to deprive me of all parental rights and family assets solely based on a default judgment resulting from a trial I was unable to attend due to a life-threatening widow maker heart attack, which has caused and continues to cause irreparable harm. However, it is essential to note the lack of evidence supporting their claims, raising serious doubts about their validity. Given the urgent nature of the situation and the potential consequences, including the imminent threat of illegal incarceration, which could prove fatal in my current weakened state, obtaining a stay of the default judgment is of utmost importance.

Furthermore, the distress caused by the default judgment is profoundly affecting my 16-year-old son, who simply wants to be reunited with his father. The Court's immediate attention to this matter, including the provision of oral arguments if the stay is not granted immediately, is vital to address the absence of evidence, prevent further irreparable harm to both my health, including the consequences of the widow maker heart attack, and the well-being of my son, and ensure a fair and just resolution. Without this stay, I firmly believe that I will once again be subject to illegal incarceration, and given my cardiac condition, the likelihood of survival is minimal. Therefore, I respectfully request the Court to grant injunctive relief based on the following grounds:

## Irreparable Harm:

The default judgment entered against me on November 29, 2021, has caused and continues to cause irreparable harm, including the consequences of the widow maker heart attack. This judgment has resulted in the loss of parental rights and family assets, including my retirement account. Furthermore, my medical records and the support of medical professionals clearly demonstrate the immediate threat my severe health condition, exacerbated by the widow maker heart attack, poses to my life and well-being. Monetary damages alone cannot adequately compensate for this irreparable harm. (See eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006); see also Ex parte Young, 209 U.S. 123, 155-156 (1908); Winter v. Natural Resources Defense Council (NRDC), Inc., 555 U.S. 7 (2008); Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541 (1985); Dombrowski v. Pfister, 380 U.S. 479 (1965)).
By granting the requested injunctive relief, the Court can ensure that the imminent irreparable harm, including the consequences of the widow maker heart attack, to my health, well-being, and familial rights is addressed promptly and that a fair and just resolution is achieved.

## Likelihood of Success on the Merits: The facts presented along with my evidentiary exhibits establish a strong likelihood of success on the merits. The trial court's denial of ADA accommodations, the refusal to grant a continuance or remote hearings despite my severe health crisis, and the violation of basic principles of due process and fair hearings all support the legal and factual basis for my appeal. The denial of these fundamental rights undermines the integrity of the judicial process and necessitates immediate intervention (See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); see also City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983)).

## Balance of Equities: The balance of equities weighs heavily in favor of granting injunctive relief. Denying such relief would perpetuate the irreparable harm I am currently experiencing and would fail to address the clear violations of my rights. On the other hand, granting injunctive relief would preserve the status quo, preventing further harm while allowing for a fair and

thorough consideration of the appeal. The harm I am facing far outweighs any potential harm to the opposing party (See Amoco Production Co. v. Gambell, 480 U.S. 531, 545 (1987)).

Public Interest: Granting injunctive relief is in the public interest. Upholding principles of due process, fair hearings, and equal access to justice is fundamental to our legal system. The resolution of this case will have broader implications for individuals with disabilities involved in the court system and will reaffirm the importance of ADA accommodations and the protection of constitutional rights (See Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).

Considering the above, I respectfully request that this Honorable Court grant injunctive relief to prevent further irreparable harm and to preserve the integrity of the appellate process. I trust in the Court's commitment to justice and fairness and seek its intervention to rectify the violations that have occurred.

I also request the Court to consider the relevant constitutional provisions, statutes, court rules, and cases that support my position, including but not limited to the Fourteenth Amendment to the United States Constitution, U.S. Const. amend I, U.S. Const. amend 6, U.S. Const. amend 14, 18 USC 242, CRC Rule 3.1332, and Troxel v. Granville, 530 U.S. 57, 2000.

## I. Likelihood of Success on the Merits

The default judgment was entered on a trial I was unable to participate in due to a severe health crisis. I had nearly died from a heart attack on 09/30/21, a fact known and documented by the court through proper motions and the ADA coordinator. It was a "widow maker" with 100% blockage of the LAD. In compliance with California Rules of Court, Rule 3.1332 (Dombrowski v. Pfister, 380 U.S. 479, 1965), I filed a motion for a continuance and requested remote hearings, but both were denied. This denial disregarded basic fairness, due process, and the Americans with Disabilities Act (ADA) (Tennessee v. Lane, 541 U.S. 509, 2004; Olmstead v. L.C., 527 U.S. 581, 1999).

## II. Irreparable Harm

Should the default judgment not be stayed, it will continue to wreak havoc on my life and health, possibly resulting in fatal consequences due to the severe stress exacerbating my heart condition. I have secured several letters from medical professionals, including my cardiologist, that detail the severe health consequences I face due to stress, potential re-incarceration, and the pervasive impact of the default judgment. Furthermore, the default judgment has resulted in the loss of my parental rights and family assets, which is not only absurd on its face but has also caused significant distress to my 16-year-old son. Evidenced by authoritative sources and recordings, my son's best interests—living with his father—are clearly outlined. His distress further reinforces the substantial and irreversible harm this default judgment has caused (Troxel v. Granville, 530 U.S. 57, 2000; Hawk v. Hawk, 855 S.W.2d 573, 1993; Brooks v. Parkerson, 265 Ga. 189, 1995).

The judgment has caused, and continues to cause, irreparable harm. My health, already compromised by the serious heart attack, has been further jeopardized by **illegal incarceration following a prosecution under Section 278.5(a), which didn't apply due to Section 278.7**. If the stay is not granted and I am incarcerated again, I fear that I may not survive.

## III. Balance of Hardships

The balance of hardships significantly favors granting the stay. If the stay is not granted, I face the risk of further health deterioration and potential re-incarceration. The opposing party's interest in enforcing the judgment is outweighed by my health concerns, potential wrongful incarceration, and the overall violation of my due process and ADA rights (Fourteenth Amendment to the United States Constitution; U.S. Const. amend I; U.S. Const. amend 6; U.S. Const. amend 14; 18 USC 242).

## IV. Public Interest

The public interest is best served by ensuring compliance with ADA rules and due process rights. This case presents a significant issue regarding the interpretation and application of these laws, which will have broad implications for individuals with disabilities involved in the court system and will also reaffirm the importance of due process and fair hearing in our justice system (Winter v. Natural Resources Defense Council (NRDC), Inc., 555 U.S. 7, 2008).

## V. Adequate Security

I am willing to comply with any conditions the Court deems appropriate in granting the stay.

In conclusion, all the essential elements necessary for granting a stay or TRO are met in this case. The likelihood of success on the merits is substantial given the clear violation of ADA and due process rights. The irreparable harm I am suffering and continue to suffer as a result of this default judgment is evident and devastating.

Importantly, this claim is supported by an irrefutable record that documents every interaction with the trial court, the persistent denial of my rights, and the ongoing harm suffered due to the default judgment (California Code of Judicial Ethics Canon 1, Canon 2, Canon 3, Canon 3B(2), Canon 3B(5), Canon 3B(8)).

The balance of hardships weighs heavily in my favor, and the public interest is undoubtedly served by rectifying this injustice.

There may be some redundancies in my presentation. As a self-represented litigant, I have done my best to cover all the necessary elements, including a comprehensive statement of the case, facts, arguments, and the application of the law. While there may be some redundancy, I ask for the court's understanding as I navigate this process in pursuit of justice for myself and my two children.

I acknowledge the challenges of self-representation and the limitations it may bring. However, I am committed to diligently pursuing a fair and just resolution. I kindly request the court's leniency and understanding regarding any shortcomings in my presentation. I believe that my genuine concern for the welfare of me and my children and the irreparable harm being caused needs to be taken into consideration.

## Statement of the Case: This appeal arises from a divorce proceeding in which a default

judgment was entered against me on 01/24/22 regarding a trial on 11/29/21. This trial, unfortunately, occurred without my presence. The context behind this denial of access is critical: On September 29, 2021, I suffered a heart attack, a medical event so severe it nearly resulted in

my death. I communicated this crucial fact to the trial court through appropriate motions and the ADA coordinator, as is the protocol under Title II of the ADA, 42 U.S.C. § 12101 et seq.

Despite these significant health issues, my motions for a continuance, pursuant to California Rules of Court, Rule 3.1332, or, at a minimum, remote hearings, were denied. This decision violated both my constitutional right to due process under the 14th Amendment of the U.S. Constitution and the Americans with Disabilities Act (ADA). Consequently, the trial proceeded without my presence, my witnesses, my evidence, and the required ADA accommodations.

## Statement of Appealability: The trial court has indicated that this is a matter for the

appellate court but has also switched its position in this regard. I did not put this trial default judgement on appeal while the trial court flip flops on its jurisdiction to the point I was illegally incarcerated. In alignment with this stance, I seek to rectify the severe errors and constitutional violations that occurred at the trial court level. I have filed everything within the prescribed time frame, as mandated by the California Rules of Court. Furthermore, the trial court has indicated adamantly and several times that it lacked jurisdiction to hear the matter regarding the 11/29/21 default judgment, further necessitating this appeal.

## Statement of the Facts: The facts central to this case are as follows:

On September 30, 2021, I suffered a life-threatening heart attack, an event that greatly impacted my physical health and overall well-being.

Adhering to appropriate legal procedures, I filed motions with the trial court, requesting ADA accommodation and a continuance or remote hearings due to my critical health condition.

The trial court, however, denied my motions, infringing upon my right to meaningfully participate in the trial and in direct violation of my constitutional right to due process, as affirmed in Goss v. Lopez, 419 U.S. 565 (1975).

Despite the critical importance of ADA accommodations and the factual evidence regarding my health crisis, the trial court disregarded basic fairness. This led to a default judgment that neglects ADA rules and due process rights, further violating my rights under Ungar v. Sarafite, 376 U.S. 575 (1964).

The repercussions of this default judgment have been devastating. I have experienced severe physical and emotional distress due to the denial of my parental rights and the loss of critical family assets, including my retirement account.

Similarly, this judgment has profoundly impacted my 16-year-old son, who is being denied the opportunity to continue residing in the only home he has known, causing significant emotional distress.

The unjust default judgment rendered against me during the trial on November 29, 2021, represents a grave violation of my rights to due process, fair hearings, and equal access to justice. The court's refusal to grant a continuance or remote hearings, in spite of my severe health crisis, is a blatant disregard for fundamental principles of fairness and constitutional protections.

I respectfully request that the Court carefully review the facts of this case, acknowledging the urgency and the immediate threat to my health and overall pursuit of justice. By granting a stay of the default judgment and allowing for oral arguments, this Court has the power to rectify this severe injustice and restore the principles of fairness, due process, and equal access to justice that are the bedrock of our legal system.

## I. Argument:

Me, my evidence, my witnesses, and ADA coordinators were denied access to my own trial shortly after I had widow maker heart attack. I followed the rules of court, provided the necessary documentation, and advised all interested parties timely and in the correct manner for a brief continuance and or remote hearings. The trial court's position is it does not have jurisdiction to hear the matter. This is a fundamental due process and ADA issue that needs to be remedied by the court immediately due to the irreparable harm it has caused and WILL cause if the judgment is not stayed. The default judgment stemming from the 11/29/21 trial and entered 01/24/22. It is still open due to various motions filed and is calendared to be heard September 2023. But this needs to be resolved immediately due to the imminent illegal incarceration of me that the DA has already demonstrated they will do. And if that was not enough, my cardiac issue is dire, and I likely wouldn't survive another illegal incarceration. This basic violation of basic

due process and ADA rules is either an abuse of discretion, or due to a mistake, excusable neglect, falling under California Code of Civil Procedure Section 473(b).

## II. Standard of Review:

Abuse of Discretion: Proceeding with my trial without me when I followed all the rules of court to a brief continuance given my recent widow maker heart attack is clearly an abuse of discretion if it was done on purpose. The evidence I have makes it appear it may have been done on purpose, but I also leave open the possibility it was a mistake or misunderstanding. The court should determine if the trial court's decision was arbitrary, capricious, or lacked proper consideration of the relevant facts and applicable law (See Denham v. Superior Court, 2 Cal. 3d 557, 566 (1970)).

Mistake or Excusable Neglect: The trial court's denial of a brief continuance or remote hearings, despite my timely and proper notification, could be characterized as a mistake or excusable neglect. This analysis would involve an examination of whether the trial court's decision was erroneous, based on a misinterpretation or misapplication of the law, or a failure to consider the petitioner's legitimate grounds for requesting a continuance or remote hearings (See Code of Civil Procedure, Section 473(b)).

Constitutional Review: In addition to the above standards, the appellate court needs to conduct a constitutional review to ensure that the trial court's actions did not infringe upon my constitutional rights. Specifically, the court should assess whether the denial of access to the trial, despite my health condition and compliance with court procedures, violated my rights to due process as guaranteed by the Fourteenth Amendment to the United States Constitution (See Cleveland Board of Education v. Loudermill, 470 U.S. 532, 541 (1985)).

## III. Elements of the Action:

I. Denial of Access to Trial and ADA Violation:

The trial court's denial of access to the trial for me, despite my widow maker heart attack and compliance with court procedures, constitutes a fundamental due process and Americans with Disabilities Act (ADA) violation. I followed the rules of court, provided necessary documentation, and timely notified all interested parties regarding the need for a brief continuance or remote hearings (see Olitsky v. Spencer, 36 Cal. App. 3d 594, 599 (1974)).

## II. Abuse of Discretion or Mistake/Excusable Neglect:

The denial of access to the trial and refusal to grant a brief continuance or remote hearings is characterized as either an abuse of discretion or a mistake/excusable neglect falling under California Code of Civil Procedure Section 473(b) (See Espindola v. Nunez, 199 Cal. App. 3d 1389, 1392 (1988)).

## III. Constitutional Rights Violation:

Constitutional review is crucial in this case, as the trial court's denial of access to the trial and its indication that the matter falls under the appellate court's jurisdiction implicates my rights to due process as guaranteed by the Fourteenth Amendment to the United States Constitution (See Mathews v. Eldridge, 424 U.S. 319, 332-33 (1976)).

## IV. Irreparable Harm and Potential Illegal Incarceration:

The court must consider the irreparable harm caused and the potential for future harm if the judgment is not stayed. The petitioner's severe health condition, as demonstrated by the widow maker heart attack, creates a dire situation where another illegal incarceration could jeopardize their life. The denial of access to the trial and the subsequent default judgment have already caused significant harm, including the loss of family assets and parental rights. The potential for further harm underscores the urgency of addressing constitutional and ADA violations.

## V. Violation of Basic Due Process and ADA Rules:

The trial court's denial of access to the trial and refusal to grant accommodations constitutes a violation of basic due process and ADA rules. By disregarding the petitioner's severe health condition and their compliance with court procedures, the trial court failed to provide the necessary accommodations to ensure a fair and accessible trial. The appellate court should evaluate whether these violations resulted from an abuse of discretion or a mistake/excusable neglect falling under California Code of Civil Procedure Section 473(b) (see California Code of Civil Procedure Section 473(b)).


IV. Application of Law:


a. Denial of Access to Trial and ADA Violation: The trial court's denial of access to the trial and refusal to grant accommodations for my severe health condition constitute a violation of fundamental due process rights and the Americans with Disabilities Act (ADA). The appellate court should apply constitutional review to assess whether the trial court's actions deprived me of my constitutional right to a fair and impartial trial (See Turner v. Rogers, 564 U.S. 431, 441-42 (2011)).

b. Abuse of Discretion or Mistake/Excusable Neglect: In reviewing the trial court's denial of access to the trial and refusal to grant a brief continuance or remote hearings, the appellate court should consider the potential application of both abuse of discretion and mistake/excusable neglect standards of review (See Pham v. Nguyen, 180 Cal. App. 4th 919, 928 (2009)).

c. Constitutional Rights Violation: The court must carefully analyze whether the trial court's denial of access to the trial and its indication that the matter falls under the appellate court's jurisdiction violated my constitutional rights to due process. Applying constitutional review, the court should examine whether the denial deprived me of a fair and impartial trial (See Mathews v. Eldridge, 424 U.S. 319, 332-33 (1976)).

d. Lack of Jurisdiction: The court should assess the trial court's claim of no jurisdiction and evaluate its implications for the appellate court's authority to address the default judgment. The court should consider whether the trial court's position represents an abuse of discretion, abuse of process, or a violation of Section 473(b) (See Abelleira v. District Court of Appeal, 17 Cal. 2d 280, 288-89 (1941)).

e. Irreparable Harm and Potential Illegal Incarceration: Considering my severe health condition and the potential for another illegal incarceration, the court should consider the irreparable harm already suffered by me and the potential for future harm if the judgment is not stayed (See Law Offices of Dixon R. Howell v. Valley, 129 Cal.App.4th 1076, 1095 (2005)).

f. Violation of Basic Due Process and ADA Rules: The trial court's denial of access to the trial and refusal to grant accommodations for my health condition represents a violation of basic due process and ADA rules. The court should examine the application of law to evaluate whether the trial court's actions constituted an abuse of discretion or a mistake/excusable neglect under California Code of Civil Procedure Section 473(b) (See Espindola v. Nunez, 199 Cal. App. 3d 1389, 1392 (1988)).

*rob emert*   Rob Emert  06/12/23


# APPENDIX - EXHIBITS FILED UNDER SEPARATE COVER

A. Bryce Emert Declaration with Five Sworn Witness Affidavits

B. Rob Emert Medical Documents

C. Text from Bryce Emert Behavioral Therapist

D. Complaint Served on Presiding Judge, DA, DOJ, FBI, and All Interested Parties Before Criminal Charges Even Came Up

E. Patti Ratekin Fraud Upon the Court - No Evidence to Support These Orders

F. Matt Cord Fraud Upon the Court

G. Andrea Schuck Motion Proving Collusion

H. ADA and Medical Documents

I. Fidelman Witness Affidavit Regarding Fraud by Bryce's Psychologist

J. Bryce Emert Police Report Against Matt Cord

K. Bryce Emert Temporary Restraining Order (TRO) Against Matt Cord

L. Family Court Services Reports Recommending 50/50 Child Custody for Almost Two Years

M. Rob Emert Therapist Letter

N. Andrea Schuck Therapist Letter

O. Ex Parte to Vacate Ratekin Orders

P. Court Transcripts

Q. Andrea Schuck Malicious Text

R. Peremptory Challenge Filed Against Ratekin (see Exhibit NN)

S. Andrea Schuck Arrested for Domestic Violence

T. Mediation Offers

U. Ex Parte Filings the Day Patti Ratekin Recused

V. Motions to Presiding Judge Alksne for Ratekin to Recuse

W. Matt Cord Willful Negligence; Ignoring Facts - Emails

X. Many Sworn Witness Affidavits Regarding Character and Parental Dedication

Y. Updated ADA That Went Ignored by All Interested Parties

Z. Email Simply Asking for Assurances for No "Facility" for Bryce

AA. Emails Showing Matt Cord Willful Negligence

BB. California Laws for Judges Working with Pro Se Litigants

CC. Dave Schilman Injunction Letter to Stop Therapy for Rob Emert and Children

DD. Emails from Regional Center Offering Services

EE. Patti Ratekin Court Transcript Highlights

FF. Timeline After Heart Attack with Only a 6-12% Survival Rate According to the American Heart Association

GG. Emails Documenting Blatant Denial of Access to My Own Hearings and Trial

HH. Motion for Stay to Presiding Judge Alksne

II. My Witness List

JJ. Citizen's Arrest of Lorna Alksne and Patti Ratekin

KK. Federal Lawsuit Against Ratekin

LL. Press Release Documenting Numerous Violations to Multiple Parties of the San Diego Courts

MM. Patti Ratekin Peremptory Challenge

NN. Ex Parte 09/28/22 That Went Ignored

OO. Ex Parte 11/24/21 That Went Ignored Regarding Trial 11/30/21

PP. DCSS Motion Filed 07/27/22 That Went Ignored

QQ. Peremptory Challenge and 03/30/21 Minute Order

RR. 05/21/21 Email to Cord Regarding Alarming Conduct of Andrea

SS. Withdrawal Stipulation Filed with Presiding Judge

TT. Writ Filed with the Appellate Court 11/22/21

UU. Bryce Homeschool Information

VV. CPS Closing Case

WW. DA Email Where Andrea Is "Giving" Custody to Me

XX. 05/20/21 Disqualification of Ratekin Motion

YY. 06/14/21 Disqualification of Ratekin

ZZ. DCSS Motion That Went Ignored

AAA. 03/26/21 Email Where Andrea Is Trying to Keep IEP Team Out

BBB. Example of Schilman Blatant Misrepresentation

CCC. Email to Schilman Showing Andrea Being Rough with Bryce

DDD. Combined Emails Showing Blatant Denial of Access to Trial

EEE. 04/28/21 Ex Parte to Vacate Ratekin's 03/30/21 Fraud Upon the Court

FFF. Reservation of Federal Rights

GGG. Malicious Andrea Text – Michelle III

HHH. Release of San Diego Family Court Violations

JJJ. Text from Bryce's Friend's Mom, Who Is a Witness to Andrea's Alarming Behavior Towards Bryce and His Friends

KKK. DDA Balerio and Bryce Emert Transcript of Interview

LLL. Default Judgement 10/15/21

MMM. Default Judgement 11/18/21

NNN. Default Judgement 01/24/22

OOO. Ex Parte 11/29/21 for Continuance or Remote Hearings Due to Heart Attack

PPP. Ex Parte to Vacate 12/10/21 Default Judgement 11/30/21

QQQ. Judge Alana Robinson Indicating She Does Not Have Jurisdiction to Hear the Default Judgement Entered 01/24/22.

RRR. Copy of the Complaint Provided to the DA, DOJ, FBI, Presiding Judge, Local Police, and More

SSS. Ex Parte 11/29/21 for Continuance or Remote Hearings Due to Heart Attack

TTT. Motion to Reconsider the Stay Stemming from 11/29/21 Trial.

UUU. Appeal for 10/15/21

VVV. Appeal for 11/18/21

WWW. Andrea Schuck Email Indicating I Must Drop All My Current Motions and Appeals Before She Comes to the Negotiating Table in Bryce's Best Interests

XXX. Private Investigator's Interview with Bryce Emert

YYY. Withdrawal of Guilty Plea

ZZZ. Andrea Schuck Post Regarding My Daughter Not Wanting to See Me

AAAA. Appeal of Guilty Plea

BBBB. All Email Communications with DA's Office

CCCC. Appeal Court Conformed Documents Showing Default Trial Judgement Is Not on Appeal

DDDD. Federal Lawsuit

EEEE. 020421 court min order Ratekin leaving early due to COVID-related matter.

FFFF. Transcript of court the day Ratekin recused.

GGGG. Bryce transcripts of phone calls

HHHH. Department of Justice Email forwarding my investigation request to the FBI

IIII. District Attorney Email saying Andrea Schuck is giving me custody of Bryce.

JJJJ. Transcript of FBI call of the "threat"

KKKK. Dave Schulman letter to minor counsel showing misrepresentation.

LLLL. Transcripts of District Attorney phone calls that prove lying; withholding evidence; and a blatant disregard for candor to the court.

MMMM. Bryce letter he wrote to the court while I was illegally incarcerated.

NNNN. Witness Cole, Bryce's friend who was interviewed by a private investigator.

OOOO. Witness Mark Fidelman who was interviewed by a private investigator.

PPPP. Witness Cortney Costello who was interviewed by a private investigator.

QQQQ. Opening Brief for Court of Appeals

RRRR. Dave Schulman letter to minor counsel

SSSS. Dave Schulman replies in the Federal lawsuit where he blatantly lies to the court. Dave Schulman states that Comm. Patti Ratekin was basing a "facility" recommendation of Bryce on a psychological report when, in fact, Comm. Patti Ratekin said it within five minutes of meeting parties before there could have been any such report.

TTTT. Habeas Corpus ready to go so if DDA Balerio illegally incarcerates me again.

UUUU. Andrea stalking two women online after she realized they are friends of mine.