Robert Emert
2351 Vista Lago Terrace
Escondido, CA 92029
Robemert@msn.com
760-612-9328
Pro Per


FILED
JUN 1 2 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| Robert Emert, | CASE NO: 3:23-cv-00230-RSH-AHG |
|---|---|
| Plaintiff | |
| | **NOTICE OF RELATED CASES** |
| v. | |
| | Courtroom: 3b |
| | District Judge: Robert Huie |
| Defendants, | Magistrate Judge: Allison Goddard |
| | Complaint Filed: February 7, 2023 |
| LUIS PENA; ANDREA SCHUCK; | Trial Date: Not Set |
| MATTHEW CORD; PATTI RATEKIN; | Exhibits filed under separate cover |
| DAVID SCHULMAN; LORNA ALKSNE; | |
| DAVID DANIELSEN; MOORE, | |
| SCHULMAN & MOORE | |

Honorable Judge Huie and or Clerk of the Court,

I am writing to inform the court about several related cases that are currently pending in other jurisdictions. I believe these cases are relevant to the above-referenced case for the reasons outlined below, and I reference exhibits which are provided under separate cover. The exhibits are detailed so a USB has been provided to the clerk for bookmarked PDF's until I can file electronically.

As discussed in my application for the District Federal Court to grant a TRO/stay, the Rooker-Feldman doctrine as well as the Younger Abstention do no apply.

1. **The People of the State of California V. Rob Emert: Case number SDC297230 ; Superior Court of California, County of San Diego.**

- This is a criminal case where I am being maliciously and retaliatory being prosecuted, in part, to cover up for misconduct, of a few, in the San Diego Superior Court. I was illegally incarcerated for 90 days. Part of my Federal Lawsuit has to do with this.

- Please see Exhibit YYY which is a motion to dismiss that outlines my response to the District Attorney's case; Exhibit RRR which was a compliant served on the DA, DOJ, FBI, Presiding Judge and outlines and summarizes the background of how I got to a Federal Lawsuit. Exhibit BBBB which provides extensive communications with the District Attorney's office that proves to any reasonable person there was never a case to prosecute to begin with and they knew it.

2. **Superior Court of California San Diego, Central Division and California Court of Appeals 4th District Division one. Court of Appeal Case number D079955 and Superior Court of California San Diego case number 19FL010852N**

- This is a family court case and appellate court case where the family court indicates it does not have jurisdiction to hear the matter of a default judgment and the court of appeals can't hear it because it is not on appeal.

- The Exhibits provided under separate cover details this, and it is clear to any reasonable person that my fundamental civil rights have been significantly violated where irreparable harm has happened and will continue to happen without the District Courts intervention.

I am bringing these cases to the court's attention because they are directly related to this Federal Lawsuit. My life has been irreparably shattered due to illegal and unethical conduct of a few that I know do not represent the great Judicial Branch of our Government.

Here is an oversimplification for context. I was a dedicated stay at home dad. In the Superior Family Court, Comm. Patti Ratekin's supervising Judge's wife worked and was friends with my x wife at Carlsbad Unified. Patti Ratekin denied a peremptory challenge filed timely and before orders made. Patti Ratekin with no evidence wanted to place my

son in a "residential home". Patti Ratekin recused and the day she recused she ordered "supervised visitation" in a malicious and retaliatory manner and submitted two default judgments after she recused. Presiding Judge at the time, Lorna Alksne saw this mess, and a lot more, and simply tried to cover it up by railroading orders through that bypassed basic service, due process, and common decency. The current judge indicates no jurisdiction, but appellate court can't hear because the judgment is not on appeal. Then, the District Attorney prosecutes me for a charge based on the default judgment they are well aware does not even apply so they don't for over a year. Once someone realized in the DA's office an unethical way to shut me/a whistleblower down, they did so by exaggerating a "threat". Even if I had made a "threat", **which I did not**, I have zero criminal record and incredible strong ties to the community with zero flight risk. But, I was kept in jail for 90 days which has partially shattered my life. I got zero parental rights or assets in the default judgment which is simply absurd on its face. But Dave Schulman of Schulman and Moore (one of the defendants in this federal lawsuit) wants to claim this is all normal and I am somehow delusional.

While this will be addressed in my reply motions, it is relevant to quickly mention. The amount of deception by a few in this case is truly alarming. For example, the below excerpt from Dave Schulman makes claims that Comm. Patti Ratekin of the San Diego Superior Court (now retired and working next door to Dave Schulman at Signature Resolution) made a recommendation for a "facility" for the minor in question in these proceedings based on the psychologist's report but neglected to say that she had also said it the first day and within five minutes of meeting parties BEFORE that psychologist even met the minor or made the report. Patti Ratekin then would not let me get second opinions of this out of insurance network psychologist who also worked across the street from Dave Schulman. Dave Schulman claims the Ex Parte hearing on 10/04/21 went forward when it didn't. Yes, it started but very little was discussed other than Patti Ratekin indicating she was going to shut down the Ex Parte to find a "facility" to place the minor in and then she recused. I am pretty sure that does not qualify as a custody hearing moving forward and I was only three days out from the hospital from suffering a "widow maker" heart attack that everyone was aware of with supporting documentation. This type of misrepresentation is common by Mr. Schulman. Most people who read this kind of stuff call it blatant lies but he will likely get away with "misrepresentation". In any case, it appears like a lack of candor to this Federal Court. Most important to consider is that there was never any evidence, then, now or ever of a "facility" for this kind and competent 16-year-old, my son, that Ms. Ratekin was peddling. The 16 year old is this case. He simply wanted to live with me and out of bias and retaliation, some simply wanted to squash me for standing up for my and my children's basic civil rights.

13 | advancing frivolous arguments, misstating facts on the record, and disregarding
14 | procedural requirements." (*Id.*, at 10:16-22.)

15 | C. **Commissioner Ratekin Orders an Evaluation B.E.'s Mental Health and**
16 | **Orders a Change in Custody.**

17 | Commissioner Ratekin presided over the case for some time, and eventually,
18 | she ordered Ms. Schuck, Plaintiff, and B.E. to see a psychologist about B.E.'s mental
19 | condition. (*Id.*, at 11:3-4.) Plaintiff contends that after the meeting, the psychologist
20 | opined that B.E. "was doing fine." (*Id.*, at 11:9-12.) Nevertheless, in court the
21 | psychologist opined differently, and minor counsel for B.E. requested an emergency
22 | ex-parte hearing to reduce Plaintiff's custody over the children. (*Id.*, at 11:12-19.)
23 | Plaintiff characterizes the psychologist's conduct as "fraud." (*Id.*, at 12:14-20.)
24 | Plaintiff contends he suffered a heart attack shortly thereafter. (*Id.*, at 11:20-26.)

25 | On September 30, 2021, Plaintiff asserts Commissioner Ratekin changed the
26 | custody orders to supervised visitations. (*Id.*, at 4:11.) On October 4, 2021, the ex
27 | parte hearing over custody went forward. (*Id.*, at 12:4-8.) During the hearing, Plaintiff
28 | contends Commissioner Ratekin claimed B.E. needed to be placed in a facility. (*Id.*,

-1036

2
MEMORANDUM OF POINTS AND AUTHORITIES ISO MOTION TO STRIKE PL'S FAC
CASE NO. 23-cv-0417-JLS-NLS

1 | at 12:4-11.) Commissioner Ratekin based this recommendation on the Psychologist
2 | report. (*Id.*, at 12:14-20.) Shortly thereafter, Commissioner Ratekin stepped down
3 | from Plaintiff's case. (*Id.*, at 12:20-21)

Thank you for your attention to this matter.

Sincerely,

Rob Emert