UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Robert Emert,<br><br>                                  Plaintiff,<br>v.<br>Luis Vena et al.,<br><br>                                Defendants. | Case No.: 3:23-cv-00230-RSH-AHG<br><br>**ORDER:**<br>**(1) DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER & INJUNCTION**<br><br>**(2) DENYING PLAINTIFF'S REQUEST FOR LEAVE TO E-FILE**<br><br>[ECF No. 27] |

Plaintiff Robert Emert, proceeding pro se, filed a motion for a temporary restraining order and injunction on June 12, 2023. ECF No. 27. Plaintiff's motion includes a request for leave to e-file. *Id*. For the reasons below, the Court denies the motion.

I.    **Temporary Restraining Order & Injunction**

To obtain a temporary restraining order under Federal Rule of Civil Procedure 65, a party "must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips

in their favor; and (4) a preliminary injunction is in the public interest." *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The same four-part test applies to both temporary restraining orders and preliminary injunctions. *See Stuhlbarg Int'l Sales Co. v. John D. Brushy & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

Here, Plaintiff requests that the Court issue "a temporary restraining order or a Federal Injunction to impose a stay on the trial court's default judgment dated November 29, 2021." ECF No. 27 at 3. Plaintiff argues that "[t]he decisions made by the trial court ha[ve] severely infringed upon the due process, the provisions of the Americans with Disabilities Act (ADA), and constitutional parental rights that have caused and will continue to cause irreparable harm to me and my children." *Id.* Although Plaintiff does not specify which trial court he seeks to enjoin, the Court interprets Plaintiff's motion to be directed at the San Diego Superior Court, which is the subject of Plaintiff's Complaint. *See* ECF No. 1.

Although Plaintiff brings this application on an emergency basis and Defendants have not yet submitted briefing in response, it appears that the relief Plaintiff seeks is barred under both the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. It is also barred by the Anti-Injunction Act, 28 U.S.C. § 2283.

The *Rooker-Feldman* doctrine provides that federal district courts lack jurisdiction to review "cases brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Plaintiff's motion implicates the *Rooker-Feldman* doctrine because it seeks to enjoin the enforcement of a judgment of a state court. ECF No. 27 at 3.

Plaintiff argues that the *Rooker-Feldman* doctrine "does not prohibit federal jurisdiction when the case raises independent federal questions or constitutional issues." ECF No. 27 at 6. However, *Rooker-Feldman* applies even when "the challenge to the state

2

3:23-cv-00230-RSH-AHG

court's actions involves federal constitutional issues." *Dubinka v. Judges of Super. Ct. of State of Cal. for Cnty. of L.A.*, 23 F.3d 218, 221 (9th Cir. 1994). Therefore, the Court lacks subject matter jurisdiction over Plaintiff's motion due to the *Rooker-Feldman* doctrine.

Similarly, the *Younger* abstention doctrine provides that courts should abstain from hearing a case when hearing the case would interfere with pending state proceedings. *See M&A Gabaee v. Cmty. Redevelopment Agency of City of L.A.*, 419 F.3d 1036, 1039 (9th Cir. 2005). Plaintiff's motion is subject to the *Younger* abstention doctrine because it seeks review of "ongoing state court proceedings" related to his divorce. ECF No. 27 at 6.

Plaintiff asserts that the state court's "biased rulings, disregard for court protocols, and denial of due process rights" are evidence of "a pattern of harassment and prosecution in bad faith" which except this case from the *Younger* abstention doctrine. ECF No. 27 at 6. Plaintiff is correct that "*Younger* recognized narrow exceptions to its fundamental rule of abstinence in the limited cases of a showing of bad faith prosecution, harassment, or flagrant and patent violations of express constitutional prohibitions." *Juror No. One v. California*, No. 2:11-cv-397, 2011 WL 567356, at *3 n.3 (E.D. Cal. Feb. 14, 2011). However, under this exception, "Plaintiff would be required to bring forth [] substantial and credible proof that Defendant actually acted with bad faith, or was biased by a 'direct, personal, substantial, [and] pecuniary' interest." *Jou v. Chang*, 350 F. Supp. 2d 862, 868 (D. Haw. 2004) (quoting *Aetna Life Ins. Co. v. Lavoie*, 475 U.S. 813, 829 (1986)). Plaintiff has not met his burden of proof here. As such, the *Younger* abstention doctrine prevents the Court from granting Plaintiff's application.

Finally, the Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Plaintiff has not identified an applicable exception here. Accordingly, his application for a temporary restraining order and injunction is denied.

//

//

## II. Electronic Filing

The Court denies Plaintiff's request to "file online." ECF No. 27 at 1. On April 3, 2023, the Court denied Plaintiff's first request for electronic filing and explained the process and requirements to seek permission for electronic filing. ECF No. 20.

## III. Conclusion

For the above reasons, the Court **DENIES** Plaintiff's motion for a temporary restraining order and injunction, and **DENIES** Plaintiff's request to e-file, ECF No. 27.

**SO ORDERED**.

Dated: June 14, 2023

_____
Hon. Robert S. Huie
United States District Judge