SUSANNE C. KOSKI, General Counsel (SBN. 176555)
CARMELA E. DUKE, Litigation Attorney (SBN. 270348)
OFFICE OF GENERAL COUNSEL
Superior Court of California, County of San Diego
1100 Union Street
San Diego, California 92101
Telephone: (619) 844-2382

Attorneys for Defendants, the Honorable Patti C.
Ratekin, Retired Commissioner of the Superior
Court of California, County of San Diego, the
Honorable Lorna A. Alksne, Retired Judge of the
Superior Court of California, County of San Diego,
and the Honorable David J. Danielsen, Retired Judge
of the Superior Court of California, County of San Diego

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT, | Case No.: 23cv0230-RSH-AHG |
| Plaintiff, | |
| v. | **REPLY IN SUPPORT OF DEFENDANTS COMMISSIONER PATTI C. RATEKIN, JUDGE LORNA A. ALKSNE, AND JUDGE DAVID J. DANIELSEN'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE** |
| LUIS VENA; ANDREA SCHUCK; MATTHEW W. CORD; PATTI C. RATEKIN; DAVID S. SCHULMAN; LORNA A. ALKSNE; DAVID J. DANIELSEN; MOORE, SCHULMAN & MOORE; ROBERT OLAGUE; AND DOES 1-20 inclusive, | Crtrm: 3B (Schwartz)<br>Judge: The Honorable Robert S. Huie |
| Defendants. | **PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

PLEASE TAKE NOTICE that Defendants the Honorable Patti C. Ratekin, Retired Commissioner of the Superior Court of California, County of San Diego ("Commissioner Ratekin"), the Honorable Lorna A. Alksne, Retired Judge of the Superior Court of California, County of San Diego ("Judge Alksne"), and the Honorable David J. Danielsen, Retired Judge of the Superior Court of California, County of San Diego ("Judge Danielsen") (hereinafter collectively "Judicial Defendants") hereby submit the following reply in support of their Motion to Dismiss Complaint ("Motion").

## I. INTRODUCTION

The Judicial Defendants moved to dismiss Plaintiff's Complaint under absolute judicial immunity, Eleventh Amendment immunity, the *Younger*[1] abstention doctrine, and the *Rooker-Feldman*[2] doctrine. In addition, Commissioner Ratekin moved to dismiss this action against her based on res judicata. Plaintiff's Opposition completely fails to address Eleventh Amendment immunity, and does not overcome any of the other valid legal grounds to dismiss the Judicial Defendants from this case.

Plaintiff does not dispute, and therefore concedes, that the Eleventh Amendment immunity bars this action. Additionally, although Plaintiff's Opposition is a disorganized and highly repetitive rambling, one thing he makes very clear is that he is seeking relief from the Judicial Defendants for their rulings in the state court actions. His attempt to assert that an exception exists to absolute judicial immunity is meritless as it is directly undermined and contradicted by the allegations in the Complaint and statements made in the Opposition. Nor is there any merit to Plaintiff's contention that an exception exists to the *Younger* abstention doctrine or that the doctrine does not apply to damages. Further, he cannot escape the dispositive effect of the *Rooker-Feldman* doctrine because it applies to de facto appeals, and their equivalent, including de facto review of interlocutory and non-final orders. Lastly, Plaintiff fails to show that res judicata does not apply to this action.

---

[1] *Younger v. Harris*, 401 U.S. 37 (1971).
[2] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983).

Thus, because the Complaint is riddled with incurable fatal defects, this Court should dismiss this action against the Judicial Defendants without leave to amend, and with prejudice.

## II.  ARGUMENT

### A.  <u>Plaintiff Concedes This Action Is Barred By Eleventh Amendment Immunity</u>.

Although raised in the moving papers (Doc. No. 8-1 at pp. 17-18), the Opposition completely neglects to address the immunity provided to the Judicial Defendants under the Eleventh Amendment. This failure constitutes a concession that Eleventh Amendment immunity applies in this matter. *Kroeger v. Vertex Aerospace LLC*, No. CV 20-3030-JFW(AGRX), 2020 WL 3546086, at *10 (C.D. Cal., June 30, 2020) (plaintiff concedes to motion to dismiss arguments by failing to address them); *Pour v. Wells Fargo Bank*, No. 20-CV-02447 SBA, 2021 WL 1134419, at *5 (N.D. Cal., Feb. 22, 2021) (motion to dismiss granted based in part on plaintiff's failure to address substance of defendant's motion to dismiss). Therefore, because the Complaint is barred by Eleventh Amendment immunity, and Plaintiff has not offered any argument or facts which would circumvent this immunity, dismissal of this action is required.

### B.  <u>Absolute Immunity Applies In This Action</u>.

The Opposition fails to elude the absolute judicial immunity afforded to the Judicial Defendants in this matter. In an unsuccessful attempt to avoid absolute judicial immunity, Plaintiff proclaims he has alleged exceptions to judicial immunity. (Doc. No. 42 at pp. 6-7, 16.) However, Plaintiff's insistence that the exceptions to judicial immunity are present is incorrect. The allegations in the Complaint and statements made in the Opposition clearly show no exception exits. (Doc. No. 8-1 at pp. 10-12; Doc. No. 42 at pp. 3-9, 16.)

Judicial immunity is only overcome when the judge acted in "complete absence of all jurisdiction" or when the judge's actions were nonjudicial.  *Mireles v. Waco,* 502 U.S. 9, 11 (1991). Plaintiff asserts the Judicial Defendants' actions were nonjudicial. He contends statements made during court proceedings by Commissioner Ratekin which

concerned the placement of his son were "outside" of "official judicial duties" because they were biased and constituted misconduct. (Doc. No. 42 at pp. 6, 16.) As to Judge Alksne, he claims the exception applies because she committed a "cover-up" through her orders and retaliated against him by improperly denying his ADA requests. (*Id.*) He asserts Judge Danielsen's bail order was "administrative" and therefore not covered by the absolute judicial immunity. (*Id.* at p. 6.)

Issuing rulings and making statements on the issues presented during court proceedings indisputably constitute judicial functions. (*See* Doc. No. 8-1 at p. 16.) The fact that Plaintiff disagrees, or is dissatisfied with the judicial rulings or statements, or believes the rulings/statements were based on mischievous, corrupt, or conspiratorial motives, does not strip the Judicial Defendants of this absolute immunity. *In re Castillo*, 297 F.3d 940, 952 (9th Cir. 2002); *Stump v. Sparkman*, 435 U.S. 349, 359, 363 (1978); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds). Clearly, and as evidenced by the Opposition (Doc. No. 42 at pp. 3-9, 16), Plaintiff's lawsuit against the Judicial Defendants is based on their actions made in their judicial capacities in the underlying state court cases and are thus judicial in nature.

Further, Plaintiff's assertion that judicial immunity does not apply because the Judicial Defendants' conduct "exceeded the lawful scope of judicial discretion," (Doc. No. 42 at p. 6) falls significantly short of constituting "acting in complete absence of all jurisdiction." Indeed, and although not the case here, absolute judicial immunity applies even in circumstances where the judicial officer acts in excess of his/her jurisdiction. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). The Complaint is devoid of any facts which would support a conclusion that the Judicial Defendants acted in complete absence of all jurisdiction.

For the reasons stated above, and in the Motion, the Judicial Defendants are entitled to absolute judicial immunity and this case should be dismissed with prejudice.

## C.      The *Younger* Abstention Doctrine Applies To This Action.

Plaintiff does not dispute the *Younger* abstention elements have been satisfied. Instead, he attempts to circumvent this doctrine by asserting there are "exceptional circumstances" warranting its nonapplication. (Doc. No. 42 at p. 7.) The pathway to escape abstention under *Younger* is narrow; there must be a "showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 435 (1982); *Huffman v. Pursue, Ltd*., 420 U.S. 592, 611 (1975). According to Plaintiff, the exceptional circumstances are that the state court proceedings were biased and prejudiced and his constitutional rights have been violated. (Doc. No. 42 at p. 7.)

A party claiming bias as an exception must provide "'actual evidence' to overcome the 'presumption of honesty and integrity in those serving as adjudicators.'" *Canatella v. California*, 404 F.3d 1106, 1112 (9th Cir. 2005). "Mere conclusory allegations of bias are insufficient to overcome *Younger*." *Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000). Here, Plaintiff fails to provide any actual evidence of bias and instead merely presents speculative and conclusory allegations of bias. (Doc. No. 1 at ¶¶ 75-78; Doc. No. 42 at pp. 3-4, 7.) Plaintiff's allegations are insufficient to overcome the honesty and integrity presumption applied to the Judicial Defendants.

Further, Plaintiff's assertion that he has met the "exceptional" or "extraordinary circumstances" exception because he has alleged egregious constitutional violations against the Judicial Defendants has merit. Constitutional violations, on their own, are not considered an exception to the *Younger* abstention doctrine. *Baffert v. California Horse Racing Bd*., 332 F.3d 613, 621 (9th Cir. 2003). Because the *Younger* abstention elements have been met, and there are no extraordinary circumstances supporting an exception, *Younger* applies.

Finally, to the extent Plaintiff contends *Younger* abstention is foreclosed to the Judicial Defendants because he is seeking monetary damages in addition to declaratory

relief,[3] he is incorrect. "*Younger* principles may apply to claims for damages under § 1983." *Gilbertson v. Albright*, 381 F.3d 965, 979 (9th Cir. 2004). "Damages suits that turn on a constitutional challenge to pending state proceedings implicate the reasons for *Younger* abstention as much as equitable or declaratory relief actions because to determine whether the federal plaintiff is entitled to damages—and to determine whether the federal defendant is entitled to immunity—the district court must first decide whether a constitutional violation has occurred." (*Id.*) A determination of this kind, "frustrate[s] the state's interest in administering its judicial system, cast[s] a negative light on the state court's ability to enforce constitutional principles, and put[s] the federal court in the position of prematurely or unnecessarily deciding a question of federal constitutional law. Therefore, a determination that the federal plaintiff's constitutional rights were violated would be just as intrusive as a declaratory judgment." (*Id.* at 980.) For these reasons, a determination on Plaintiff's Complaint would clearly hinder the ongoing state cases.

Accordingly, the *Younger* abstention doctrine applies to Plaintiff's case. The Ninth Circuit has held that a stay of the federal proceedings is appropriate when the *Younger* doctrine applies to a case for damages. *See Gilbertson,* 381 F.3d at 984. However, as set forth in Judicial Defendants' moving papers, there are multiple, independent defenses and issues requiring the dismissal of this action.

## D.   **This Action Is Barred By The *Rooker-Feldman* Doctrine.**

Plaintiff erroneously proclaims *Rooker-Feldman* is inapplicable because there is no final judgment in his underlying state court cases. (Doc. No. 42 at pp. 8, 10, 17.) However, *Rooker-Feldman* applies to "interlocutory orders and non-final judgments issued by a state court" and default judgments. *Posilero v. Los Angeles Superior Ct.*, No. 22-CV-09205-KAW, 2023 WL 2563237, at *2 (N.D. Cal. Feb. 17, 2023); *see also Doe & Assoc. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001); *Benson v. Energy Sols., Inc.*, 669 F. App'x 905, 906 (9th Cir. 2016) (*Rooker-Feldman* applies to default judgments

---

[3] Plaintiff seeks declaratory relief against the Judicial Defendants in the First and Second Causes of Action (Doc. No. 1 at pp. 17, 21) and in his "ADA Claim" (*id.* at pp. 27-28).

issued in state court); *Williams v. Cavalry Portfolios Servs., LLC*, No. SACV 10-00255 JVS, 2010 WL 2889656, at *3 (C.D. Cal. July 20, 2010) (*Rooker-Feldman* applies to default judgments issued in state court); *Hanson v. Firmat*, 272 F. App'x. 571, 572 (9th Cir. 2008) (*Rooker-Feldman* barred de facto appeal of "judicial decisions of a state court" concerning child custody proceedings).

The doctrine's jurisdictional bar extends to "de facto equivalents" of direct appeals of state court orders. *Eicherly v. O'Leary*, 721 F. App'x 625, 626 (9th Cir. 2018). For purposes of *Rooker-Feldman,* a de facto appeal exists when "a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The instant action is premised on allegedly erroneous decisions made by the Judicial Defendants in his state court actions. (*See* Doc. No. 8-1 at pp. 10-12.) Plaintiff's claims against the Judicial Defendants are completely reliant on whether the state court orders were erroneous. He confirms this fact in his Opposition by declaring his constitutional claims arise directly from Commissioner Ratekin's rulings reducing his custody, Judge Alksne repeatedly denying his ADA requests and entering a default judgment against him, and Judge Danielsen issuing a no bail ruling and thus rendering him into custody. (Doc. No. 42 at pp. 3-4.) As set forth in the Complaint, Plaintiff is seeking declaratory relief and damages because of the alleged legal wrongs he suffered from the Judicial Defendants' rulings. (Doc. No. 1 at pp. 21, 25, 29.) His allegations make clear this action is a de facto appeal or its equivalent of state court orders.

Further, Plaintiff's argument that he is shielded from *Rooker-Feldman* because he is bringing independent constitutional claims against the Judicial Defendants is without merit. To the contrary, "[a] plaintiff may not avoid the *Rooker–Feldman* bar by styling her attack on the state court's ruling as a civil rights action." *Wagner v. Copart*, No. CV 14–05569–GHK (DTB), 2015 WL 6549109, at *5 (C.D. Cal. Sep. 11, 2015), *adopted by* 2015 WL 6510340 (C.D. Cal. Oct. 27, 2015). Indeed, it is "immaterial" that Plaintiff "frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as

a direct appeal of those decisions." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901 (9th Cir. 2003). Plaintiff cannot dodge *Rooker-Feldman*'s jurisdictional bar by bringing constitutional claims against the Judicial Defendants. As such, and for the reasons set forth above and in the Motion, this action is barred by *Rooker-Feldman* and the case should be dismissed with prejudice.

### E.      Res Judicata Bars This Action As To Commissioner Ratekin.

Plaintiff makes a lackluster attempt to sidestep the doctrine of res judicata, which is applicable to the claims against Commissioner Ratekin. Indeed, in the Opposition he merely states in a conclusory manner that res judicata does not apply. (Doc. No. 42 at p. 14.) Conclusory statements are insufficient to show the doctrine is inapplicable. *Risby v. Johnson*, No. SACV1602275AGJCGX, 2017 WL 8793329, at *2 (C.D. Cal. June 5, 2017) (A party's conclusory assertion in an opposition that res judicata does not apply is insufficient); *Rope v. Facebook, Inc.*, No. CV1704921MWFPLAX, 2017 WL 7510686, at *4 (C.D. Cal. Dec. 20, 2017) (A party's conclusory assertion that a defense does not apply "does not make it so"). Additionally, to the extent Plaintiff is claiming that res judicata is inapplicable because Commissioner Ratekin's misconduct occurred after the conclusion of his first lawsuit against her, he completely fails to state or identify the "misconduct" that occurred after the prior lawsuit was resolved. Moreover, he does not deny that his claims against Commissioner Ratekin arise from the same transactional nucleus of facts. As set forth in the Motion, all the elements of res judicata are satisfied and the action against Commissioner Ratekin should be dismissed with prejudice.

### III.   CONCLUSION

As set forth above and in the Motion, the grounds for dismissal with prejudice are numerous. In summary, the Complaint should be dismissed because this action is barred by the doctrine of absolute judicial immunity and Eleventh Amendment immunity. Additionally, the Complaint should be dismissed pursuant to the *Younger* and *Rooker-Feldman* doctrines. Also, the Complaint is barred by res judicata as to Commissioner Ratekin. Because Plaintiff cannot cure these defects by way of amendment, the Judicial

Defendants respectfully request that this Court grant their Motion to Dismiss, without leave to amend, and enter a judgment of dismissal with prejudice in their favor.

OFFICE OF GENERAL COUNSEL
Superior Court of California, County of San Diego

DATED:

By: ___s/ Carmela E. Duke_____
July 27, 2023        SUSANNE C. KOSKI, General Counsel
CARMELA E. DUKE, Litigation Attorney
Attorneys for Defendants, the Honorable Patti C. Ratekin, Retired Commissioner of the Superior Court of California, the Honorable Lorna A. Alksne, Retired Judge of the Superior Court, County of San Diego, and the Honorable David J. Danielsen, Retired Judge of the Superior Court of California, County of San Diego