CLAUDIA G. SILVA, County Counsel (State Bar No. 167868)
By STEVEN P. INMAN, II, Senior Deputy (State Bar No. 227748)
   SOFIA REZVANI, Senior Deputy (State Bar No. 333447)
Office of County Counsel, County of San Diego
1600 Pacific Highway, Room 355
San Diego, California 92101-2469
Telephone: (619)884-2931; Fax: (619) 531-6005
E-mail: Steven.Inman@sdcounty.ca.gov

Attorneys for Defendant Luis Pena (erroneously sued as Luis Vena)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Emert,<br><br>    Plaintiff,<br>v.<br><br>Luis Vena; Andrea Schuck; Matthew W. Cord; Patti C. Ratekin; David S. Schulman; Lorna A. Alksne; David J. Danielsen; Moore, Schulman and Moore; Robert Olague and Does 1-20 inclusive,<br><br>    Defendants. | NO. 23-CV-0230-RSH-AHG<br><br>**DEFENDANT LUIS PENA'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT [Fed.R.Civ.P., 12(b)(6)]**<br><br>Date: April 4, 2023<br>Courtroom: 3B<br>Judge: Hon. Robert S. Huie<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

## I. INTRODUCTION

Plaintiff's Opposition to Defendant Luis Pena's Motion to Dismiss fails to show that his Complaint contains any valid claims against Defendant Pena. Since Defendant Pena filed this Motion to Dismiss, Plaintiff has pleaded guilty to the charge against him, and the state court has released Plaintiff on his own recognizance. No bail order applies anymore, and Plaintiff's First Claim (for declaratory relief pertaining to alleged excess bail) is now moot.

Even if Plaintiff's First Claim was not moot, his Opposition fails to articulate what declaratory relief he seeks with respect to Defendant Pena—a violation of Rule 8. Indeed, no dispute regarding rights and obligations exists between Plaintiff and Defendant Pena that this Court could resolve through declaratory relief. More specifically, no actions currently exist that Defendant Pena could take or not take with respect to Plaintiff's bail. Even if a bail order was still in effect, only a court could modify it. Defendant Pena could do nothing about it. Accordingly, Plaintiff's First Claim is not viable as to Defendant Pena.

Plaintiff's Third Claim against Defendant Pena also fails. Plaintiff's Third Claim is for "Conspiracy," but the Complaint alleges solo acts on the part of Defendant Pena and fails allege facts to show that Defendant Pena acted in concert with others or that any agreement or meeting of the minds existed between Defendant Pena and others regarding the alleged violations of Plaintiff's rights.

Finally, the Court should grant Defendant Pena's Motion to Dismiss because the *Young* abstention doctrine applies. Plaintiff is subject to ongoing state court proceedings and has failed to allege facts to show that he could not raise his federal constitutional arguments in those proceedings. Thus, the *Younger* abstention doctrine applies. *Lazarus v. Baca*, 2010 WL 1006572, at *2 (C.D. Cal. Mar. 17, 2010), *aff'd,* 389 F. App'x 700 (9th Cir. 2010) (applying *Younger* to a petition for habeas corpus based on alleged excessive bail). Plaintiff has also failed to plead sufficient facts to establish that applicability of any exception. Because Plaintiff's lawsuit "threatens to interfere with the state criminal

proceedings in a manner that *Younger* disapproves by inserting federal courts into the ordinary course of state criminal proceedings," the Court should grant Defendant Pena's Motion to Dismiss. *Id*.

## II. PLAINTIFF'S FIRST CLAIM, FOR DECLARATORY RELIEF, IS MOOT

Plaintiff's First Claim against Defendant Pena, for Declaratory Relief, is now moot. The claim pertains solely to Plaintiff's bail, but Plaintiff is no longer in custody. No bail order currently applies. As stated on page 3 of his brief, Plaintiff entered into a plea agreement. ECF No. 38 at p. 3. On April 4, 2023, after Defendant Pena had filed his motion to dismiss, Plaintiff pleaded guilty to violating California Penal Code section 278.5(a) (Deprivation of custody of child or right to visitation). Request for Judicial Notice in Support of Defendant Luis Pena's Reply in Support of Motion to Dismiss, at Exhibit A. The court then released Plaintiff on his own recognizance with GPS monitoring. *Id*. Consequently, no ongoing case or controversy exists with respect to Plaintiff's bail and Plaintiff's first claim for declaratory relief is moot and no longer ripe for the Court's consideration. 28 U.S.C. § 2201(a); *N. River Ins. Co. v. Marietta Cellars, Inc.*, 2015 WL 6954976, at *2 (N.D. Cal. Nov. 10, 2015) ("A lawsuit seeking federal declaratory relief must first present an actual case or controversy.").

## III. THE COURT SHOULD DISMISS PLAINTIFF'S FIRST CLAIM BECAUSE NO DECLARTORY RELIEF REGARDING HIS BAIL COULD INVOLVE DEFENDANT PENA

The Court should also dismiss Plaintiff's First Claim as to Defendant Pena because it seeks only declaratory relief pertaining to Plaintiff's bail, and no declaratory relief the Court could order with respect to Defendant Pena would affect Plaintiff's bail. Defendant Pena is an investigator and not a judicial officer. He cannot set, adjust, or enforce bail.

Plaintiff does not argue to the contrary in his Opposition. He argues that Defendant Pena did things that he believes resulted in the criminal court's order regarding bail, but Plaintiff has not identified any declaratory relief the Court could grant pertaining to his bail that would involve Defendant Pena (*e.g.*, such as ordering that Defendant Pena

should or not do something).  Because no dispute exists between Plaintiff and Defendant Pena with respect to Plaintiff's bail and no viable relief is available on a claim for declaratory relief against Defendant Pena, the Court should dismiss Plaintiff's First Claim as to Defendant Pena.

### IV. THE COURT SHOULD DISMISS PLAINTIFF'S THIRD CLAIM AS TO DEFENDANT PENA BECAUSE PLAINTIFF HAS NOT ALLEGED FACTS SUFFICIENT TO SHOW HIS PARTICIPATION IN A CONSPIRACY

Plaintiff's Opposition fails to show that Plaintiff's Complaint states a viable claim against Defendant Pena for conspiracy.  The Opposition contains multiple new allegations of fact that the Court must not consider because they are not included in the Complaint (*e.g.*, withholding evidence of a three-hour phone call with Plaintiff; claiming that Plaintiff's son was not in school; and claiming that Plaintiff would not allow anyone to meet with Plaintiff's son).  ECF No. 38 at p. 9; *Azocar v. Delta Air Lines, Inc.*, 562 F. Supp. 3d 788, 792 (C.D. Cal. 2021) ("A court is generally limited to the pleadings" when ruling on a motion to dismiss).  Even if the Court consider these allegations, however, Plaintiff has failed to allege facts to show that Defendant Pena's alleged acts were part of a conspiracy.

No allegations exist regarding any meeting, agreement, or meeting of the minds between Defendant Pena and others pertaining to Plaintiff.  Plaintiff's allegations do not show that Defendant Pena was acting in concert with others, and the allegations against him only refer to conduct that he is alleged to have taken on his own.  The allegations are insufficient to state a claim for conspiracy, and the Court should dismiss Plaintiff's Third Claim against Defendant Pena.

/ /
/ /
/ /
/ /
/ /

## V. PLAINTIFF'S OPPOSITION FAILS TO SHOW WHY THE YOUNGER ABSTENTION DOCTRINE SHOULD NOT PRECLUDE THE COURT'S CONSIDERATION OF PLAINTIFF'S CLAIMS

Plaintiff argues in his Opposition that exceptions to the *Younger* doctrine apply, but he fails to allege sufficient facts to show the applicability of those exceptions.  In particular, to show an exception to the *Younger* doctrine, Plaintiff must show that he did not have an opportunity to argue his federal claims in the state court.  *Meredith v. Oregon*, 321 F.3d 807, 816 (9th Cir. 2003) ("A district court should abstain under *Younger* when: (1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) the state proceedings provide the plaintiff with an adequate opportunity to raise federal claims.").  Plaintiff has not alleged facts to show that the state court has not afforded him the opportunity to raise the arguments he has made in this action.  .

Plaintiff also argues that an exception to the *Younger* doctrine applies "when state proceedings indicate bad faith or intent to harass"; however, Plaintiff has not alleged facts to show that Defendant Pena acted in bad faith or intended to harass Plaintiff.  Moreover, the case Plaintiff cites for this proposition, *Lewellen v. Raff*, 843 F.2d 1103 (8th Cir. 1988), is inapposite.  *Lewellen* involved statutes that the plaintiff was justifiably attacking on their face without adequate assurance that plaintiff could vindicate plaintiff's constitutional rights.  No such circumstance exists here as Plaintiff has not allege facts to show that he could not vindicate his rights in his ongoing criminal proceeding.

Additionally, while Plaintiff cites the decision in *Gibson v. Berryhill*, 411 U.S. 564 (1973), which stated that an exception to the Younger doctrine may exist when "the administrative process [is] so defective and inadequate as to deprive [a plaintiff] of due process," Plaintiff has not alleged facts showing such a defect or inadequacy in his state court proceedings.

The Court should apply the Younger abstention doctrine in this instance to avoid allowing these proceedings to become an audit of state court bail determinations.  *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (holding that a federal court's intervention into state court bail determinations would amount to a "federal audit of state criminal

proceedings which would indirectly accomplish the kind of interference that *Younger* sought to prevent."  Plaintiff has not shown that he is unable to make his constitutional arguments in state court or pleaded facts to show that any exception to *Younger* applies.  Accordingly, the Court should dismiss Plaintiff's claims against Defendant Pena (Plaintiff's First Claim and Third Claim).  *Merrick v. Ornell,* 1997 WL 12128, at *1 (N.D. Cal., Jan.8, 1997) (invoking abstention doctrine where state habeas petitioner claiming that he was being held on excessive bail).

## VI.   CONCLUSION

Based on the foregoing, Defendant Luis Pena respectfully requests that the Court dismiss Plaintiff's claims against Defendant Pena (Plaintiff's First Claim and Third Claim) with prejudice.

DATED:  July 28, 2023            CLAUDIA G. SILVA, County Counsel

By: s/STEVEN P. INMAN, II, Senior Deputy
Attorneys for Defendant Luis Pena (erroneously sued as Luis Vena)
E-mail: Steven.Inman@sdcounty.ca.gov