1  Douglas A. Pettit, Esq., SBN 160371
   Sara E. Bloch, Esq., SBN 341923
2  **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
   11622 El Camino Real, Suite 300
3  San Diego, CA 92130
   Telephone: (858) 755-8500
4  Facsimile: (858) 755-8504
   E-mail: dpettit@pettitkohn.com
5          sbloch@pettitkohn.com

6  **Attorneys for Defendants**
   **DAVID SCHULMAN & MOORE,**
7  **SCHULMAN & MOORE APC**

8              **UNITED STATES DISTRICT COURT**

9              **SOUTHERN DISTRICT OF CALIFORNIA**

10

11
   ROBERT EMERT,                          CASE NO.:  3:23-cv-00230-RSH-AHG
12
                     Plaintiff,           **REPLY IN SUPPORT OF**
13                                        **DEFENDANTS NOTICE OF**
                                          **MOTION AND MOTION TO**
14        v.                              **DISMISS PLAINTIFF'S**
                                          **COMPLAINT**
15  LUIS PENA; ANDREA SCHUCK;
    MATTHEW C. CORD; PATTI C.             Courtroom:        3b
16  RATEKIN; DAVID S. SCHULMAN;           District Judge:   Robert Huie
    LORNA A. ALKSNE; DAVID J.             Magistrate Judge: Allison Goddard
17  DANIELSEN; MOORE,                     Complaint Filed:  February 7, 2023
    SCHULMAN & MOORE; ROBERT              Trial Date:       Not Set
18  OLAGUE; and DOES 1-20

19                Defendants              **PER CHAMBERS RULES, NO ORAL**
                                          **ARGUMENT UNLESS SEPARATELY**
20                                        **ORDERED BY THE COURT**

21

22        PLEASE TAKE NOTICE that Defendants David Schulman & Moore, Schulman &

23  Moore, APC hereby submit the following reply to Pro Se Litigant Robert Emert's

24  ("Plaintiff") Opposition to Defendant David Schulman and Moore, Schulman & Moore's

25  Motion to Dismiss and Special Motion to Strike.

26                                  **I.**

27                          **INTRODUCTION**

28        The Opposition does not fix the errors identified in David Schulman and Moore

                                        1

Schulman & Moore's (collectively "Schulman and MS&M") Motion to Dismiss and Special Motion to Strike. First, Plaintiff's Complaint remains subject to dismissal under Federal Rules of Civil Procedure 8 and 12 because Plaintiff does not allege critical components of his claims. For instance, Plaintiff alleges David Schulman and Moore Schulman & Moore (collectively "Schulman and MS&M") are liable for violating 42 U.S.C. §1983, yet Schulman and MS&M are private actors and Plaintiff cannot adequately allege a constitutional deprivation. The Opposition does nothing to make up for this deficiency. Second, Plaintiff's Complaint against Schulman and MS&M should be stricken under California's Anti-SLAPP Statute because the gravamen of Plaintiff's Claims against them arise from their protected petitioning activity and Plaintiff cannot show a likelihood of success on the merits. The Opposition does not address this portion of Schulman and MS&Ms Motion at all. Accordingly, Schulman and MS&M respectfully ask the Court to dismiss this action against them without leave to amend and/or strike all claims, which are based on protected petitioning activity.

## II.

## ARGUMENT

**A. Plaintiff's Claims Against Schulman and MS&M Should Be Dismissed Under Federal Rule of Civil Procedure 12 Because Plaintiff Fails to State a Viable Claim for Relief**

Preliminarily, Plaintiff's Complaint against Schulman and MS&M should be dismissed because Plaintiff's claims are legally flawed and factually deficient. Plaintiff alleges Schulman and MS&M are liable for violating 42 U.S.C. § 1983. To state a claim under this code section, Plaintiff must show (1) the deprivation of a right secured by the Constitution or United States Laws, and (2) that the alleged deprivation took place under color of state law. *J.K.G. v. County of San Diego*, No. 11CV305-JLS-RBB, 2011 WL 5218253, at *13 (S.D. Cal. 2011) Plaintiff cannot support either prong of this claim.

/ / /

502-1036

2

REPLY IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 23-cv-0417-JLS-NLS

1. <u>Plaintiff Does Not Adequately Allege the Deprivation of a Right Secured by The Constitution or United States Law</u>

Plaintiff alleges Defendants (including Schulman and MS&M) are liable for violating his First, Fourth, and Fourteenth Amendment rights. Plaintiff's conclusory allegations are inadequate. First, Plaintiff does not adequately allege a violation of his free speech rights. Rather, Plaintiff merely states Defendants sent him to jail over his letters. (Complaint, 18:6-5.) This is conclusion. What did Plaintiff say in the letters? Why did Schulman and MS&M send him to jail over the letters? How did Schulman and MS&M conspire with other Defendants to send Plaintiff to jail over letters? Plaintiff's Complaint and Opposition do not answer these questions. Accordingly, Plaintiff fails to meet the Rule 8 Pleading Standard.

Plaintiff also alleges that Schulman and MS&M violated his Fourth Amendment. This claim is convoluted, and the Opposition does little to provide any clarity. Specifically, the Complaint alleges Plaintiff was wrongfully arrested (14:18-19), yet in the same breath, Plaintiff admits to the crime he was arrested for. (15:24-27.) Additionally, the Complaint and Opposition do not provide detail on how or why Schulman and MS&M worked to with other Defendants to wrongfully arrest Plaintiff. Instead, the Opposition makes the bare bone claim that Schulman and MS&M were attempting to "place Bryce in a "facility" to simply break the strong bond that this sweet boy had with his stay-at-home father." (See Opposition 8.) This is conclusion that leaves one asking *why*? Why did Schulman or MS&M care about Plaintiff or his relationship with his child at all? Plaintiff's Opposition leaves one with more questions than answers. As such, Plaintiff's 42 U.S.C. § 1983 Claim based on a Fourth Amendment Allegation fails.

The Opposition also fails to remedy the holes in Plaintiff's Fourteenth Amendment Claim. The Opposition argues that there is "evidence of egregious civil rights" which warrant "thorough ventilation at trial." (See Opposition, at p. 11.) This is also unsupported argument. Plaintiff does not include any facts showing that he is a member of a protected

502-1036

3

REPLY IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 23-cv-0417-JLS-NLS

class. Plaintiff also does not allege any facts showing that he was treated differently because of this membership. Empty argument, without facts substantiating vital prongs of his claims, cannot be enough to survive a Motion to Dismiss.

As such, Plaintiff does not adequately allege the constitutional violation necessary for a 42 U.S.C. § 1983 claim. and Schulman and MS&M respectfully ask the Court to dismiss this claim.

2. <u>Plaintiff Does Not Satisfy the Second Prong of a 42 U.S.C § 1983 Claim Against Schulman and MS&M Because They Are Private Actors and Plaintiff Does Not Adequately Allege the Existence of a Conspiracy</u>

Plaintiff's 42 U.S.C. § 1983 Claim against Schulman and MS&M should also be dismissed because Plaintiff does not and cannot allege, they acted "under color of state law." First, Schulman and MS&M are private actors. The mere fact that Schulman and Moore engage in the practice of law is not enough to show they acted under color of state law. Notably absent from the Opposition is any argument to the contrary.

The Opposition attempts to overcome this prong via a threadbare conspiracy theory. Specifically, Plaintiff argues, "Dave Schulman, has worked alongside these unethical individuals in many cases spearheading and simply muddying the water regarding the issues in their efforts to strip me of my life. . ." (See Opposition, at p. 3.) Federal Rule of Civil Procedure 9 mandates that Plaintiff's bringing conspiracy claims meet a heightened pleading standard. Nevertheless, Plaintiff does not. Why did Schulman and MS&M enter a conspiracy to "strip [Plaintiff] of his life"? When did Defendants enter such conspiracy? What facts show there was a meeting of the minds between Schulman/MS&M and other Defendants? Plaintiff's outlandish theory is begging for factual support. As such, Schulman and MS&M respectfully ask the Court to find that this prong of a 42 U.S.C § 1983 claim is not met and to dismiss the claim against them.

/ / /

/ / /

4

502-1036

REPLY IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 23-cv-0417-JLS-NLS

**B. Plaintiff's Claims Against Schulman and MS&M Should Be Stricken Pursuant to California's Anti-SLAPP Statute.**

Even if one found Plaintiff's Complaint meets the pleading standard, Plaintiff's claims against Schulman and MS&M are still barred by California's anti-SLAPP Statute.

1. <u>Plaintiff's Claims Against Schulman and MS&M Consist of Protected Petitioning Activity</u>

Protected petitioning activity consists of, "All communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context. . ." *Optimal Capital Inc. v. Akin Gump Strauss Hauer & Feld, LLP*, 18 Cal.App.5th 95, 113 (2017). This portion of the anti-SLAPP Statute is construed broadly and encompasses an entire range of "procedures" attorney's complete incident to litigation. *Rusheen v. Cohen*, 37 Cal.4th 1048, 1056-57 (2006). Plaintiff's claims against Schulman and MS&M arise from protected petitioning activity. Plaintiff alleges: "Schulman leveraged his positive relationship with Commissioner Ratekin to advance "frivolous legal arguments, misstate[e] facts on the record, and disregard [] procedural requirements." (Complaint, at 10:16-21.)

First, cultivating a positive relationship with a judge necessarily involves communicative conduct by an attorney and is completed incident to representing a client in a judicial proceeding. This allegation falls in the ambit of protected activity. Second, any statements Schulman made while representing Ms. Schuck constitute statements made "in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Indeed, Mr. Schulman made these arguments and statements "on the record" while representing Plaintiff's ex-wife. As such, Schulman and MS&M's alleged conduct constitutes protected petitioning activity.

/ / /

/ / /

5

502-1036

REPLY IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 23-cv-0417-JLS-NLS

2.  <u>Plaintiff Cannot Show a Likelihood of Success on the Merits Because Schulman and MS&Ms Conduct is Protected by Litigation Privilege</u>

California Civil Code section 47(b) grants absolute immunity from tort liability for any statements made in relation to judicial proceedings. *Jarrow Formulas*, 31 Cal.4th at 737. The litigation privilege protects statements made during litigation in addition to "communications preparatory to or in anticipation of the bringing of an action or other official proceeding." *Briggs v. Eden Council for Hope & Opportunity,* 19 Cal.4th 1106, 1115 (1999).

Here, Plaintiff cannot show a likelihood of success on the merits because his claims against Schulman and MS&M are subject to litigation privilege. Plaintiff claims Schulman and MS&M "misstated facts on the record" and advanced "frivolous legal arguments." Nevertheless, litigation privilege protects Schulman and MS&M from tort liability for anything they say on the record in a hearing. The law simply does not allow aggrieved parties to sue an attorney for statements they make on the record while representing a client, and here, Plaintiff is suing Schulman and MS&M based on statements made while representing MS. Schuck in court. Accordingly, Plaintiff's claims against MS&M will fail because they are subject to litigation privilege.

Plaintiff also will not be able to show a likelihood of success on the merits because there is simply no evidence supporting his outlandish theories. Plaintiff's Federal law claims will fail against Schulman and MS&M because Plaintiff will not be able to show they deprived him of a constitutional right or that they participated in a far-fetched scheme with governmental actors to deprive him of rights. Indeed, they did not. Plaintiff's Negligence claim will similarly fail because Plaintiff will not be able to show Schulman and MS&M ever assumed a duty to him. Similarly, Plaintiff's Willful Misconduct claim will fail because each element of the claim is unsupported by evidence. As such, Plaintiff cannot show a likelihood of success on the merits and his claims should be stricken.

/ / /

502-1036

6

REPLY IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 23-cv-0417-JLS-NLS

**C. The Court Should Not Provide Plaintiff with the Opportunity to Amend His Complaint**

Finally, the Opposition dedicates substantial argument to requesting an opportunity to amend his Complaint. (See Opposition, at p. 11-12.) The Court should not provide Plaintiff with this opportunity. Plaintiff's claims against all Defendants amount to unsupported conspiracy theories. Plaintiff is unable to take any responsibility for the outcome of his underlying family law and criminal proceedings, and instead, has fictionalized a slew of evils by well-respected members of our community. Plaintiff's claims are baseless and untethered. Providing Plaintiff with opportunity to amend his Complaint will only lead Defendants to incur unnecessary litigation costs. It will also further waste the Court's valuable and limited resources. As such, Schulman and MS&M respectfully ask the Court to grant their Motion to Dismiss and Special Motion to Strike without leave to amend.

### III.

### CONCLUSION

Based on the foregoing, Schulman and MS&M respectfully ask the Court to dismiss Plaintiff's threadbare claims against them and/or strike all portions of the Complaint which amount to protected petitioning activity.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated:  July 28, 2023          By:     s/*Sara E. Bloch*
Douglas A. Pettit, Esq.
Sara E. Bloch, Esq.
Attorneys for Defendants
**DAVID SCHULMAN & MOORE,**
**SCHULMAN & MOORE APC**

502-1036

7

REPLY IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 23-cv-0417-JLS-NLS

## CERTIFICATE OF SERVICE

I hereby certify that the following document(s):

**REPLY IN SUPPORT OF DEFENDANTS NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

was served on this date to counsel of record:

[ ]  **BY MAIL:**  By placing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[ ]  **BY E-MAIL DELIVERY:**  Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ x ]  **BY ELECTRONIC TRANSMISSION:**  I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system.  The CM/ECF system will send notification of this filing to the person(s) listed below.

| | |
|---|---|
| Robert Emert<br>2351 Vista Lago Terrace<br>Escondido, CA 92029<br>robemert@msn.com<br>**Plaintiff In Pro Per** | Steven Paul Inman II, Esq.<br>Office of the County Counsel<br>1600 Pacific Highway, Suite 355<br>San Diego, CA 92101<br>T: (619) 884-2931<br>steven.inman@sdcounty.ca.gov<br>**Attorneys for Defendant**<br>**Luis Vena** |
| Peter Schluederberg, Esq.<br>Peter Q. Schluederberg, APC<br>5330 Carroll Canyon Road, Suite 230<br>San Diego, CA 92121<br>T: (760) 505-2205<br>peter@pqslaw.com<br>**Attorneys for Defendant**<br>**Andrea Schuck** | Carmela E. Duke<br>Superior Court of California, County of San Diego<br>1100 Union Street<br>San Diego, CA 92101<br>T: (619) 844-2382<br>carmela.duke@sdcourt.ca.gov<br>**Attorneys for Defendants**<br>**Patti C. Ratekin, Lorna A. Alksne,**<br>**David J. Danielsen** |

Executed on July 28, 2023, at San Diego, California.

Shari O'Byrne

502-1036

REPLY IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT
CASE NO. 23-cv-0417-JLS-NLS