This stay is necessary to prevent further retaliation, protect Plaintiff's constitutional rights, and preserve this Court's ability to provide effective relief.

These additional stays are crucial not only to prevent additional retaliatory measures but also to recognize the fundamental invalidity of the state court proceedings stemming from the improperly denied peremptory challenge. As the Supreme Court noted in Nken v. Holder, 556 U.S. 418, 426 (2009), a stay "ensure[s] that courts do not [...] deprive litigants of the opportunity to obtain a decision on the merits of their claims." In this case, these stays are essential to preserve this Court's ability to render a meaningful decision on the serious constitutional and federal law violations alleged, as well as to address the foundational issue of the void state court judgments.

The interests of justice, the integrity of the judicial process, the protection of fundamental constitutional rights, the safeguarding of whistleblowers, and the recognition of void judgments demand no less than full and immediate consideration of these claims.

**VERIFICATION**

IT IS HEREBY certified that the facts in the foregoing is true and correct under penalty of perjury to the best of my knowledge and belief. Attachments to this are true and correct copies of the items they portray to be. Dated 08/12/24

Rob Emert
2351 Vista Lago Terrace
Escondido California 92029
robemert@msn.com
(760) 612-9328

**EXHIBITS**

A. Evidence demonstrating Commissioner Ratekin's lack of jurisdiction following an improperly denied peremptory challenge.

B. Documentation showing the absence of evidence to support placing Plaintiff's son in a facility, despite concerted efforts by certain defendants to do so.

C. Records of Judge Alksne ignoring Commissioner Ratekin's fraud and disregarding Plaintiff's ADA requests and continuance request following a life-threatening heart attack.

D. Plaintiff's California Supreme Court habeas corpus petition, which details extensive fraud by the District Attorney's office.

E. A motion under California Penal Code §1424 documenting substantial misconduct by Deputy District Attorney Balerio and District Attorney Investigator Luis Pena.

F. Evidence of Judge Robinson's continued efforts to obstruct justice by focusing on procedural technicalities rather than addressing the substantive merits of the case, effectively toying with a pro se litigant.