SUSANNE C. KOSKI, General Counsel (SBN 176555)
CARMELA E. DUKE, Litigation Attorney (SBN 270348)
OFFICE OF GENERAL COUNSEL
Superior Court of California, County of San Diego
1100 Union Street
San Diego, California 92101
Telephone: (619) 844-2382

Attorneys for Defendants, The Honorable Lorna A.
Alksne and The Honorable David J. Danielsen,
Retired Judges of the Superior Court of California,
County of San Diego, and The Honorable Patti C.
Ratekin, Retired Commissioner of the Superior
Court of California, County of San Diego

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>                Plaintiff,<br><br>        v.<br><br>LUIS VENA; ANDREA SCHUCK;<br>MATTHEW W. CORD; PATTI C.<br>RATEKIN; DAVID S. SCHULMAN;<br>LORNA A. ALKSNE; DAVID J.<br>DANIELSEN; MOORE, SCHULMAN<br>& MOORE; ROBERT OLAGUE;<br>AND DOES 1-20 inclusive,<br><br>                Defendants. | Case No. 23cv0230-RSH-AHG<br><br>**RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND LEAVE TO AMEND COMPLAINT**<br><br>Crtrm:   3B (Schwartz)<br>Judge:   The Hon. Robert S. Huie<br><br>**PER CHAMBERS RULES, NO ORAL ARGUMENT UNLESS SEPARATELY ORDERED BY THE COURT** |

PLEASE TAKE NOTICE that Defendants the Honorable Lorna A. Alksne, Retired Judge of the Superior Court of California, County of San Diego ("Judge Alksne"), the Honorable David J. Danielsen, Retired Judge of the Superior Court of California, County of San Diego ("Judge Danielsen"), and the Honorable Patti C. Ratekin, Retired Commissioner of the Superior Court of California, County of San Diego ("Commissioner Ratekin"), (hereinafter collectively "Judicial Defendants") hereby submit the following Response to Plaintiff's Motion for Relief from Judgment and Leave to Amend Complaint (Doc. No. 66) ("Motion").

## I.    INTRODUCTION

Clearly unhappy and dissatisfied with this Court's ruling granting the Judicial Defendants' Motion to Dismiss without leave to amend (Doc. No. 59) and subsequent entry of Judgment (Doc. No. 60), Plaintiff filed a 19-page conclusory and disjointed motion to vacate or set aside said ruling and judgment one day before the expiration of the one-year deadline. As best as can be deciphered, he contends he is entitled to revive this lawsuit under Federal Rule of Civil Procedure ("Rule") 60(b) and (d). The Motion should be denied under both provisions because Plaintiff utterly fails to meet his burden.

Specifically, Plaintiff's conclusory allegations are insufficient to meet the standards under Rule 60(b) and (d). Equally inadequate to meet the burden under these provisions, is Plaintiff's reassertion of allegations he presented in the Complaint and Opposition to the Judicial Defendants' Motion to Dismiss. Indeed, the majority, if not all, of Plaintiff's assertions in the Motion are repetitive of his prior pleadings and therefore constitute an impermissible attempt to relitigate this matter. Further, and despite Plaintiff's insistence, none of the purported "newly discovered evidence," is actually new. Instead, any "newly discovered evidence" was either discoverable or known to him prior to this Court's ruling on the Judicial Defendants' Motion to Dismiss and entry of Judgment.

Lastly, Plaintiff's attempt to circumvent the application of the *Rooker-Feldman*[1] doctrine (an issue that was litigated in the Judicial Defendants' Motion to Dismiss) by

---

[1] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923); *District of Columbia Court of*

declaring that his allegations regarding ADA accommodation violations constitute an independent action is flawed and unavailing.

For these reasons, and the reasons stated below, Plaintiff is not entitled to relief under Rule 60(b) and (d). Accordingly, the Motion should be denied.

## II.    LEGAL AUTHORITY

Pursuant to Local Civil Rule 7.1(i), a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge . . . has been refused in whole or in part." CivLR 7.1(i). A party seeking reconsideration must show "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* The motion for reconsideration may be brought within "28 days of entry of the ruling." CivLR 7.1(i)(2).

"A motion for reconsideration filed pursuant to a local rule may also be construed as a motion to alter or amend judgment under Rule 59(e) or Rule 60(b)." *Arellano v. Jones*, No. 3:20-CV-00228-RBM-LR, 2023 WL 6167139, at *2 (S.D. Cal. Sept. 21, 2023). Rule 59(e) governs a motion for reconsideration when said motion is filed within 28 days of entry of judgment. *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001). "[O]therwise, it is considered under Rule 60(b) as a motion for relief from a judgment or order." *Arellano*, 2023 WL 6167139 at *2 (S.D. Cal. Sept. 21, 2023).

## III.    ARGUMENT

### A.    Plaintiff is Not Entitled to Relief Under Rule 60(b)

There are six grounds for relief under Rule 60(b): "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed

---

*Appeals v. Feldman*, 460 U.S. 462, 483 (1983).

or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see also Am. Ironworks & Erectors, Inc.,* 248 F.3d at 899.

"However, a Rule 60(b) motion may not be used to relitigate the merits of the case." *Ou-Young v. Roberts*, No. CV 13-03676 SI, 2013 WL 6842747, at *1 (N.D. Cal. Dec. 27, 2013). Indeed, "Rule 60(b) is not intended to provided unsuccessful parties the opportunity to relitigate their case on an enhanced set of facts that could have been presented in the first case." *McAfee v. United States*, No. CV05-0438AWIDLB, 2005 WL 3287227, at *3 (E.D. Cal. Nov. 23, 2005).

As best as can be determined, Plaintiff is seeking relief under grounds (b)(3) and (b)(2). However, he fails make the requisite showing for relief under these grounds. Additionally, not only is the Motion an impermissible attempt to relitigate and rehash the merits of the underlying case, but relief is also prohibited because he could have raised, and did raise, the arguments in opposition to the Judicial Defendants' Motion to Dismiss.

### 1. Plaintiff Fails to Show Fraud, Misrepresentation, or Misconduct by Defendant under Rule 60(b)(3).

To prevail under Rule 60(b)(3), "the moving party must prove by *clear and convincing* evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quotations and citation omitted) (emphasis added). Under Rule 60(b)(3), the fraud must "not be discoverable by due diligence before or during the proceeding." *Id.* (quotations and citation omitted). Moreover, conclusory statements of fraud are not evidence and are insufficient to grant relief under Rule 60(b)(3). *Fenton v. Wells Fargo Home Mortg.*, No. 17-CV-113 DMS (RBB), 2019 WL 8358704, at *2 (S.D. Cal. Sept. 5, 2019).

/ / /

/ / /

---

Plaintiff fails to meet his burden under Rule 60(b)(3). He conclusorily asserts that "extrinsic fraud prevented him from presenting his federal claims in state court." (Doc. No. 66 at p. 11.) His other allegations of fraud, concern fraud on the court[2], in which he asserts:

- Minor's counsel's (i) failure "to reach out" to the IEP case manager and 10 teachers (*id.* at p. 5) and (ii) presentation of evidence was contradicted by the school's "professional stance" on the issue regarding his minor son's placement (*id.* at p. 6), constituted a "suppression of evidence" and demonstrated a deliberate plan to defraud the court. (*Id.*)

- Commissioner Ratekin and counsel for Plaintiff's ex-wife colluded with Minor's counsel to place his minor son in a facility. (*Id.* at p. 11.)

- Commissioner Ratekin erroneously denied his peremptory challenge. (*Id.* at p. 12.)

- Commissioner Ratekin acted without jurisdiction. (*Id.*)

- Judge Alksne and Commissioner Ratekin colluded together to rule against Plaintiff and Judge Alksne was improperly "covering" for Commissioner Ratekin. (*Id.* at p. 9.)

- Judge Alksne ignored his motion to disqualify Commissioner Ratekin. (*Id.* at p. 12.)

- Judge Alksne refused to allow Plaintiff to appear remotely despite his medical condition. (*Id.* at p. 13.)

- Judge Alksne improperly entered default judgment. (*Id.*); and

- Judge Robinson, who is not named in this lawsuit, has made various erroneous rulings in the underlying state family matter. (*Id.*)

All of these assertions are conclusory. As such, they fail to establish, by clear and convincing evidence, that the ruling on the Judicial Defendants' Motion to Dismiss was

---

[2] "'Fraud on the court' is 'fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented by adjudication.'" *Chaudry v. Cnty. of San Diego*, No. 21CV1847-GPC(AHG), 2022 WL 17652794, at *4 (S.D. Cal. Dec. 13, 2022).

obtained by fraud, misrepresentation, or misconduct by the Judicial Defendants. *See Fenton*, 2019 WL 8358704, at *2.

Further, assuming for the sake of argument the allegations and the evidence presented by Plaintiff in support of the Motion are true, they would all have been discoverable prior to the ruling on the Motion to Dismiss. Notably, Plaintiff would have had knowledge of said allegations and evidence because he asserted them in his Complaint (Doc. No. 1 at pp. 2, 8-10, 12-13, 21, 24) and in his Opposition to the Motion to Dismiss (Doc. No. 42 at pp. 6, 16.)[3] Thus, by way of this Moton, he is impermissibly attempting to relitigate this federal action.

Lastly, in addressing the applicability of the *Rooker-Feldman* doctrine, this Court held the extrinsic fraud exception did not apply. (Doc. No. 59 at pp. 11-13.) As with his allegations in the Complaint, he contends in the Motion that the Judicial Defendants themselves conspired and colluded with Minor's counsel and opposing party to harm him through the rulings in the state court matter. (Doc. No. 66 at pp. 5, 7-9.) As this Court discussed in finding the extrinsic fraud exception did not apply, Plaintiff is again, in this Motion, "directly challenging the state court rulings as being the product of judicial misconduct. He is alleging error – deliberate, intentional error-by the state court. This does not fall within the extrinsic fraud exception to the *Rooker-Feldman* doctrine." (Doc. No. 59 at p. 12.) Moreover, as recognized by this Court, "courts have declined to apply the extrinsic fraud exception to lawsuits alleging that judges conspired with others in taking unlawful action. (*Id.* at p. 13.) This Court's findings regarding extrinsic fraud set forth in its Order (*see* Doc. No. 59) also apply to the instant Motion.

Thus, for the reasons stated above, the Motion should be denied under Rule 60(b)(3).

---

[3] As stated in the Judicial Defendants' Motion to Dismiss, Commissioner Ratekin presided over the family law matter from February 25, 2021 to October 4, 2021, when she recused herself. (Doc. No. 8-1 at p. 9; Doc. No. 8-2 at Exs. A-B.) Clearly, Commissioner Ratekin's allegedly erroneous denial of Plaintiff's peremptory challenge occurred during the time period she presided over the matter in 2021. Accordingly, Plaintiff was well aware of this fact prior to the entry of Judgment in this matter.

### 2.  There is No Newly Discovered Evidence Under Rule 60(b)(2)

"Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003). Plaintiff has not, and cannot, satisfy any of these elements.

First, as stated above in section III.A.1, Plaintiff's assertions are not newly discovered because he was aware of them at the time he filed the Complaint. Second, evidence is not "newly discovered" if it was in possession of the party before the *judgment* was rendered. *Feature Realty, Inc.,* 331 F.3d at 1093. Here, judgment was rendered on August 14, 2023. Plaintiff's assertions all occurred before judgment was entered in this matter. As Plaintiff cannot satisfy the first element of presenting "newly discovered evidence," he also cannot meet the other two elements for obtaining relief under Rule 60(b)(2).

### B.    Plaintiff is Not Entitled to Relief under Rule 60(d)

Rule 60(d) provides that a federal court may "(1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court." *Ingram v. Cates,* No. CV 12-7881-DOC (KK), 2018 WL 11033582, at *2 (C.D. Cal. Nov. 9, 2018). As best as can be deciphered, Plaintiff is seeking to set aside the judgment under Rule 60(d)(1) and (d)(3). However, Plaintiff utterly fails to meet his burden under said grounds.

### 1.  There is No Independent Action for Relief under Rule 60(d)(1)

Rule 60(d)(1) allows the federal court to "entertain and independent action to relieve a party from a judgment, order or proceeding." *Keo v. Coutts*, No. 22-CV-05317-TLT, 2023 WL 9051271, at *2 (N.D. Cal. Dec. 28, 2023). Under this provision, Plaintiff must

---

show that (1) he has no other available or adequate remedy; (2) the equitable relief sought was not created by his own fault, neglect, or carelessness; and (3) "a recognized ground – such as fraud, accident, or mistake – for the equitable relief." *Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997). Additionally, relief under this ground is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998). Indeed, "[a] party seeking to set aside a judgment by way of Rule 60(d)(1) must show more than would be sufficient under Rule 60(b)." *Shay v. Cnty. of Los Angeles*, No. 215CV04607CASRAOX, 2021 WL 1964591, at *2 (C.D. Cal. May 14, 2021).

As best as can be deciphered, Plaintiff alleges that he is entitled to relief under Rule 60(d)(1) because the state court's orders denying him ADA accommodations under California Rules of Court, rule 1.100, constitute independent legal wrongs and therefore are independent actions. (Doc. No. 66 at p. 11, 13-16.)

Plaintiff cannot obtain relief under Rule 60(d)(1) because he fails to satisfy the elements required for relief. First, Plaintiff has not shown that there is no other available or adequate remedy. Indeed, he could have, and has been able to, file an appeal with the California Court of Appeal concerning rulings issued in his state court family matter. (*See* Doc. No. 8-1 at p. 9; Doc. No. 8-2, Ex. H.) Second, to the extent Plaintiff raises new allegations in this Motion, said allegations were either discoverable or known to him well before this Court granted the Judicial Defendants' Motion to Dismiss and entered Judgment in this matter. Third, for the reasons stated above in section III.A.1 and 2, Plaintiff fails to show a recognized ground for relief. Notably, he falls significantly short of satisfying his burden under Rule 60(b), and as such, he fails to meet the heightened standard of Rule 60(d)(1). Thus, as Plaintiff fails to satisfy all three of the elements necessary to grant relief under Rule 60(d)(1), the Motion should be denied on this ground.

Further, *Rooker-Feldman* is applicable to his claims concerning the Judicial Defendants' alleged liability for rulings on ADA requests. Contrary to his contention, his

claims concerning the ADA are not independent legal actions. Alleging violations under a federal statute is not always tantamount to a separate federal action.  Indeed, when ruling on ADA accommodation requests made in state court, the state court "'must consider, but is not limited by, California Civil Code section 51 et seq., the provisions of the Americans With Disabilities Act of 1990 (42 U.S.C. § 12101, et seq.), and other applicable state and federal laws'" when ruling on said requests. *Sidiakina v. Bertoli*, No. C 10-03157 JSW, 2012 WL 12850130, at *3 (N.D. Cal. Sept. 7, 2012). Thus, judicial officers in the state court are obligated to consider the provisions of federal statutes when ruling on ADA requests, which undermines his conclusory assertions that his ADA allegations are "independent actions." *Id.* (ADA violations alleged against judicial officers did not constitute independent legal wrongs and were precluded under the *Rooker-Feldman* doctrine); *Mezzano v. Second Jud. Dist. Ct. of the State of Nevada*, No. 323CV00324RJCCSD, 2023 WL 4868441, at *9 (D. Nev. July 31, 2023).

To grant the relief Plaintiff seeks this Court would have to find that the ADA accommodation rulings rendered in state court were in error. For reasons stated both in this Court's Order granting the Judicial Defendants' Motion to Dismiss (Doc. No. 59), the Judicial Defendants' Motion to Dismiss (Doc. No. 8-1) and Reply (Doc. No. 45), a determination of this kind is clearly barred by the *Rooker-Feldman* doctrine and does not constitute an independent action. *Finney v. Nugent*, 123 F. App'x 763, 764 (9th Cir. 2005); *Sidiakina,* 2012 WL 12850130, at *3; *Mezzano,* 2023 WL 4868441, at *9; *Langworthy v. Whatcom Cnty. Superior Ct.,* No. C20-1637-JCC, 2021 WL 1788391, at *3 (W.D. Wash. May 5, 2021).

Moreover, Plaintiff is precluded from using the "independent action" saving's clause to relitigate issues already determined. *Brown v. Illinois Cent. R.R. Co., Inc.*, No. 3:09-CV-296-WHB-LRA, 2009 WL 10677262, at *2 (S.D. Miss. Aug. 3, 2009) ("Rule 60(d) cannot be used as a vehicle for relitigation"); *United States v. Lopez, No*. CR 06-0142-WS, 2016 WL 742111, at *3 (S.D. Ala. Feb. 24, 2016) (party was precluded from using Rule 60(d)(1) to relitigate the timeliness of a motion to vacate). This Court's ruling held that Plaintiff's

---

claims for relief based on alleged ADA violations was barred by the *Rooker-Feldman* doctrine. (Doc. No. 59.) Plaintiff should not be permitted a second bite at the apple via this Motion to reallege and relitigate issues already determined.

Thus, for the reasons stated above, Plaintiff's request for relief under Rule 60(d)(1) should be denied.

### 2. There is No Fraud on the Court under Rule 60(d)(3)

A court may set aside a judgement under Rule 60(d)(3) based on "fraud on the court." "[T]he relevant inquiry is not whether fraudulent conduct prejudiced the opposing party, but whether it harmed the integrity of the judicial process." *Chaudry*, 2022 WL 17652794, at *4. "A party seeking to invoke Rule 60(d)(3) must demonstrate 'an unconscionable plan or scheme which is designed to improperly influence the court in its decision.'" *Neely v. Dir., California Dep't of Corr.*, No. 208CV1416WBSCKDP, 2022 WL 17076967, at *1 (E.D. Cal. Nov. 18, 2022). Indeed, the court's "power to vacate judgments for fraud on the court should be done 'with restraint and discretion,' and only when the fraud is established 'by clear and convincing evidence.'" *United States v. Est. of Stonehill*, 660 F.3d 415, 443 (9th Cir. 2011) (internal citations omitted). Moreover, "relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment." *United States v. Sierra Pac. Indus., Inc.*, 862 F.3d 1157, 1168 (9th Cir. 2017).

Plaintiff wholly fails to show fraud on the court. Conclusory allegations are insufficient to satisfy the clear and convincing burden of proof. *See Atkins v. Weaver*, 967 F.2d 583 (9th Cir. 1992); *Campbell v. Sec'y of Dep't of Veterans Admin.*, 603 F. App'x 761, 762 (11th Cir. 2015); *Kalnoki v. First Am. LoanStar Tr. Servs. LLC*, No. 2:11-CV-02816-GEB, 2014 WL 2918846, at *1 (E.D. Cal. June 26, 2014). Additionally, as discussed above, in section III.A.1 and 2, Plaintiff knew of the alleged "fraud" at the time of entry of Judgment. Indeed, the Motion is a misconceived endeavor to relitigate and rehash allegations previously raised and rejected by this Court. Thus, for these reasons, Plaintiff fails to demonstrate fraud on the court and is precluded from relief under Rule 60(d)(3).

## IV.   CONCLUSION

Although Plaintiff's Motion is conclusory, wholly disjointed, and very difficult to follow, it is clear that he fails to satisfy his burden under Rule 60(b) and (d) to establish he is entitled to relief from this Court's ruling on the Motion to Dismiss and subsequent Judgment. As Plaintiff is clearly not entitled to relief under Rule 60(b) and (d), the Motion should be denied.


OFFICE OF GENERAL COUNSEL
Superior Court of California, County of San Diego

DATED:

By:  ___s/ Carmela E. Duke_____ _____

September 3, 2024

SUSANNE C. KOSKI, General Counsel
CARMELA E. DUKE, Litigation Attorney
Attorneys for Defendants, The Honorable Lorna A. Alksne and The Honorable David J. Danielsen, Retired Judges of the Superior Court of California, County of San Diego, and The Honorable Patti C. Ratekin, Retired Commissioner of the Superior Court of California, County of San Diego

---

RESPONSE TO PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND LEAVE TO AMEND COMPLAINT