UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EMERT,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>LUIS VENA et al.,<br><br>　　　　　　　　Defendants. | Case No.: 23-cv-230-RSH-AHG<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**<br><br>[ECF No. 66] |

　　　Plaintiff filed this lawsuit on February 7, 2023. ECF No. 1. The Complaint included six claims, the first five brought pursuant to 42 U.S.C. § 1983, and the last pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, and Section 504 of the Rehabilitation Act of 1973. ECF No. 1 at 17-29. Plaintiff's lawsuit arose from two cases in San Diego Superior Court, one family proceeding and one criminal proceeding.

　　　On August 14, 2023, this Court dismissed the action, upon Defendants' motion, for lack of subject matter jurisdiction based on the *Rooker-Feldman* doctrine. ECF No. 59. The Court concluded that Plaintiff's lawsuit was a de facto appeal of rulings in those two prior cases, including rulings on child custody and visitation, on whether to permit remote participation in court proceedings, and on bail. *Id.* at 9. The Court rejected Plaintiff's

argument that the "extrinsic fraud" exception to the *Rooker-Feldman* doctrine applied. *Id.* at 11-14. The Court's dismissal was without prejudice. *Id.* at 17. Judgment was entered for Defendants the same day. ECF No. 60.

Approximately one year later, on August 13, 2024, Plaintiff filed a motion seeking relief from judgment and requesting leave to file an amended complaint. ECF No. 66. The motion has been fully briefed. ECF Nos. 67, 68. As set forth below, the Court denies the motion.

## I. LEGAL STANDARD

Plaintiff's motion for relief from judgment is based on Rule 60(b)(3) of the Federal Rules of Civil Procedure, and alleges fraud on the court. ECF No. 66 at 1, 3. Rule 60(b)(3) provides:

> (b)  *Grounds for Relief from a Final Judgment, Order, or Proceeding*. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .
>
> (3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]

A motion for relief under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

"To prevail, the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting *De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000)). Additionally, "Federal Rule of Civil Procedure 60(b)(3) require[s] that fraud … not be discoverable by due diligence before or during the proceedings." *Id.* (quoting *Pac. & Arctic Ry. and Navigation Co. v. United Transp. Union*, 952 F.2d 1144, 1148 (9th Cir.1991)). Rule 60(b)(3) "is aimed

at judgments which were unfairly obtained, not at those which are factually incorrect." *De Saracho*, 206 F.3d at 880.

## II.  DISCUSSION

Plaintiff's Rule 60(b)(3) motion is timely filed. Rule 60(b)(3) is a basis for seeking relief from a judgment entered by this Court in this case. That provision does not purport to grant this Court jurisdiction to correct, modify, or set aside orders entered in other cases by other courts. *See* Fed. R. Civ. Pro. 60(b) advisory committee's note to 1946 amendment (stating that Rule 60(b) prescribes a procedure "by motion in the court and in the action in which the judgment was rendered"). Thus, Plaintiff's motion is properly directed to the judgment entered against him by this Court on August 14, 2023.

However, Plaintiff's motion does not plausibly allege, much less prove by clear and convincing evidence, that *this Court's judgment* was obtained by fraud. Instead, he argues that rulings against him in his state criminal and family cases were tainted by fraud. *See* ECF No. 66 at 3 ("This motion is grounded in … [n]ewly discovered evidence of fraud on the court perpetrated by multiple actors in the state court proceedings …."); at 4 ("[W]hen prosecutors act fraudulently to present false evidence to the court, they step outside the bounds of their protected role and lose their claim to immunity.") ("The fraud and ongoing violations detailed herein undermine the integrity of the judicial process[ and] render the previous judgment void …."); at 5 ("[T]he answer is fraud upon the court by divorce court thugs …."); ("A particularly egregious example of fraud on the court was the concerted effort by Commissioner Ratekin, Attorney Dave Schulman, and Minor's Counsel Matt Cord to place Plaintiff's son in a 'facility' despite overwhelming evidence against such action."); at 6 ("[T]he subsequent retaliation against Plaintiff for exposing this misconduct in a public forum further underscores the fraudulent nature of these actions. … Petitioner was arrested under PC 278.5(a) despite a clear defense under PC 278.7 and held on no bail based on a 'threat' that he was never charged with."); at 8 ("In the court transcript, I call Ratekin out for fraud upon the court …."); at 10 ("These documents collectively demonstrate fraud upon the court in a pattern of judicial misconduct, prosecutorial

overreach, and systematic denial of due process that strikes at the very heart of our justice system.").[1]

The distinction is important. Rule 60(b)(3) sets forth circumstances in which the Court has the ability to redress fraud in connection with the court's own orders or judgments. To the extent a litigant believes a judgment of the district court is erroneous, the litigant can also appeal to the U.S. Court of Appeals in a manner consistent with the Federal Rules of Appellate Procedure; Plaintiff did not do so here. To the extent Plaintiff takes issue with the orders or judgments of another court, his remedy lies outside Rule 60(b)(3). In any case, this Court can only hear matters falling within its subject matter jurisdiction. The Court determined over a year ago that it lacked subject matter jurisdiction over Plaintiff's Complaint pursuant to the *Rooker-Feldman* doctrine, and accordingly dismissed the lawsuit without prejudice.

A separate ground for granting a motion for relief from judgment lies under Rule 60(b)(2), on the basis of newly discovered evidence. "Relief from judgment on the basis of newly discovered evidence is warranted if (1) the moving party can show the evidence relied on in fact constitutes 'newly discovered evidence' within the meaning of Rule 60(b); (2) the moving party exercised due diligence to discover this evidence; and (3) the newly discovered evidence must be of 'such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Feature Realty, Inc. v. City of Spokane*, 331 F.3d 1082, 1093 (9th Cir. 2003) (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., Inc.*, 833 F.2d 208, 211 (9th Cir. 1987)).

Plaintiff's opening brief invokes newly-discovered evidence, but does not specify what evidence was newly discovered. On the other hand, his reply brief states that "[t]he

---

[1] Plaintiff's reply brief also refers to "fraud perpetrated on this federal court," ECF No. 68 at 7, although he provides nothing specific. Plaintiff writes, "[t]he fact that the misconduct occurred in the context of state proceedings does not negate its separate significance as a fraud on this tribunal." *Id.* But Plaintiff has not identified, much less established, any fraud perpetrated on this Court by counsel in the defense of this lawsuit.

recorded admissions by DAI Pena, the revelations of the full FBI transcript and DDA Balerio's interview with Plaintiff's son, and the documentation for Plaintiff's medical incapacitation and due process rights were all mostly obtained subsequent to the dismissal order through persistent efforts to uncover the truth." ECF No. 68 at 6. Plaintiff's motion attaches approximately 500 pages of exhibits, organized as Exhibits A through F. The exhibits include: (1) two one-page, undated documents purporting to be excerpts of a transcription of statements by Luis Pena, ECF no. 66-2 at ECF pp. 17, 80; (2) a one-page, undated document purporting to be excerpts of a transcription of an interview by DDA Balerio of Plaintiff's son, ECF No. 66-2 at ECF p. 46; (3) various medical records relating to Plaintiff, none of which appear to post-date the judgment in this case; and (4) references to a "Transcript of FBI call of the 'threat,'" ECF Nos. 66-1 at ECF p. 35, ECF No. 66-4 at ECF p. 2, but as far as the Court can discern, no actual FBI transcript.[2] Although Plaintiff has asserted that documentation was "mostly obtained subsequent to the dismissal order," he not provided evidence that these items are in fact newly discovered; nor has he specifically addressed how or when such items were obtained. More importantly, none of the items appear to bear on the Court's analysis of subject matter jurisdiction, much less are they likely to have changed the disposition of this case. Plaintiff has not established a basis for granting relief from judgment under Rule 60(b)(2).

Rule 60 also contemplates the possibility that a litigant may challenge a judgment or order by means of a separate civil action. Rule 60(d) provides that "[t]his rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; … or (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d). The rule does not create a new right of action, but preserves the existence of "a procedural remedy … by a new or independent action to set aside a judgment upon

---

[2]  Plaintiff did not identify, by page or exhibit number, those documents he claims as newly-discovered evidence. The foregoing list of documents therefore reflects the Court's effort to match the exhibits to the description in Plaintiff's reply brief.

those principles which have heretofore been applied in such an action." *See* Fed. R. Civ. Pro. 60(b) advisory committee's note to 1946 amendment. Plaintiff has not brought such an equitable action.

The Court recognizes the strength of Plaintiff's conviction that he has been wronged in connection with the state proceedings. The Court also recognizes that Plaintiff disagrees with the Court's analysis in its August 13, 2023 order, and with the Court's conclusion that the extrinsic fraud exception to the *Rooker-Feldman* doctrine is inapplicable here. However, the Court does not see a basis to revise that conclusion. Indeed, some of Plaintiff's arguments reinforce that conclusion. The Court previously noted that "courts have declined to apply the extrinsic fraud exception [to the *Rooker-Feldman* doctrine] to lawsuits alleging that judges conspired with others in taking unlawful action," ECF No. 59 at 13, and Plaintiff's motion reiterates such allegations. *E.g.*, ECF No. 66 at 5 ("A particularly egregious example of fraud on the court was the concerted effort by Commissioner Ratekin, Attorney Dave Schulman, and Minor's Counsel Matt Cord to place Plaintiff's son in a 'facility' …."); *id.* at 8 ("In the court transcript, I call Ratekin out for fraud upon the court ….").

Plaintiff's motion also asserts "[o]ngoing violations of the ADA, which assert independent federal rights not subject to *Rooker-Feldman*." ECF No. 66 at 3. The Court takes no position on whether Plaintiff could, in the future, adequately plead a claim in state or federal court for violation of the ADA. For the reasons stated in its previous order, however, Plaintiff's complaint was inadequate here. Nor is Plaintiff's request to amend that complaint to assert additional claims under the ADA well-taken; this request comes approximately one year after the case was dismissed, and is untimely.

//
//
//
//
//

Accordingly, the Court denies Plaintiff's motion for relief from judgment and to amend his complaint. In light of this denial, the other requests contained in Plaintiff's motion—for consolidation, for appointment of a three-judge panel, for an early case management conference, or for an evidentiary hearing—are denied as moot.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion (ECF No. 66) is **DENIED**.

**IT IS SO ORDERED**.

Dated:  September 11, 2024

_____
Hon. Robert S. Huie
United States District Judge